UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

HECTOR LOPEZ,

                       Plaintiff,

    -against-

RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

                       Defendants.

---------------------------------------------------------------X

**07 CV 10707**

**NOTICE OF REMOVAL**

Civil Action No.:

*RECEIVED*
NOV 3 ʀ 2007
U.S.D.C. S.D. N.Y.
CASHIERS

To:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

This Notice of Removal on behalf of defendants RICHARD WELLS and NEW

ENGLAND MOTOR FREIGHT, INC. respectfully shows:

1.    The above described action is one in which this Court has original

jurisdiction under the provisions of 28 U.S.C.§1332 and is one which may be removed to

this Court by petitioner, pursuant to the provisions of 28 U.S.C.§1441 in that the matter

in controversy allegedly exceeds the sum or value of $75,000.00 exclusive of interest and

costs.

2.    On or about December 29, 2006 an action was commenced against

defendants RICHARD WELLS, NEW ENGLAND MOTOR FREIGHT, INC., MYRON

P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and

JON SHEVELL, in the Supreme Court of the State of New York, Bronx County seeking

Fifty Million ($50,000,000.00) Dollars. *Copies of the Summons and Complaint are*

*attached hereto and marked as Exhibit "A".*

3    On or about February 23, 2007 defendants RICHARD WELLS and NEW

ENGLAND MOTOR FREIGHT, INC served their Notice of Appearance, Verified

Answer and Affirmative defenses to the Complaint[1]. *Copies of the Verified Answer and Defenses are attached hereto and marked as Exhibit "B".*

4.     On or about November 5, 2007 the Bronx County Clerk entered a Stipulation and Order amending the caption so that only RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC remain as named defendants, and striking all causes of action and allegations of negligence as to the discontinued defendants. The Stipulation and Order further required plaintiff to file an amended complaint to reflect the contents of the Order[2]. *Stipulation and Order is attached hereto as Exhibit "C".*

5.     On or about November 16, 2007 plaintiff served his amended complaint upon defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC, making this case eligible for Removal to this Court[3]. *Amended Complaint annexed hereto as Exhibit "D"*

6.     As set forth in the amended complaint, plaintiff is a citizen of New York and resident of Bronx County, specifically 2145 Chatterton Avenue, Bronx, New York 10453, defendant RICHARD WELLS is a citizen of Connecticut, specifically 58 Wells Terrace, Meriden, Connecticut 06450, and defendant NEW ENGLAND MOTOR FREIGHT, INC. was, and at the time this action was commenced, and still is, a

---

[1] The responsive pleading was filed by Robert M., Blakeman & Associates. On March 8, 2007 Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP filed and served a Consent to Change Attorney on behalf of moving defendants, and has represented moving defendants going forward.

[2] On or about February 13, 2007 plaintiff filed a Notice of Discontinuance with the Bronx County Clerk as to defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL[2]. Upon information and belief the Notice was never served upon the discontinued defendants as required by CPLR § 3217(a)(1) and no affidavits of service are on file with the Bronx County Clerk. The Notice did not alter the caption in any way and did not serve to dismiss the paragraphs asserting the causes of action and allegations of wrongdoing as to the said defendants. The Stipulation and Order was the result of a Motion filed by defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. seeking the relief reflected in same.

[3] Plaintiff's Complaint asserted damages of $50 million. The Amended Complaint was not permitted to include a specific claim for damages as mandated by CPLR § 3017(c).

corporation organized under the laws of the State of New Jersey, having its principal office at 1-71 North Avenue East, Elizabeth, New Jersey 07201[4].

7.    There have been no proceedings held in the Supreme Court of the State of New York-Bronx County with regard to this matter, except for a Preliminary Conference on discovery resulting in an order and the Motion seeking the relief that was ultimately granted by Stipulation and Order referenced above.

**WHEREFORE**, defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. request that this action now pending against it in the Supreme Court of the State of New York, Bronx County, be removed therefrom to this Court.

Dated:  Lake Success, New York
        November 29, 2007

                                    Yours etc.,

                                    ABRAMS,FENSTERMAN,
                                    FENSTERMAN, EISMAN, GREENBERG,
                                    FORMATO & EINIGER, LLP
                                    Attorneys for Defendants
                                    RICHARD WELLS and NEW ENGLAND
                                    MOTOR FREIGHT, INC.

                                    BY:_____
                                    TODD C. RUBENSTEIN (TR-8884)
                                    1111 Marcus Avenue
                                    Suite 107
                                    Lake Success, New York 141042
                                    516-328-2300

---

[4] Prior to the Stipulation and Order, and Amended Complaint whereby the caption removed other defendants and dismissed all causes of action relating to them there was not complete diversity, and this case was not ripe for removal.

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:
Date Filed:

------------------------------------------------------------X

HECTOR LOPEZ,

                              Plaintiff,

                    -against-

*24736-06*

SUMMONS

RICHARD WELLS, NEW ENGLAND MOTOR
FREIGHT, INC., MYRON P. SHEVELL,
JOHN KARLBERG, NANCY BLAKEMAN,
CRAIG EISENBERG, and JON SHEVELL,

                              Defendants.

------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED to answer the Complaint in this Action and

to serve a copy of your Answer on the plaintiff's attorneys within 20 days after service of

the summons (or within 30 days after service is complete if the summons is not

personally delivered to you within the State of New York), and, in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded

in the Complaint.

Dated:        December 28, 2006
              Bronx, New York

                                        FAGA SAVINO, LLP

                                        By:
                                        JAMES L. HYER, ESQ.
                                        *Attorneys for Plaintiff*
                                        1200 Waters Place, Suite 301
                                        Bronx, NY 10461
                                        (718) 931-6000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:
Date Filed:

------------------------------------------------------------X

HECTOR LOPEZ,

                        Plaintiff,

               -against-

RICHARD WELLS, NEW ENGLAND MOTOR
FREIGHT, INC., MYRON P. SHEVELL,
JOHN KARLBERG, NANCY BLAKEMAN,
CRAIG EISENBERG, and JON SHEVELL,

                    Defendants.

------------------------------------------------------------X

COMPLAINT

RECEIVED 06 DEC 29 AM 11:58 COUNTY CLERK BRONX COUNTY

1. The Plaintiff above named by JAMES L. HYER, ESQ., attorney, complaining of the Defendants respectfully shows to the Court and alleges:

## AS AND FOR THE FIRST CAUSE OF ACTION

2. That at all times hereinafter mentioned, the Plaintiff, HECTOR LOPEZ, was and still is an individual residing in the State of New York, County of Bronx, at 2145 Chatterton Avenue, Apt. 2R, Bronx, New York 10472.

3. That upon information and belief, at all times hereinafter mentioned, the Defendant, RICHARD WELLS, (hereinafter referred to as "WELLS"), was and still is an individual residing at 58 Wells Terrace, Meriden, Connecticut 06450.

4. That upon information and belief, at all times hereinafter mentioned, the Defendant, NEW ENGLAND MOTOR FREIGHT, INC., (hereinafter referred to as "NEW ENGLAND"), was and still is a foreign corporation, a domestic profit corporation of the State of New Jersey, doing business within the State of New York, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

That upon information and belief, at the time of impact with the Plaintiff, Defendant WELLS was an agent, officer, employee, contractor, subcontractor or otherwise employed by Defendant NEW ENGLAND.

6. That upon information and belief, at all times hereinafter mentioned, the Defendant, MYRON P. SHEVELL, was and still is the Chief Executive Officer of Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

7. That upon information and belief, at all times hereinafter mentioned, the Defendant, MYRON P. SHEVELL, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees, contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

8. That upon information and belief, at all times hereinafter mentioned, the Defendant, MYRON P. SHEVELL, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

9. That upon information and belief, at all times hereinafter mentioned, the Defendant, JOHN KARLBERG, was and still is President of Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

10. That upon information and belief, at all times hereinafter mentioned, the Defendant, JOHN KARLBERG, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees, contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

11. That upon information and belief, at all times hereinafter mentioned, the Defendant, JOHN KARLBERG, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

12. That upon information and belief, at all times hereinafter mentioned, the Defendant, NANCY BLAKEMAN, was and still is a Vice President of

Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

13. That upon information and belief, at all times hereinafter mentioned, the Defendant, NANCY BLAKEMAN, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees, contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

14. That upon information and belief, at all times hereinafter mentioned, the Defendant, NANCY BLAKEMAN, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

15. That upon information and belief, at all times hereinafter mentioned, the Defendant, CRAIG EISENBERG, was and still is a Vice President of Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

16. That upon information and belief, at all times hereinafter mentioned, the Defendant, CRAIG EISENBERG, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees,

contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

17. That upon information and belief, at all times hereinafter mentioned, the Defendant, CRAIG EISENBERG, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

18. That upon information and belief, at all times hereinafter mentioned, the Defendant, JON SHEVELL, was and still is a Vice President of Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

19. That upon information and belief, at all times hereinafter mentioned, the Defendant, JON SHEVELL, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees, contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

20. That upon information and belief, at all times hereinafter mentioned, the Defendant, JON SHEVELL, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

21. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND owned and continues to own the vehicle.

22. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND insured and continues to insure the vehicle.

23. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND controlled and continues to control the vehicle.

24. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND maintained and repaired and continues to maintain and repair the vehicle.

25. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND managed and supervised and continues to manage and supervise the vehicle.

26. That upon information and belief, on or about September 22, 2006 the Defendant, RICHARD WELLS, was acting as an agent, officer, employee, contractor, or sub-contractor of Defendant NEW ENGLAND.

27. That upon information and belief, on or about September 22, 2006 the Defendant, RICHARD WELLS, was driving Northbound on Interstate 87 and collided into the Plaintiff.

28. That upon information and belief, Defendant WELLS operated the vehicle in a dangerous, unreasonable and reckless manner, in that the vehicle was operated in a manner that the vehicle caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

29. That upon information and belief, Defendant WELLS was at all times hereinafter mentioned in possession and control of the vehicle.

30. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant WELLS causing him and sustain the injuries hereinafter alleged.

31. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence of the Defendant WELLS and without any contributory negligence on the part of the Plaintiff, by reason that the vehicle was negligently not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and maintained by the Defendant in a unsafe,

unreasonable, reckless and negligent manner; that the vehicle was kept and repaired by the Defendant in a unsafe, unreasonable, reckless and negligent manner; that the Defendant operated, controlled, maintained and repaired the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

32. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant WELLS and by the Defendant's operation, control, maintenance and repair of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

33. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

34. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE SECOND CAUSE OF ACTION

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 34 with the same force and effect as if fully set forth herein.

36. That upon information and belief, Defendant NEW ENGLAND operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

37. That upon information and belief, Defendant NEW ENGLAND was at all times hereinafter mentioned in possession and control of the vehicle.

38. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on her part he was caused to be impacted by Defendant NEW ENGLAND causing him and sustain the injuries hereinafter alleged.

39. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant NEW ENGLAND and

without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

40. That the Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant NEW ENGLAND and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the

vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

41. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

42. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE THRID CAUSE OF ACTION

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 42 with the same force and effect as if fully set forth herein.

44. That upon information and belief, Defendant MYRON P. SHEVELL operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

45. That upon information and belief, Defendant MYRON SHEVELL was at all times hereinafter mentioned in possession and control of the vehicle.

46. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant MYRON SHEVELL causing him and sustain the injuries hereinafter alleged.

47. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant MYRON SHEVELL and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition;

that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ   agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

48. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant MYRON SHEVELL and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

49. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

50. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE FORTH CAUSE OF ACTION

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 50 with the same force and effect as if fully set forth herein.

52. That upon information and belief, Defendant JOHN KARLBERG operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

53. That upon information and belief, Defendant JOHN KARLBERG was at all times hereinafter mentioned in possession and control of the vehicle.

54. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant JOHN KARLBERG causing him and sustain the injuries hereinafter alleged.

55. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant JOHN KARLBERG and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ   agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train

its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

56. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant JOHN KARLBERG and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

57. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

58. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of
FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE FIFTH CAUSE OF ACTION

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in
Paragraph 1 through 58 with the same force and effect as if fully set forth herein.

60. That upon information and belief, Defendant NANCY BLAKEMAN operated the
vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was
operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding
with Plaintiff and causing the Plaintiff injuries.

61. That upon information and belief, Defendant NANCY BLAKEMAN was at all
times hereinafter mentioned in possession and control of the vehicle.

62. That on or about September 22, 2006, while the Plaintiff was lawfully was
situated on the shoulder of Interstate 87, without any negligence on his part he
was caused to be impacted by Defendant NANCY BLAKEMAN causing him and
sustain the injuries hereinafter alleged.

63. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant NANCY BLAKEMAN and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

64. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant NANCY BLAKEMAN and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

65. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

66. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE SIXTH CAUSE OF ACTION

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 67 with the same force and effect as if fully set forth herein.

68. That upon information and belief, Defendant CRAIG EISENBERG operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

69. That upon information and belief, Defendant CRAIG EISENBERG was at all times hereinafter mentioned in possession and control of the vehicle.

70. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant CRAIG EISENBERG causing him and sustain the injuries hereinafter alleged.

71. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant CRAIG EISENBERG and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the

Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ   agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

72. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant CRAIG EISENBERG and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff

contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

73. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

74. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 74 with the same force and effect as if fully set forth herein.

76. That upon information and belief, Defendant JON SHEVELL operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was

operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

77. That upon information and belief, Defendant JON SHEVELL was at all times hereinafter mentioned in possession and control of the vehicle.

78. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant JOHN SHEVELL causing him and sustain the injuries hereinafter alleged.

79. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant JOHN SHEVELL and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the

Defendant failed to employ  agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

80. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant JON SHEVELL and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

81. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or

alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

82. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

WHEREFORE, Plaintiff demands judgment against the Defendants on the first cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the second cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the third cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the forth cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the fifth cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the sixth cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the seventh cause of

action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the

interest, cost and disbursements of this action, and any and all other such relief that this

Court may deem just and proper.

Dated:      Bronx, New York
            December 28, 2006

                          FAGA SAVINO, LLP.

                          By:
                          JAMES L. HYER, ESQ.
                          *Attorneys for the Plaintiff*
                          1200 Waters Place, Suite 301
                          Bronx, New York 10461
                          (718) 931-6000

TO:

      RICHARD WELLS
      58 Wells Terrace
      Meriden, Connecticut 06450

      NEW ENGLAND MOTOR FREIGHT, INC.
      1-71 North Avenue East
      Elizabeth, New Jersey 07201

      NEW ENGLAND MOTOR FREIGHT, INC.
      P.O. Box 1305
      Paramus, New Jersey 07653

      MYRON SHEVELL.
      1-71 North Avenue East
      Elizabeth, New Jersey 07201

      MYRON SHEVELL
      P.O. Box 1305
      Paramus, New Jersey 07653

**JOHN KARLBERG**
**1-71 North Avenue East**
**Elizabeth, New Jersey 07201**

**JOHN KARLBERG**
**P.O. Box 1305**
**Paramus, New Jersey 07653**

**NANCY BLAKEMAN**
**1-71 North Avenue East**
**Elizabeth, New Jersey 07201**

**NANCY BLAKEMAN**
**P.O. Box 1305**
**Paramus, New Jersey 07653**

**CRAIG EISENBERG**
**1-71 North Avenue East**
**Elizabeth, New Jersey 07201**

**CRAIG EISENBERG**
**P.O. Box 1305**
**Paramus, New Jersey 07653**

**JON SHEVELL**
**1-71 North Avenue East**
**Elizabeth, New Jersey 07201**

**JON SHEVELL**
**P.O. Box 1305**
**Paramus, New Jersey 07653**

STATE OF NEW YORK, COUNTY OF BRONX                    ss.:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

X
ATTORNEY'S
CERTIFICATION

certify that the annexed SUMMONS AND COMPLAINT have been compared by me with the original and found to be a true and complete copy thereof.

ATTORNEY'S
VERIFICATION

say that: I am the attorney of record, or counsel with the attorney(s) of record for

I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as those matters therein not stated upon knowledge, is based upon the following:

I affirm that the foregoing statements are true under penalties of perjury.

Dated:    December 28, 2006
          Bronx, New York

                                JAMES L. HYER, ESQ.

**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------X   Index No.: 24736/06
HECTOR LOPEZ,

                              **NOTICE OF APPEARANCE AND**
                    Plaintiff,   **VERIFIED ANSWER WITH**
                              **AFFIRMATIVE DEFENSES**

     -against-

RICHARD WELLS, NEW ENGLAND MOTOR
FREIGHT, INC., MYRON P. SHEVELL,
JOHN KARLBERG, NANCY BLAKEMAN,
CRAIG EISENBERG and JON SHEVELL,

                         Defendant(s).
-------------------------------------X

     **PLEASE TAKE NOTICE,** that the above-named defendants, RICHARD

WELLS and NEW ENGLAND MOTOR FREIGHT, INC., hereby appear in this

action and that the undersigned have been retained as attorneys

for said defendants and demand that you serve all papers in this

proceeding upon them at the address stated below.

     **PLEASE TAKE FURTHER NOTICE,** that said answering defendants

hereby interpose the following answer to the plaintiff's Verified

Complaint:

          <u>**AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION**</u>

     1.   Answering defendants deny information and/or knowledge

sufficient to form a belief as to the allegations contained in

paragraphs marked "2", "21", "22", "23", "24", "25" and "29" of

plaintiff's Complaint, and therefore deny same.

     2.   Answering defendants deny each and every allegation

contained in paragraphs marked "7", "8", "9", "10", "11", "13",

"14", "16, "17", "19", "20", "27", "28", "30", "31", "32", "33"
and "34" of plaintiff's Complaint.

3.    Answering defendants deny each and every allegation
contained in paragraph marked "3" of plaintiff's Complaint,
except admit defendant, RICHARD WELLS, is an individual residing
in Meriden, Connecticut.

4.    Answering defendants deny each and every allegation
contained in paragraph marked "4" of plaintiff's Complaint,
except admit defendant, NEW ENGLAND MOTOR FREIGHT, INC., is a
New Jersey corporation.

5.    Answering defendants deny each and every allegation
contained in paragraph marked "5" of plaintiff's Complaint,
except admit that on September 22, 2006, defendant, RICHARD
WELLS, was employed by NEW ENGLAND MOTOR FREIGHT, INC.

6.    Answering defendants deny each and every allegation
contained in paragraph marked "6" of plaintiff's Complaint,
except admit that Myron P. Shevell is the Chief Executive
Officer of NEW ENGLAND MOTOR FREIGHT, INC.

7.    Answering defendants deny each and every allegation
contained in paragraph marked "12" of plaintiff's Complaint,
except admit that Nancy Blakeman is a Vice President of NEW
ENGLAND MOTOR FREIGHT, INC.

8.    Answering defendants deny each and every allegation
contained in paragraph marked "15" of plaintiff's Complaint,

2

except admit that Craig Eisenberg is a Vice President of NEW ENGLAND MOTOR FREIGHT, INC.

9.    Answering defendants deny each and every allegation contained in paragraph marked "18" of plaintiff's Complaint, except admit that Jon Shevell is a Vice President of NEW ENGLAND MOTOR FREIGHT, INC.

10.    Answering defendants deny each and every allegation contained in paragraph marked "26" of plaintiff's Complaint, except admit that on September 22, 2006, defendant, RICHARD WELLS, was employed by NEW ENGLAND MOTOR FREIGHT, INC.

### AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

11.    Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" in the First Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

12.    Answering defendants deny each and every allegation contained in paragraphs marked "36", "37", "38", "39", "40", "41" and "42" of plaintiff's Complaint.

### AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

3

13. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action and paragraphs "35" through "42" of the Second Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

14. Answering defendants deny each and every allegation contained in paragraphs marked "44", "45", "46", "47", "48", "49" and "50" of plaintiff's Complaint.

## AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION

15. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action, paragraphs "35" through "42" of the Second Cause of Action and paragraphs "43" through "50" of the Third Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

16. Answering defendants deny each and every allegation contained in paragraphs marked "52", "53", "54", "55", "56", "57" and "58" of plaintiff's Complaint.

### AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION

17. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action, paragraphs "35" through "42" of the Second Cause of Action, paragraphs "43" through "50" of the Third Cause of Action and paragraphs "51" through "58" of the Fourth Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

18. Answering defendants deny each and every allegation contained in paragraphs marked "60", "61", "62", "63", "64", "65" and "66" of plaintiff's Complaint.

### AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION

19. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action,

5

paragraphs "35" through "42" of the Second Cause of Action, paragraphs "43" through "50" of the Third Cause of Action, paragraphs "51" through "58" of the Fourth Cause of Action and paragraphs "59" through "66" of the Fifth Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

20. Answering defendants deny each and every allegation contained in paragraphs marked "68", "69", "70", "71", "72", "73" and "74" of plaintiff's Complaint.

**AS AND FOR A RESPONSE TO THE SEVENTH CAUSE OF ACTION**

21. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action, paragraphs "35" through "42" of the Second Cause of Action, paragraphs "43" through "50" of the Third Cause of Action, paragraphs "51" through "58" of the Fourth Cause of Action, paragraphs "59" through "66" of the Fifth Cause of Action and "67" through "74" of the Sixth Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

22.     Answering defendants deny each and every allegation contained in paragraphs marked "76", "77", "78", "79", "80", "81" and "82" of plaintiff's Complaint.

### AND AS FOR A FIRST AFFIRMATIVE DEFENSE

23.     The plaintiff's claims are barred, or in the alternative, the damages to which the plaintiff may be entitled are limited as may be applicable by the Doctrine of Sudden Emergency and/or Avoidable Consequences and/or Unavoidable Accident and/or Assumption of Risk.

### AND AS FOR A SECOND AFFIRMATIVE DEFENSE

24.     The Complaint filed herein fails to state a cause of action as against these answering defendants upon which relief can be granted.

### AND AS FOR A THIRD AFFIRMATIVE DEFENSE

25.     That any verdict in the within action, for past, present, and future medical care, dental care, custodial care, or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part of or from collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

7

### AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

26.    The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

The plaintiff did not sustain serious injury as defined by §5102 of the Insurance Law of the State of New York, and her exclusive remedy therefore, is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

The plaintiff's cause of action is barred by Article 15, §5104 of the Insurance Law of the State of New York.

### AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

27.    The plaintiff has failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in his complaint.

### AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

28.    Although the defendants deny the allegations as to injuries and damages alleged, these injuries and damages, if any, were caused by intervening, preceding or superceding acts, conduct or negligence or third persons, parties, corporate entities and/or independent agencies over whom these answering defendants had no control or responsibility.

## AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

29. Plaintiff's Complaint must be dismissed or transferred for forum non-conveniens and/or improper venue.

## AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

30. That any injuries and/or damages sustained by plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of these answering defendants.

## AND AS FOR A NINTH AFFIRMATIVE DEFENSE

31. The liability of these defendants, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AND AS FOR AN TENTH AFFIRMATIVE DEFENSE

32. Plaintiff's Complaint does not comply with C.P.L.R. §3017(c) and must be dismissed and/or stricken as to the improper paragraphs and content.

**WHEREFORE**, defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., demand judgment against plaintiff dismissing the Verified Complaint against these answering defendants, together with all costs and disbursements of this action.

Dated:     Valley Stream, New York
           February 23, 2007

                         Yours, etc.

                         _____
                         By: Todd C. Rubenstein
                         ROBERT M. FLAKEMAN & ASSOCIATES
                         Attorneys for Defendants
                         RICHARD WELLS and NEW ENGLAND
                         MOTOR FREIGHT, INC.
                         108 South Franklin Avenue, Suite 1
                         Valley Stream, NY  11580
                         (516) 825-7575

TO:    James L. Hyer, Esq.
       Faga Savino, LLP
       Attorneys for Plaintiff
       1200 Waters Place, Suite 301
       Bronx, New York 10461
       (718) 931-6000

10

**VERIFICATION**

State of New York

                            ss.:

County of Nassau


    I, Todd C. Rubenstein, Esq., being duly sworn, state:

    I am the attorney for defendants in this action.  The foregoing Verified Answer is true to my knowledge, except as to matters therein stated on information and belief and as to those matters I believe it to be true.  The grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by defendants and interviews with officers and employees of defendant corporation.  This verification is not made by defendant corporation because it is a foreign corporation.


                                         _____

                                       Todd C. Rubenstein

Dated: February 23, 2007

## AFFIDAVIT OF MAILING

STATE OF NEW YORK )

                           ss.:

COUNTY OF NASSAU )

       CAMI NEGUS, duly sworn, deposes and says that:

       1.     I am not a party to the within action, am over 18 years of age, and reside in Albertson, New York.

       2.     On the 27th day of September, 2007, I served the within NOTICE OF MOTION; AFFIRMATION AND EXHIBITS "A" THROUGH "C" by enclosing a copy of same in a postage paid envelope and depositing same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, and was addressed to the last known residence as follows:

      James L. Hyer, Esq.
      Faga Savino, LLP
      1200 Waters Place, Suite 301
      Bronx, New York 10461

                                  CAMI NEGUS

Sworn to before me this
27th day of September, 2007

_____
Notary Public

**JOETTA KLOEPPING**
**Notary Public, State of New York**
**No. 30-4764166**
**Qualified in Nassau County**
**Commission Expires March** 30, 2010

**EXHIBIT C**

**SUPREME COURT OF THE CITY OF NEW YORK**
**COUNTY OF BRONX**
--------------------------------------------------------------X
**HECTOR LOPEZ,**

                     **Plaintiff,**

        **-against-**

**RICHARD WELLS, NEW ENGLAND MOTOR**
**FREIGHT, INC., MYRON P. SHEVELL,**
**JOHN KALBERG, NANCY BLAKEMAN,**
**CRAIG EISENBERG and JON SHEVELL,**

                     **Defendants.**
--------------------------------------------------------------X

**Index No.: 0024736/06**

**ORDER WITH**
**NOTICE OF ENTRY**

        **PLEASE TAKE NOTICE** that the within is a true copy of an Order duly made

on the 29th day of October, 2007 and entered in the office of the clerk of the within

named court on the 5th day of November, 2007.

Dated: Lake Success, New York
       November 14, 2007

                                                       _____
                                                  Todd C. Rubenstein, Esq.
                                                  Abrams, Fensterman, Fensterman, Eisman,
                                                  Greenberg, Formato & Einiger, LLP
                                                  Attorney for Defendants-Richard Wells and
                                                  New England Motor Freight, Inc.
                                                  1111 Marcus Avenue, Suite 107
                                                  Lake Success, New York 11042
                                                  (516) 328-2300

TO:    James L. Hyer, Esq.
        Faga Savino, LLP
        Attorneys for Plaintiff
        1200 Waters Place, Suite 301
        Bronx, New York 10461

PART 01

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

---------------------------------------------------------X

LOPEZ, HECTOR

-against-

WELLS, RICHARD

---------------------------------------------------------X

Index Nº.  **0024736/2006**

Hon. **DIANNE T. RENWICK**

Justice.

| ☐ | Case Disposed |
| ☐ | Settle Order |
| ☐ | Schedule Appearance |

The following papers numbered 1 to _____ Read on this motion, **AMEND PLEADINGS**
Noticed on **October 26 2007** and duly submitted as No. _____ on the Motion Calendar of _____

|  | PAPERS NUMBERED |  |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed |  |  |
| Answering Affidavit and Exhibits |  |  |
| Replying Affidavit and Exhibits |  |  |
| Affidavits and Exhibits |  |  |
| Pleadings - Exhibit |  |  |
| Stipulation(s) - Referee's Report - Minutes |  |  |
| Filed Papers |  |  |
| Memoranda of Law |  |  |

Upon the foregoing papers this **MOTION IS GRANTED PURSUANT TO THE ATTACHED STIPULATION AND ORDER.**

Respectfully Referred to: _____

Dated: _____

Dated: _____ **OCT 29 2007** _____

Hon. _____

**DIANNE T. RENWICK, J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Court of the State of New York
held in and for the County of the
Bronx, at the Courthouse thereof,
located at 851 Grand Concourse
Bronx, New York 10451, on the
_39th_ day of _October, 2007_

------------------------------------------------------X

HECTOR LOPEZ,

                              Plaintiff,

                                                      Index No. 24736/06

              -against-

                                                      STIPULATION
                                                      AND ORDER

RIHARD WELLS, NEW ENGLAND MOTOR,
FREIGHT, INC., MYRON P. SHEVELL,
JOHN KARLBERG, NANCY BLAKEMAN,
CRAIG EISENBERG and JON SHEVELL,

                              Defendants,

------------------------------------------------------X

        WHEREAS Defendants, RICHARD WELLS and NEW ENGLAND MOTOR

FREIGHT, INC., (hereinafter "Defendants") have served and filed a Notice of Motion to

Amend Caption and Strike Causes of Action and Prayer for Damages, said motion

presently returnable October 26, 2007;

        WHEREAS on February 13, 2007, the Plaintiff, by and through his counsel,

James L. Hyer, Esq. of Faga Savino, LLP. Filed a Notice of Discontinuance as to

Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg and Jon

Shevell; and

        WHEREAS the parties have come to a resolution on the subject matter of the

aforementioned applications, and with the Court's approval and acceptance, it is

stipulated and ordered as follows:

        1. The caption to the Plaintiff's Complaint shall be amended by the Clerk of the

Court to reflect the dismissal of Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig

Eisenberg and Jon Shevell as defendants. The caption, as it is currently stated, reads as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------X

HECTOR LOPEZ,

                           Plaintiff,                  Index No. 24736/06

           -agianst-

RICHARD WELLS, NEW ENGLAND MOTOR,
FRIEGHT, INC., MYRON P. SHEVELL,
JOHN KARLBERG, NANCY BLAKEMAN,
CRAIG EISENBERG and JOHN SHEVELL,

                         Defendants,

--------------------------------------------------X

The Caption shall now read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------X

HECTOR LOPEZ,

                           Plaintiff,                  Index No. 24736/06

           -against-

RICHARD WELLS, and NEW ENGLAND MOTOR,
FREIGHT, INC.,

                         Defendants.

--------------------------------------------------X

2.  Paragraphs # 6 through and including # 20 of the First Cause of Action of the

Plaintiff's Complaint are stricken;

3.  Paragraphs #34 and #42 alleging damages of FIFTY MILLION (50,000,000.00)

DOLLARS are stricken, and in their place shall be inserted "That by reason of the aforesaid, the

Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts

to be determined at trial.

4.  Paragraphs # 43 through and including # 82 inclusive of the Third, Fourth, Fifth, Sixth

and Seventh Cause of Action of Plaintiff's Complaint, are stricken;

5.  The prayer for damages in the amount of FIFTY MILLION (50,000,000.00)

DOLLARS in the "WHEREFORE" clause of the Plaintiff's Complaint as to the 1st, 2nd, 3rd, 4th,

5th, 6th, 7th Causes of Action are stricken, and in their place, for the surviving causes of action,

shall be inserted "That by reason of the aforesaid, the Plaintiff has been damaged in an amount

that exceeds the jurisdictional limits of all lower courts to be determined at trial.

6.  Plaintiff is given leave and shall file and serve within thirty (30) days, and Amended

Complaint in accordance with the consents of this Stipulation and Order, but substantially

identical to the initial Complaint in all other respects.

7.  Facsimile signatures shall be acceptable for purposes of this Stipulation and Order and

shall be deemed original signatures.

Kevin B. Faga, Esq.
Faga Savino, LLP
Attorneys for Plaintiff
1200 Waters Place
Suite 301
Bronx, New York 10461

Dated: 10/29/07

"SO-ORDERED":

The Hon. DIANNE T. RENWICK        OCT 29 2007.

Todd C. Rubenstein, Esq.
Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato, & Einiger, LLP
1111 Marcus Avenue, Suite 107
Attorneys for Defendants, Richard Wells
and New England Motor Freight, Inc.

Dated: _____

AFFIDAVIT OF MAILING

STATE OF NEW YORK  )
                                                 ss.:
COUNTY OF NASSAU   )

CAMI NEGUS, duly sworn, deposes and says that:

1.     I am not a party to the within action, am over 18 years of age, and reside in Albertson, New York.

2.     On the 15th day of November, 2007, I served the within ORDER WITH NOTICE OF ENTRY by enclosing a copy of same in a postage paid envelope and depositing same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, and was addressed to the last known residence as follows:

James L. Hyer, Esq.
Attorneys for Plaintiff
Faga Savino, LLP
1200 Waters Place, Suite 301
Bronx, New York 10461

_____
CAMI NEGUS

Sworn to before me this
15th day of November, 2007

_____
Notary Public

JOETTA KLOEPPING
Notary Public, State of New York
No. 30-4764166
Qualified in Nassau County
Commission Expires March 30, 2010

**EXHIBIT D**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
------------------------------------------------------------------X

**HECTOR LOPEZ,**

<table>
<tr><td></td><td>**Plaintiff,**</td><td>**AMENDED**<br>**COMPLAINT**</td></tr>
<tr><td></td><td>-against-</td><td>**Index No.: 24736-06**</td></tr>
</table>

**RICHARD WELLS, NEW ENGLAND MOTOR**
**FREIGHT, INC.,**

                              **Defendants.**
------------------------------------------------------------------X

1.  The Plaintiff above named by KEVIN B. FAGA, ESQ., attorney, complaining of
    the Defendants respectfully shows to the Court and alleges:

### AS AND FOR THE FIRST CAUSE OF ACTION

2.  That at all times hereinafter mentioned, the Plaintiff, HECTOR LOPEZ, was and
    still is an individual residing in the State of New York, County of Bronx, at 2145
    Chatterton Avenue, Apt. 2R, Bronx, New York 10472.

3.  That upon information and belief, at all times hereinafter mentioned, the
    Defendant, RICHARD WELLS, (hereinafter referred to as "WELLS"), was and
    still is an individual residing at 58 Wells Terrace, Meriden, Connecticut 06450.

4.  That upon information and belief, at all times hereinafter mentioned, the
    Defendant, NEW ENGLAND MOTOR FREIGHT, INC., (hereinafter referred to

as "NEW ENGLAND"), was and still is a foreign corporation, a domestic profit corporation of the State of New Jersey, doing business within the State of New York, with principal offices located at 1-71 North Avenue East, Elizabeth, New Jersey 07201 and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

5.  That upon information and belief, at the time of impact with the Plaintiff, Defendant WELLS was an agent, officer, employee, contractor, subcontractor or otherwise employed by Defendant NEW ENGLAND.



6.  That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND owned and continues to own a certain 1998 Volvo, bearing New Jersey state Plate Number AE849B, (hereinafter referred to as the "Vehicle").

7.  That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND insured and continues to insure the Vehicle.

8.  That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND controlled and continues to control the Vehicle.

9.  That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND maintained and repaired and continues to maintain and repair the Vehicle.

10. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND managed and supervised and continues to manage and supervise the Vehicle.

11. That upon information and belief, on or about September 22, 2006 the Defendant, RICHARD WELLS, was acting as an agent, officer, employee, contractor, or sub-contractor of Defendant NEW ENGLAND.

12. That upon information and belief, on or about September 22, 2006 the Defendant, RICHARD WELLS, was driving Northbound on Interstate 87 and collided into the Plaintiff.

13. That upon information and belief, Defendant WELLS operated the Vehicle in a dangerous, unreasonable and reckless manner, in that the vehicle was operated in a manner that the Vehicle caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

14. That upon information and belief, Defendant WELLS was at all times hereinafter mentioned in possession and control of the vehicle.

15. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87 in the County of Orange, State of New York, without any negligence on his part he was caused to be impacted by Defendant WELLS causing him to sustain the injuries hereinafter alleged.

16. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence of the Defendant, WELLS, and without any contributory negligence on the part of the Plaintiff, by reason that the vehicle was negligently not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and maintained by the Defendant in a unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and repaired by the Defendant in a unsafe, unreasonable, reckless and negligent manner; that the Defendant operated, controlled, maintained and repaired the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

17. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant WELLS and by the Defendant's operation, control, maintenance and repair of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

18. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to

suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

19. That by reason of the aforesaid, this Plaintiff has been damaged in a sum of exceeding the jurisdictional limits of all lower courts in an amount to be determined at trial.

## AS AND FOR THE SECOND CAUSE OF ACTION

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 34 with the same force and effect as if fully set forth herein.

21. That upon information and belief, Defendant NEW ENGLAND operated the Vehicle in a dangerous, unreasonable and reckless manner in that the Vehicle was operated in a manner that the Vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

22. That upon information and belief, Defendant NEW ENGLAND was at all times hereinafter mentioned in possession and control of the Vehicle.

23. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87 in the County of Orange, State of New

York, without any negligence on his part he was caused to be impacted by the Vehicle owned, operated and controlled by the Defendant NEW ENGLAND causing him and sustain the injuries hereinafter alleged.

24. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant NEW ENGLAND and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the Vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the Vehicle in an unsafe, unreasonable, reckless and negligent manner; that the Defendant operated the Vehicle in an unsafe, unreasonable, reckless and negligent manner; that the Vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the Vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the Vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ    agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the Vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the Vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the Vehicle in violation of the

statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

25. That the Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant NEW ENGLAND and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the Vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

26. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

27. That by reason of the aforesaid, this Plaintiff has been damaged in a sum of exceeding the jurisdictional limits of all lower courts in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against the Defendants on the first cause of action in a sum exceeding the jurisdictional limits of all lower courts to be determined at trial, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the second cause of action in a sum exceeding the jurisdictional limits of all lower courts to be determined at trial, together with the interest, cost and disbursements of this action, and all other such relief that this Court may deem just and proper.

Dated:     Bronx, New York
           October 19, 2007

                                        FAGA SAVINO, LLP.

                                        By: _____
                                        KEVIN B. FAGA, ESQ.
                                        *Attorneys for the Plaintiff*
                                        1200 Waters Place, Suite 301
                                        Bronx, New York 10461
                                        (718) 931-6000

TO:     Todd C. Rubenstein, Esq.
        Abrams, Fensternam, Fensterman, Eisman,
        Greenburg, Formato & Einiger LLP.
        *Attorneys for the Defendants*
        1111 Marcus Avenue, Suite 107
        Lake Success, New York 11042

SUPREME COURT OF THE STATE OF NEW YORK          Index No.: 24736/06
COUNTY OF BRONX
-------------------------------------------------------------------X

HECTOR LOPEZ,

                              Plaintiff,

                          -against-                              **AFFIRMATION OF**
                                                                 **SERVICE**

RICHARD WELLS, NEW ENGLAND MOTOR
FREIGHT, INC.,

                              Defendants.
        -------------------------------------------------------------------X


       James L. Hyer, Esq., an attorney duly admitted to practice law before the courts of
the State of New York, under penalty of perjury affirms the following to be true:

       I am not a party to the above-captioned action.

       On November 16, 2007, I served the within AMENDED COMPLAINT and
Supporting Papers on the following persons:

              TODD C. RUBENSTEIN, ESQ.
              ABRAMS, FENSTERMAN, FENSTERMAN,
              EISMAN, GREEMBERG, FORMATO & EINIGER, LLP.
              1111 Marcus Avenue, Suite 107
              Lake Success, New York 11042

       By placing same in a pre-paid post wrapper and depositing same into a mail box
maintained exclusively by the United States Postal Service at 1200 Waters Place,
Bronx, New York.

Dated: Bronx, New York
       November 16, 2007

                                          _____
                                          JAMES L. HYER, ESQ.

STATE OF NEW YORK, COUNTY OF BRONX                ss.:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

X
ATTORNEY'S                 certify that the annexed AMENDED COMPLAINT have been compared
CERTIFICATION              by me with the original and found to be a true and complete copy thereof.


                           say that: I am the attorney of record, or counsel with the attorney(s) of record for
ATTORNEY'S
VERIFICATION               I have read the annexed
                           know the contents thereof and the same are true to my knowledge, except those matters
                           therein which are stated to be alleged on information and belief, and as to those matters I
                           believe them to be true. My belief, as those matters therein not stated upon knowledge, is
                           based upon the following:


I affirm that the foregoing statements are true under penalties of perjury.


Dated:  October   23, 2007
        Bronx, New York                                    _____
                                                           KEVIN B. FAGA, ESQ.