UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HECTOR LOPEZ,

                                            **Case No.: 07 cv 10707(PKL)**

                          Plaintiff,

     -against-

RICHARD WELLS, NEW ENGLAND MOTOR         **ANSWER AND DEFENSES**
FREIGHT, INC.,                           **TO AMENDED COMPLAINT**

                          Defendant(s).
-----------------------------------------------------------X

**PLEASE TAKE NOTICE,** that defendants RICHARD WELLS and NEW ENGLAND

MOTOR FREIGHT, INC. by their attorneys, Abrams, Fensterman, Fensterman, Eisman,

Greenberg, Formato & Einiger, LLP, hereby interpose the following answer to the plaintiff's

Amended Complaint:

### AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

1.      Answering defendants deny information and/or knowledge sufficient to form a

belief as to the allegations contained in paragraph marked "2" of plaintiff's Amended Complaint,

and therefore deny same.

2.      Answering defendants deny each and every allegation contained in paragraph

marked "3" of plaintiff's Amended Complaint, except admit defendant, RICHARD WELLS, is

an individual residing in Meriden, Connecticut.

3.      Answering defendants deny each and every allegation contained in paragraph

marked "4" of plaintiff's Amended Complaint, except admit defendant, NEW ENGLAND

MOTOR FREIGHT, INC., is a New Jersey corporation authorized to do business in the State of

New York.

4.    Answering defendants deny each and every allegation contained in paragraphs marked "5" and "11" of plaintiff's Amended Complaint, except admit that on September 22, 2006, defendant, RICHARD WELLS, was employed by defendant NEW ENGLAND MOTOR FREIGHT, INC.

5.    Answering defendants deny each and every allegation contained in paragraphs marked "6" "7" "8" "9" "10" and "14" of plaintiff's Amended Complaint, except admit that on September 22, 2006, defendant, NEW ENGLAND MOTOR FREIGHT, INC. owned a 1998 Volvo Tractor assigned New Jersey license # AE849B that was operated by defendant RICHARD WELLS.

6.    Answering defendants deny each and every allegation contained in paragraphs marked "12", "13", "15", "16, "17", "18" and "19", "of plaintiff's Amended Complaint.


## AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

7.    Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Amended Complaint designated as paragraphs "1" through "19" in the First Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

8.    Answering defendants deny each and every allegation contained in paragraphs marked "21", "23", "24", "25", "26" and "27" of plaintiff's Amended Complaint.

9.    Answering defendants deny each and every allegation contained in paragraph marked "22" of plaintiff's Amended Complaint, except admit that on September 22, 2006,

defendant, NEW ENGLAND MOTOR FREIGHT, INC. owned a 1998 Volvo Tractor assigned New Jersey license # AE849B that was operated by defendant RICHARD WELLS.

## AND AS FOR A FIRST AFFIRMATIVE DEFENSE

10.    The plaintiff's claims are barred, or in the alternative, the damages to which the plaintiff may be entitled are limited as may be applicable by the Doctrine of Sudden Emergency and/or Avoidable Consequences and/or Unavoidable Accident and/or Assumption of Risk.

## AND AS FOR A SECOND AFFIRMATIVE DEFENSE

11.    The Complaint filed herein fails to state a cause of action as against these answering defendants upon which relief can be granted.

## AND AS FOR A THIRD AFFIRMATIVE DEFENSE

12.    That any verdict in the within action, for past, present, and future medical care, dental care, custodial care, or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part of or from collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

13.    The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

14.    The plaintiff did not sustain serious injury as defined by §5102 of the Insurance Law of the State of New York, and her exclusive remedy therefore, is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

15.    The plaintiff's cause of action is barred by Article 15, §5104 of the Insurance Law of the State of New York.

### AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

16.    The plaintiff has failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in his complaint.

### AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

17.    Although the defendants deny the allegations as to injuries and damages alleged, these injuries and damages, if any, were caused by intervening, preceding or superceding acts, conduct or negligence or third persons, parties, corporate entities and/or independent agencies over whom these answering defendants had no control or responsibility.

### AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

18.    That any injuries and/or damages sustained by plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of these answering defendants.

### AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

19.    The liability of these defendants, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

**WHEREFORE**, defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., demand judgment against plaintiff dismissing the Amended Complaint against these answering defendants, together with all costs and disbursements of this action.

Dated: Lake Success, New York
      December 11, 2007

Yours, etc.

Todd C. Rubenstein (TR8884)
Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendants
RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, New York 141042
516-328-2300


TO:    James L. Hyer, Esq.
        Faga Savino, LLP
        Attorneys for Plaintiff
        1200 Waters Place, Suite 301
        Bronx, New York 10461
        (718) 931-6000

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 11, 2007, the foregoing Answer and Defenses to Plaintiff's Amended Complaint was filed electronically through the ECF system and a hard copy was addressed and enclosed in a postage paid envelope and deposited in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to plaintiff's counsel as follows:

> James L. Hyer, Esq.
> Faga Savino, LLP
> Attorneys for Plaintiff
> 1200 Waters Place, Suite 301
> Bronx, New York 10461

Dated:  Lake Success, New York
        December 11, 2007

_____
TODD C. RUBENSTEIN, ESQ. (TR-8884)
Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato & Einiger, LLP
Attorney for Defendants-Richard Wells and
New England Motor Freight, Inc.
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
(516) 328-2300