UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

HECTOR LOPEZ,                                    **Civil Action No.:**

                                                 07-CV-10707 (PKL)
                          Plaintiff,             Date Filed: 11/30/07
         -against-
                                                 **NOTICE OF MOTION TO
                                                 REMAND**

RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

                          Defendant.
------------------------------------------------------------------------X

     **PLEASE TAKE NOTICE** that upon the annexed declaration of KEVIN B. FAGA,

declared on December 26, 2007, and upon all papers, exhibits and the memorandum of law annexed

hereto, together with all the pleadings and proceedings heretofore had herein, the plaintiff HECTOR

LOPEZ, by and through his counsel, FAGA SAVINO, LLP, will move this Court at the United

States Courthouse located at 500 Pearl St., Courtroom 18-B, before the Honorable Peter K. Leisure,

U.S.D.J., on a day and time to be determined by the Court, for an Order:

> (a)    Remanding the matter to State Court as the removal by defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. was defective and untimely pursuant to 28 U.S.C.S. § 1446(b);

> (b)    Awarding plaintiff HECTOR LOPEZ payment of just costs, expenses and attorneys fees incurred as a result of the removal pursuant to 28 U.S.C.S. § 1447(c);

> (c)    granting plaintiff, HECTOR LOPEZ, such other and further relief, as may be just, proper and equitable under the circumstances.

     **PLEASE TAKE FURTHER NOTICE** that answering affidavits, if any, must be

filed within 14 days of service of the within motion, and Reply affidavits must be filed within 7

days thereof.

1

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

HECTOR LOPEZ,                                    Civil Action No.:

                                                 07-CV-10707 (PKL)
                          Plaintiff,             Date Filed: 11/30/07
         -against-
                                                 **NOTICE OF MOTION TO
                                                 REMAND**

RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

Dated:      New York, New York
            December 26, 2007

                              FAGA SAVINO, LLP.

                              By: _____
                              Kevin B. Faga, Esq. (KF 5829)
                              Attorneys for Plaintiff
                              1200 Waters Place, Suite 301
                              Bronx, New York 10461
                              (718) 931-6000


TO:    ABRAMS, FENSTERMAN, FENSTERMAN,
       EISMAN, GREEMBERG, FORMATO & EINIGER, LLP.
       Attorneys for the Defendants
       1111 Marcus Avenue, Suite 107
       Lake Success, New York 11042
       Attn: Todd C. Rubenstein, Esq.
       (516) 328-2300

Dated:      New York, New York
            December 26, 2007

                              FAGA SAVINO, LLP.

                              By: _____
                              Kevin B. Faga, Esq. (KF 5829)
                              Attorneys for Plaintiff
                              1200 Waters Place, Suite 301
                              Bronx, New York 10461
                              (718) 931-6000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HECTOR LOPEZ,                                          07-CIV-10707 (PKL)

                                    Plaintiff,         **DECLARATION IN SUPPORT**
                                                       **OF PLAINTIFF'S MOTION TO**
           -against-                                   **REMAND**


RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

                                    Defendant.
-------------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF BRONX        )

        **KEVIN B. FAGA**, an attorney duly admitted to practice before the bar of this

Court hereby declares under penalties of perjury pursuant to 28 U.S.C. §1746 that the following

statements are true:

        1.      I am a member of the law firm of FAGA SAVINO, LLP, attorneys for the plaintiff,

HECTOR LOPEZ, in the above entitled action and as such I am fully familiar with all facts and

proceedings heretofore had herein.

        2.      I submit this declaration in support of the instant motion to remand this matter to

State Court as the removal by defendants RICHARD WELLS and NEW ENGLAND MOTOR

FREIGHT, INC. was defective and untimely pursuant to 28 U.S.C.S. § 1446(b).


                            **FACTUAL BACKGROUND**

        3.      This case arises from a motor vehicle accident that occurred on September 22,

2006.  Plaintiff was seriously injured when a truck that was being operated by defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HECTOR LOPEZ,                                          07-CIV-10707 (PKL)

                                    Plaintiff,         **DECLARATION IN SUPPORT**
                                                       **OF PLAINTIFF'S MOTION TO**
           -against-                                   **REMAND**

RICHARD WELLS and NEW ENGLAND MOTOR

RICHARD WELLS collided with the rear of a vehicle that was lawfully stopped on the right shoulder of Interstate 87 in Orange County, New York. As a result of the impact Plaintiff, HECTOR LOPEZ, was forcefully thrown from the parked vehicle. HECTOR LOPEZ suffered serious injuries, including a comminuted fracture of the distal third fibula, a non-displaced fracture of the medial malleolus and fractures of the fourth and fifth metatarsal heads requiring right great toe amputation and right ankle surgery.

## PROCEDURAL HISTORY

4.    The instant matter was commenced or about December 28, 2006 with the filing of a complaint in the Supreme Court of the State of New York, Bronx County against defendants RICHARD WELLS, NEW ENGLAND MOTOR FREIGHT, INC. MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL. A copy the Summons and Complaint is annexed hereto as **Exhibit "A"**.

5.    On February 5, 2007, this office received correspondence from Todd C. Rubenstein, Esq. which memorialized a telephone conference held with our office. The letter, which was signed by Mr. Rubenstein, indicated that he had been retained to represent all of the defendants in the above referenced matter. However, as per Mr. Rubenstein, who continues to serve as defense counsel in this action, defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL were not proper parties in the action. A copy of said correspondence is annexed hereto as **Exhibit "B"**.

6.    At the specific request of and based upon information provided by Mr. Rubenstein, the plaintiff agreed to discontinue all claims against defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON

RICHARD WELLS collided with the rear of a vehicle that was lawfully stopped on the right shoulder of Interstate 87 in Orange County, New York. As a result of the impact Plaintiff, HECTOR LOPEZ, was forcefully thrown from the parked vehicle. HECTOR LOPEZ suffered serious injuries, including a comminuted fracture of the distal third fibula, a non-displaced fracture of the medial malleolus and fractures of the fourth and fifth metatarsal heads requiring right great toe amputation and right ankle surgery.

SHEVELL.  As detailed in said correspondence, in exchange for the discontinuance, Mr. Rubenstein agreed to file a responsive pleading as to defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., the current defendants in this action.  (See **Exhibit "B"**).

7.       Mr. Rubenstein's office went so far as to draft a proposed Notice of Discontinuance as to defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL and forwarded a copy to this office.  Plaintiff was satisfied with the proposed Notice, executed same on February 5, 2007 and forwarded a signed copy to defense counsel.  A copy of the signed Notice of Discontinuance is annexed hereto as **Exhibit "C"**.  As the Court can see the executed Notice of Discontinuance was stamped as received by the County Clerk, Bronx County on February 13, 2007.

8.       As agreed, Mr. Rubenstein then served an Answer on behalf of defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC.  A copy of the aforementioned pleading, which is dated February 23, 2007, is annexed hereto as **Exhibit "D"**.

9.       Notwithstanding the above, defendants' Notice of Removal was not filed with the United States District Court until November 30, 2007.  A copy of the Notice of Removal is annexed hereto without attachments as **Exhibit "E"**.

10.      Defendant incorrectly argues that the matter first became removable with the filing of an Amended Complaint on October 19, 2007.  The Amended Complaint, however, merely served as matter of housekeeping, removing the names of and all claims against the previously discontinued defendants, MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL.  A copy of the plaintiff's Amended Complaint is annexed hereto as **Exhibit "F"**.

SHEVELL.  As detailed in said correspondence, in exchange for the discontinuance, Mr. Rubenstein agreed to file a responsive pleading as to defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., the current defendants in this action.  (See **Exhibit "B"**).

7.       Mr. Rubenstein's office went so far as to draft a proposed Notice of Discontinuance as to defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL and forwarded a copy to this office.

11.    Of note, the Amended Complaint was only filed in response to a motion by the defense counsel demanding same. A copy of defendants' Notice of Motion and Affirmation in Support dated September 27, 2007 are annexed hereto, without attachments, as **Exhibit "G"**. A copy of the aforementioned Notice of Discontinuance was attached as an exhibit. In his Affirmation in Support, Mr. Rubenstein repeatedly refers to MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL as the "discontinued defendants" (See Exhibit "G").

12.    Yet, in an effort to mislead the Court, defendants are now conveniently suggesting that the claims against the previously self-described "discontinued defendants" had not actually been discontinued at all. Defendants' attempt to manufacture a scenario, where they believe the untimely removal would be overlooked, should be rejected by the Court.

## POINT I

**THE MATTER MUST BE REMANDED TO STATE COURT
AS DEFENDANTS' NOTICE OF REMOVAL IS DEFECTIVE
AND UNTIMELY PURSUANT TO 28 U.S.C.S. § 1446(b).**

13.    As the Court is well aware, where the case stated by an initial pleading is removable, the Federal statute establishes a strict thirty day time limit for the filing of a Notice of Removal. If the case is not removable based upon the initial pleading, a notice of removal may be filed within thirty days after receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C.S. § 1446(b).

14.    As more fully detailed in the accompanying Memorandum of Law, defendants' Notice of Removal is defective and untimely. The prevailing case law is clear that the party

11.    Of note, the Amended Complaint was only filed in response to a motion by the defense counsel demanding same. A copy of defendants' Notice of Motion and Affirmation in Support dated September 27, 2007 are annexed hereto, without attachments, as **Exhibit "G"**. A copy of the aforementioned Notice of Discontinuance was attached as an exhibit. In his Affirmation in Support, Mr. Rubenstein repeatedly refers to MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL as the

seeking to remove an action bears the burden of demonstrating that the removal of the action was proper and timely. Mr. Rubenstein, who has represented all defendants in this matter since its inception, failed to demonstrate why the matter was not removable upon receipt of the initial pleading on or about December 28, 2006. Naturally, if the matter was removable at that time, the strict thirty day time period by which defendants would have had to file a Notice of Removal would have expired long ago on or about January 28, 2007.

15.     More importantly, the defendants' claim that the matter suddenly became removable in October of 2007, based upon the filing of an Amended Complaint, is completely disingenuous and a thinly veiled attempt to circumvent the strict statutory time constraints consistently adhered to by the Courts. The Amended Complaint merely struck the names of the "discontinued defendants" from the caption and removed all claims against them. (See Exhibit "F").

16.     Opposing counsel was well aware that all claims had been discontinued against those defendants in February of 2007, as they were withdrawn at his request. As noted previously, counsel's office even drafted the Notice of Discontinuance that was ultimately executed by counsel for the parties and filed with the Clerk of the court. Therefore, assuming, *arguendo*, that the matter only became removable when the claims against some of the defendants were discontinued on February 5, 2007, the Notice of Removal, at the very latest, must then have been filed by March 5, 2007.

### CONCLUSION

17.     As outlined above and more fully detailed in the accompanying Memorandum of Law, defendants' Notice of Removal is defective and untimely. As such, the matter must be

seeking to remove an action bears the burden of demonstrating that the removal of the action was proper and timely. Mr. Rubenstein, who has represented all defendants in this matter since its inception, failed to demonstrate why the matter was not removable upon receipt of the initial pleading on or about December 28, 2006. Naturally, if the matter was removable at that time, the strict thirty day time period by which defendants would have had to file a Notice of Removal would have expired long ago on or about January 28, 2007.

remanded to State Court. Furthermore, plaintiff respectfully requests that the Court award plaintiff,

HECTOR LOPEZ, payment of just costs, expenses and attorneys fees incurred as a result of the

defendants' defective and untimely removal pursuant to 28 U.S.C.S. § 1447(c).


**WHEREFORE** it is respectfully requested that the motion be granted in its entirety.


I declare under penalty of perjury that the foregoing
is true and correct.
Executed at Bronx, New York, on December 26, 2007

_____
Kevin B. Faga (KF 5829)

8

---

remanded to State Court. Furthermore, plaintiff respectfully requests that the Court award plaintiff,

HECTOR LOPEZ, payment of just costs, expenses and attorneys fees incurred as a result of the

defendants' defective and untimely removal pursuant to 28 U.S.C.S. § 1447(c).


**WHEREFORE** it is respectfully requested that the motion be granted in its entirety.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          INDEX NO.: 07-CIV-10707 (PKL)
-----------------------------------------------------------------X

HECTOR LOPEZ,

                                   Plaintiff,

                              -against-

                                                    CERTIFICATION OF
                                                    SERVICE
RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

                                   Defendants.
-----------------------------------------------------------------X

        Kevin B. Faga, Esq., an attorney duly admitted to practice law before the courts of
the State of New York, under penalty of perjury affirms the following to be true:

        I am not a party to the above-captioned action.

        On December 27, 2007, I served the within Motion to Remand and Supporting
Papers on the following persons:

                TODD RUBENSTEIN, ESQ.
                ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, GREENBERG,
                1111 Marcus Avenue, Suite 107
                Lake Success, New York 11042

        By placing same in a pre-paid post wrapper and depositing same into a mail box
maintained exclusively by the United States Postal Service at 1200 Waters Place,
Bronx, New York.

Dated: Bronx, New York
        December 27, 2007

                                        KEVIN B. FAGA, ESQ.   KF 5829

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          INDEX NO.: 07-CIV-10707 (PKL)
-----------------------------------------------------------------X

HECTOR LOPEZ,

                                   Plaintiff,

                              -against-

                                                    CERTIFICATION OF
                                                    SERVICE
RICHARD WELLS and NEW ENGLAND MOTOR

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:
Date Filed:

-------------------------------------------------------------X

HECTOR LOPEZ,

                    Plaintiff,

*24736-06*

SUMMONS

          -against-

RICHARD WELLS, NEW ENGLAND MOTOR
FREIGHT, INC., MYRON P. SHEVELL,
JOHN KARLBERG, NANCY BLAKEMAN,
CRAIG EISENBERG, and JON SHEVELL,

                    Defendants.

-------------------------------------------------------------X

06 DEC 29 AM 11:
BRONX COUNTY
COUNTY CLERK

RECEIVED

**TO THE ABOVE NAMED DEFENDANTS:**

          **YOU ARE HEREBY SUMMONED** to answer the Complaint in this Action and

to serve a copy of your Answer on the plaintiff's attorneys within 20 days after service of

the summons (or within 30 days after service is complete if the summons is not

personally delivered to you within the State of New York), and, in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded

in the Complaint.

Dated:          December 28, 2006
                Bronx, New York

                                        FAGA SAVINO, LLP

                                        By:
                                        JAMES L. HYER, ESQ.
                                        *Attorneys for Plaintiff*
                                        **1200 Waters Place, Suite 301**
                                        **Bronx, NY 10461**
                                        **(718) 931-6000**

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:
Date Filed:

-------------------------------------------------------------X

HECTOR LOPEZ,

                    Plaintiff,

*24736-06*

SUMMONS

          -against-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:
Date Filed:

---------------------------------------------------------------X

HECTOR LOPEZ,

Plaintiff,

-against-

COMPLAINT

RICHARD WELLS, NEW ENGLAND MOTOR
FREIGHT, INC., MYRON P. SHEVELL,
JOHN KARLBERG, NANCY BLAKEMAN,
CRAIG EISENBERG, and JON SHEVELL,

Defendants.

---------------------------------------------------------------X

06 DEC 29 AM 11:58
COUNTY CLERK
BRONX COUNTY

RECEIVED

1. The Plaintiff above named by JAMES L. HYER, ESQ., attorney, complaining of

the Defendants respectfully shows to the Court and alleges:

## AS AND FOR THE FIRST CAUSE OF ACTION

2. That at all times hereinafter mentioned, the Plaintiff, HECTOR LOPEZ, was and

still is an individual residing in the State of New York, County of Bronx, at 2145

Chatterton Avenue, Apt. 2R, Bronx, New York 10472.

3. That upon information and belief, at all times hereinafter mentioned, the

Defendant, RICHARD WELLS, (hereinafter referred to as "WELLS"), was and

still is an individual residing at 58 Wells Terrace, Meriden, Connecticut 06450.

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:
Date Filed:

---------------------------------------------------------------X

HECTOR LOPEZ,

Plaintiff,

-against-

COMPLAINT

4. That upon information and belief, at all times hereinafter mentioned, the Defendant, NEW ENGLAND MOTOR FREIGHT, INC., (hereinafter referred to as "NEW ENGLAND"), was and still is a foreign corporation, a domestic profit corporation of the State of New Jersey, doing business within the State of New York, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

5. That upon information and belief, at the time of impact with the Plaintiff, Defendant WELLS was an agent, officer, employee, contractor, subcontractor or otherwise employed by Defendant NEW ENGLAND.

6. That upon information and belief, at all times hereinafter mentioned, the Defendant, MYRON P. SHEVELL, was and still is the Chief Executive Officer of Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

7. That upon information and belief, at all times hereinafter mentioned, the Defendant, MYRON P. SHEVELL, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees, contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

4. That upon information and belief, at all times hereinafter mentioned, the Defendant, NEW ENGLAND MOTOR FREIGHT, INC., (hereinafter referred to as "NEW ENGLAND"), was and still is a foreign corporation, a domestic profit corporation of the State of New Jersey, doing business within the State of New York, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, P

8. That upon information and belief, at all times hereinafter mentioned, the Defendant, MYRON P. SHEVELL, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

9. That upon information and belief, at all times hereinafter mentioned, the Defendant, JOHN KARLBERG, was and still is President of Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

10. That upon information and belief, at all times hereinafter mentioned, the Defendant, JOHN KARLBERG, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees, contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

11. That upon information and belief, at all times hereinafter mentioned, the Defendant, JOHN KARLBERG, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

12. That upon information and belief, at all times hereinafter mentioned, the Defendant, NANCY BLAKEMAN, was and still is a Vice President of

8. That upon information and belief, at all times hereinafter mentioned, the Defendant, MYRON P. SHEVELL, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

13. That upon information and belief, at all times hereinafter mentioned, the Defendant, NANCY BLAKEMAN, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees, contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

14. That upon information and belief, at all times hereinafter mentioned, the Defendant, NANCY BLAKEMAN, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

15. That upon information and belief, at all times hereinafter mentioned, the Defendant, CRAIG EISENBERG, was and still is a Vice President of Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

16. That upon information and belief, at all times hereinafter mentioned, the Defendant, CRAIG EISENBERG, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees,

Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

13. That upon information and belief, at all times hereinafter mentioned, the

contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

17. That upon information and belief, at all times hereinafter mentioned, the Defendant, CRAIG EISENBERG, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

18. That upon information and belief, at all times hereinafter mentioned, the Defendant, JON SHEVELL, was and still is a Vice President of Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

19. That upon information and belief, at all times hereinafter mentioned, the Defendant, JON SHEVELL, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees, contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

20. That upon information and belief, at all times hereinafter mentioned, the Defendant, JON SHEVELL, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

21. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND owned and continues to own the vehicle.

22. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND insured and continues to insure the vehicle.

23. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND controlled and continues to control the vehicle.

24. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND maintained and repaired and continues to maintain and repair the vehicle.

25. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND managed and supervised and continues to manage and supervise the vehicle.

26. That upon information and belief, on or about September 22, 2006 the Defendant, RICHARD WELLS, was acting as an agent, officer, employee, contractor, or sub-contractor of Defendant NEW ENGLAND.

21. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND owned and continues to own the vehicle.

22. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND insured and continues to insure the vehicle.

27. That upon information and belief, on or about September 22, 2006 the Defendant, RICHARD WELLS, was driving Northbound on Interstate 87 and collided into the Plaintiff.

28. That upon information and belief, Defendant WELLS operated the vehicle in a dangerous, unreasonable and reckless manner, in that the vehicle was operated in a manner that the vehicle caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

29. That upon information and belief, Defendant WELLS was at all times hereinafter mentioned in possession and control of the vehicle.

30. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant WELLS causing him and sustain the injuries hereinafter alleged.

31. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence of the Defendant WELLS and without any contributory negligence on the part of the Plaintiff, by reason that the vehicle was negligently not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and maintained by the Defendant in a unsafe,

27. That upon information and belief, on or about September 22, 2006 the Defendant, RICHARD WELLS, was driving Northbound on Interstate 87 and collided into the Plaintiff.

28. That upon information and belief, Defendant WELLS operated the vehicle in a

unreasonable, reckless and negligent manner; that the vehicle was kept and repaired by the Defendant in a unsafe, unreasonable, reckless and negligent manner; that the Defendant operated, controlled, maintained and repaired the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

32. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant WELLS and by the Defendant's operation, control, maintenance and repair of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

33. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

unreasonable, reckless and negligent manner; that the vehicle was kept and repaired by the Defendant in a unsafe, unreasonable, reckless and negligent manner; that the Defendant operated, controlled, maintained and repaired the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to

34. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE SECOND CAUSE OF ACTION

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 34 with the same force and effect as if fully set forth herein.

36. That upon information and belief, Defendant NEW ENGLAND operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

37. That upon information and belief, Defendant NEW ENGLAND was at all times hereinafter mentioned in possession and control of the vehicle.

38. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on her part he was caused to be impacted by Defendant NEW ENGLAND causing him and sustain the injuries hereinafter alleged.

39. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant NEW ENGLAND and

34. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE SECOND CAUSE OF ACTION

without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ  agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

40. That the Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant NEW ENGLAND and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the

without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the Defendant operated the vehicle in an

vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

41. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

42. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE THRID CAUSE OF ACTION

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 42 with the same force and effect as if fully set forth herein.

vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

44. That upon information and belief, Defendant MYRON P. SHEVELL operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

45. That upon information and belief, Defendant MYRON SHEVELL was at all times hereinafter mentioned in possession and control of the vehicle.

46. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant MYRON SHEVELL causing him and sustain the injuries hereinafter alleged.

47. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant MYRON SHEVELL and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition;

44. That upon information and belief, Defendant MYRON P. SHEVELL operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

48. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant MYRON SHEVELL and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the

49. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

50. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE FORTH CAUSE OF ACTION

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 50 with the same force and effect as if fully set forth herein.

52. That upon information and belief, Defendant JOHN KARLBERG operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

49. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or

53. That upon information and belief, Defendant JOHN KARLBERG was at all times hereinafter mentioned in possession and control of the vehicle.

54. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant JOHN KARLBERG causing him and sustain the injuries hereinafter alleged.

55. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant JOHN KARLBERG and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ    agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train

53. That upon information and belief, Defendant JOHN KARLBERG was at all times hereinafter mentioned in possession and control of the vehicle.

54. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he

its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

56. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant JOHN KARLBERG and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

57. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all

58. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE FIFTH CAUSE OF ACTION

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 58 with the same force and effect as if fully set forth herein.

60. That upon information and belief, Defendant NANCY BLAKEMAN operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

61. That upon information and belief, Defendant NANCY BLAKEMAN was at all times hereinafter mentioned in possession and control of the vehicle.

62. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant NANCY BLAKEMAN causing him and sustain the injuries hereinafter alleged.

58. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE FIFTH CAUSE OF ACTION

63. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant NANCY BLAKEMAN and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

63. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant NANCY BLAKEMAN and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the

64. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant NANCY BLAKEMAN and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

65. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

66. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

64. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant NANCY BLAKEMAN and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff

## AS AND FOR THE SIXTH CAUSE OF ACTION

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 67 with the same force and effect as if fully set forth herein.

68. That upon information and belief, Defendant CRAIG EISENBERG operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

69. That upon information and belief, Defendant CRAIG EISENBERG was at all times hereinafter mentioned in possession and control of the vehicle.

70. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant CRAIG EISENBERG causing him and sustain the injuries hereinafter alleged.

71. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant CRAIG EISENBERG and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the

## AS AND FOR THE SIXTH CAUSE OF ACTION

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 67 with the same force and effect as if fully set forth herein.

Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ    agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

72. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant CRAIG EISENBERG and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff

Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous

contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

73. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

74. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 74 with the same force and effect as if fully set forth herein.

76. That upon information and belief, Defendant JON SHEVELL operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was

contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

73. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their

operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

77. That upon information and belief, Defendant JON SHEVELL was at all times hereinafter mentioned in possession and control of the vehicle.

78. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant JOHN SHEVELL causing him and sustain the injuries hereinafter alleged.

79. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant JOHN SHEVELL and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the

operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

77. That upon information and belief, Defendant JON SHEVELL was at all times hereinafter mentioned in possession and control of the vehicle.

Defendant failed to employ  agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

80. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant JON SHEVELL and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

81. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or

Defendant failed to employ  agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a

alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

82. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

WHEREFORE, Plaintiff demands judgment against the Defendants on the first cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the second cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the third cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the forth cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the fifth cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the sixth cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the seventh cause of

alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

82. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of

action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the

interest, cost and disbursements of this action, and any and all other such relief that this

Court may deem just and proper.

Dated:      Bronx, New York
            December 28, 2006


                                    FAGA SAVINO, LLP.

                                    By: _____
                                    JAMES L. HYER, ESQ.
                                    *Attorneys for the Plaintiff*
                                    1200 Waters Place, Suite 301
                                    Bronx, New York 10461
                                    (718) 931-6000


TO:

          RICHARD WELLS
          58 Wells Terrace
          Meriden, Connecticut 06450

          NEW ENGLAND MOTOR FREIGHT, INC.
          1-71 North Avenue East
          Elizabeth, New Jersey 07201

          NEW ENGLAND MOTOR FREIGHT, INC.
          P.O. Box 1305
          Paramus, New Jersey 07653

          MYRON SHEVELL.
          1-71 North Avenue East
          Elizabeth, New Jersey 07201

          MYRON SHEVELL
          P.O. Box 1305
          Paramus, New Jersey 07653


action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the

interest, cost and disbursements of this action, and any and all other such relief that this

Court may deem just and proper.

Dated:      Bronx, New York
            December 28, 2006

JOHN KARLBERG
1-71 North Avenue East
Elizabeth, New Jersey 07201

JOHN KARLBERG
P.O. Box 1305
Paramus, New Jersey 07653

NANCY BLAKEMAN
1-71 North Avenue East
Elizabeth, New Jersey 07201

NANCY BLAKEMAN
P.O. Box 1305
Paramus, New Jersey 07653

CRAIG EISENBERG
1-71 North Avenue East
Elizabeth, New Jersey 07201

CRAIG EISENBERG
P.O. Box 1305
Paramus, New Jersey 07653

JON SHEVELL
1-71 North Avenue East
Elizabeth, New Jersey 07201

JON SHEVELL
P.O. Box 1305
Paramus, New Jersey 07653

JOHN KARLBERG
1-71 North Avenue East
Elizabeth, New Jersey 07201

JOHN KARLBERG
P.O. Box 1305
Paramus, New Jersey 07653

NANCY BLAKEMAN
1-71 North Avenue East