UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HECTOR LOPEZ,                                           **Civil Action No.:**

                                                        07-CV-10707 (PKL)
                        Plaintiff,                      Date Filed: 11/30/07
        -against-


RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

                        Defendant.
-------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND**










                                                        FAGA SAVINO, LLP.
                                                        Attorneys for Plaintiff
                                                        1200 Waters Place, Suite 301
                                                        Bronx, New York 10461

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HECTOR LOPEZ,                                           **Civil Action No.:**

                                                        07-CV-10707 (PKL)
                        Plaintiff,                      Date Filed: 11/30/07
        -against-


RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES............................................................................. ii

PRELIMINARY STATEMENT...................................................................... 1

POINT I............................................................................................................ 2

      THIS MATTER MUST BE REMANDED TO STATE COURT AS
      DEFENDANTS' NOTICE OF REMOVAL IS DEFECTIVE AND
      UNTIMELY PURSUANT TO 28 U.S.C.S. § 1446(b).

CONCLUSION................................................................................................ 5

# TABLE OF CONTENTS

TABLE OF AUTHORITIES............................................................................. ii

PRELIMINARY STATEMENT...................................................................... 1

POINT I............................................................................................................ 2

      THIS MATTER MUST BE REMANDED TO STATE COURT AS
      DEFENDANTS' NOTICE OF REMOVAL IS DEFECTIVE AND
      UNTIMELY PURSUANT TO 28 U.S.C.S. § 1446(b).

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Nicola v. Showart, 682 F. Supp 171 (E.D.N.Y. 1998) ...............................................................2

Universal Motors v. Wilkerson, 674 F. Supp. 1108, 1113 (S.D.N.Y. 1987). ......................... 2

Somlyo v J. Lu-Rob Enters, Inc., 932 F.2d 1043 (2d Cir., 1991) ...........................................2

Colon v. Bic Corporation, 2000 U.S. Dist. LEXIS 3917 (S.D.N.Y. 2000) ........................... 2

Polesky v. A.C. and S., 1998 U.S. Dist LEXIS 14394 (S.D.N.Y. 1998) ............................. 2

Byfield v. Niaz, 2001 U.S. Dist. LEXIS 163 (S.D.N.Y. 2001) ............................................... 3

MTBE v. Shell Oil, 2006 U.S. Dist. LEXIS 20575 (S.D.N.Y. 2006) ..................................3

Casale v. Metropolitan Transportation, 2005 U.S. Dist. LEXIS 34637 (S.D.N.Y. 2005).........3

Heniford v. American Motors, 471 F. Supp. 328 (D.S.C. 1979)..........................................4

Ellis v. the Logan Co., 543 F. Supp. 586 (W.D. Ky. 1982). ...............................................4

Brooks v. The Solomon Co., 542 F. Supp 1229 (N.D. Ala 1982).........................................4

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Nicola v. Showart, 682 F. Supp 171 (E.D.N.Y. 1998) ...............................................................2

Universal Motors v. Wilkerson, 674 F. Supp. 1108, 1113 (S.D.N.Y. 1987). ......................... 2

Somlyo v J. Lu-Rob Enters, Inc., 932 F.2d 1043 (2d Cir., 1991) ...........................................2

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted by plaintiff, HECTOR LOPEZ, in support of the instant motion to remand this matter to State Court. The matter should be remanded as the Notice of Removal by defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. was defective and untimely pursuant to 28 U.S.C.S. § 1446(b).

The defendants allege in their notice that the matter was not removable until November of 2007, when the names of certain parties were eliminated from the caption. However, all claims against those parties were in fact discontinued and those parties were released from the case on February 5, 2007. Moreover, the defendants fail to demonstrate why the matter was not immediately removable, based upon receipt of the initial pleading in December of 2006.

The factual basis for this motion is set forth in the accompanying Declaration of Kevin B. Faga and the exhibits submitted in support thereof. This material is incorporated herein by reference. For the reasons set forth below, the plaintiff's motion should be granted.

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted by plaintiff, HECTOR LOPEZ, in support of the instant motion to remand this matter to State Court. The matter should be remanded as the Notice of Removal by defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. was defective and untimely pursuant to 28 U.S.C.S. § 1446(b).

The defendants allege in their notice that the matter was not removable until November

## POINT I

### THE MATTER MUST BE REMANDED TO STATE COURT AS DEFENDANTS' NOTICE OF REMOVAL IS UNTIMELY PURSUANT TO 28 U.S.C.S. § 1446(b)

Pursuant to 28 U.S.C.S. § 1446(b) a defendant seeking to remove an action to federal court must file a notice of removal no later than thirty days after receipt of the plaintiff's "initial pleading." If the case is not removable based upon the initial pleading, a notice of removal may be filed within thirty days after receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C.S. § 1446(b). These requirements have been interpreted strictly for reasons of comity and the reluctance to interfere with a plaintiff's right to choose his own forum. Accordingly, absent waiver or estoppel, the thirty day period cannot be extended by court order, stipulation or otherwise. Nicola v. Showart, 682 F. Supp 171 (E.D.N.Y. 1998). Failure to comply with these deadlines requires remand to state court. Universal Motors v. Wilkerson, 674 F. Supp. 1108, 1113 (S.D.N.Y. 1987).

It well settled that removal is allowed only when accomplished in strict conformity with the statutory requirements and that Courts should construe the removal statutes narrowly, resolving any doubts against removability and in favor of remand. Somlyo v J. Lu-Rob Enters, Inc., 932 F.2d 1043 (2d Cir, 1991); See Colon v. Bic Corporation, 2000 U.S. Dist. LEXIS 3917 (S.D.N.Y. 2000). See also Polesky v. A.C. and S., 1998 U.S. Dist LEXIS 14394 (S.D.N.Y. 1998).

The party seeking to remove the action, therefore, must not only demonstrate a jurisdictional basis for removal, but also demonstrate the necessary compliance with the statutory removal requirements. Polesky v. A.C. and S., 1998 U.S. Dist LEXIS 14394 (S.D.N.Y. 1998).

## POINT I

### THE MATTER MUST BE REMANDED TO STATE COURT AS DEFENDANTS' NOTICE OF REMOVAL IS UNTIMELY PURSUANT TO 28 U.S.C.S. § 1446(b)

Pursuant to 28 U.S.C.S. § 1446(b) a defendant seeking to remove an action to federal court must file a notice of removal no later than thirty days after receipt of the plaintiff's "initial pleading." If the case is not removable based upon the initial pleading, a notice of removal may

As such, the removing party bears the burden of establishing that the removal of the action was timely. Byfield v. Niaz, 2001 U.S. Dist. LEXIS 163 (S.D.N.Y. 2001).

In the case at hand, the defendants have failed to meet their burden. Defendants have not demonstrated to this Court why the matter was not removable at the time of the initial pleading in December of 2006. If the matter was in fact removable based upon the initial pleading, the defendants would have had to file a Notice of Removal within thirty days of receipt of the plaintiff's original complaint in December of 2006. Under this scenario, the defendants were required to file their Notice of Removal by the end of January 2007. The Notice of Removal would therefore have been approximately ten months late, when it was filed with this Court on November 30, 2007. In light of the above, the matter should be remanded to State Court.

Without any factual support, defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. claim that this case only became removable with the service of an Amended Complaint on October 19, 2007, which struck defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL (hereinafter "the discontinued defendants") from the caption.

However, the allegations in the Amended Complaint as to the remaining defendants were exactly the same. The only substantive difference between the original Complaint and the Amended Complaint were that the names of and the claims against the "discontinued defendant" were removed. The Amended Complaint did not alter the original complaint such that the remaining defendants' right to remove would be revived. MTBE v. Shell Oil, 2006 U.S. Dist. LEXIS 20575 (S.D.N.Y. 2006); See also Casale v. Metropolitan Transportation, 2005 U.S. Dist. LEXIS 34637 (S.D.N.Y. 2005).

3

As such, the removing party bears the burden of establishing that the removal of the action was timely. Byfield v. Niaz, 2001 U.S. Dist. LEXIS 163 (S.D.N.Y. 2001).

In the case at hand, the defendants have failed to meet their burden. Defendants have not demonstrated to this Court why the matter was not removable at the time of the initial pleading in December of 2006. If the matter was in fact removable based upon the initial pleading, the defendants would have had to file a Notice of Removal within thirty days of receipt of the

Assuming, *arguendo*, that the matter was not initially removable due to the inclusion of MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL as defendants, it clearly became removable when all claims against all of these defendants were discontinued on February 5, 2007. It is again worth noting that plaintiff only agreed to discontinue the claims against said defendants at the request of and based upon information provided by opposing counsel Todd C. Rubenstein, who has represented all of the defendants in this action since its inception. In fact, the Notice of Discontinuance which was ultimately executed on behalf of plaintiff and returned to Mr. Rubenstein was actually drafted by his office.

Assuming complete diversity only came about with the discontinuance of all claims against MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL, clearly the Notice of Discontinuance would have allowed defendant to ascertain that the matter had now become removable. It is worth noting that 28 U.S.C.S. § 1446(b) has at times been construed broadly to include such notice as oral statements to a jury, see Heniford v. American Motors, 471 F. Supp. 328 (D.S.C. 1979) *appeal dismissed*, 622 F. 2d 584 (4th Cir. 1986); answers to interrogatories, see Ellis v. the Logan Co., 543 F. Supp. 586 (W.D. Ky. 1982) and deposition testimony. See Brooks v. The Solomon Co., 542 F. Supp 1229 (N.D. Ala 1982). Certainly, a Notice of Discontinuance as to all supposedly non-diverse co-defendants would suffice.

If the matter was not initially removable in light of the inclusion of additional defendants in the initial pleading, as opposing counsel suggests, the Notice of Discontinuance extinguishing all claims against those defendants obviously was a document from which Mr. Rubenstein could have first ascertained that the case was now one which had become removable pursuant 28

Assuming, *arguendo*, that the matter was not initially removable due to the inclusion of MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL as defendants, it clearly became removable when all claims against all of these defendants were discontinued on February 5, 2007. It is again worth noting that plaintiff only agreed to discontinue the claims against said defendants at the request of and based upon information provided by opposing counsel Todd C. Rubenstein, who has represented all of the

U.S.C.S. § 1446(b). It therefore served to trigger the strict thirty day time limit in which defendants were then required to file a Notice of Removal. In light of the above, the very latest that defendants had to file said Notice of Removal was March 5, 2007.

## CONCLUSION

The Notice of Removal by defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. was defective and untimely pursuant to 28 U.S.C.S. § 1446(b). The defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., have failed to prove that the matter could not be removed upon the receipt of the initial pleading, which, if so, would have required them to file a Notice of Removal by January of 2007. Defendants have likewise failed to demonstrate why the matter did not become removable with the discontinuance of all claims against the purportedly non-diverse co-defendants on February 5, 2007.

Dated: Bronx, New York
December 26, 2007

Respectfully Submitted:

FAGA SAVINO, LLP.

By: _____
Kevin B. Faga, Esq. (KF 5829)
Attorneys for Plaintiff
1200 Waters Place, Suite 301
Bronx, New York 10461
(718) 931-6000

5

U.S.C.S. § 1446(b). It therefore served to trigger the strict thirty day time limit in which defendants were then required to file a Notice of Removal. In light of the above, the very latest that defendants had to file said Notice of Removal was March 5, 2007.

## CONCLUSION

The Notice of Removal by defendants RICHARD WELLS and NEW ENGLAND