# EXHIBIT B

# ROBERT M. BLAKEMAN & ASSOCIATES

ATTORNEYS AT LAW

108 SOUTH FRANKLIN AVENUE - SUITE 1
VALLEY STREAM, L.I., NEW YORK 11580
(516) 825-7575
TELEFAX: (516) 825-7249

ROBERT M. BLAKEMAN +
BRUCE A. BLAKEMAN °
———
TODD C. RUBENSTEIN °

COUNSEL
ROYAL E. BLAKEMAN +

+ ADMITTED IN NY & CA
° ADMITTED IN NY & NJ

NEW JERSEY OFFICE:
1-71 NORTH AVE. EAST
ELIZABETH, NEW JERSEY 07201
(908) 965-2258

February 5, 2007

VIA FACSIMILE 718-931-6056
AND FIRST CLASS MAIL

James L. Hyer, Esq.
Faga Savino, LLP
1200 Waters Place
Suite 301
Bronx, New York 10461

Re: *Hector Lopez v. Richard Wells, New England Motor Freight, Inc., Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg and Jon Shevell*
Supreme/Bronx
Index No.: 24736/06

Dear Mr. Hyer:

As we discussed last week, we have been retained to represent defendants in the above matter. This shall confirm our conversation wherein you agreed to immediately provide our office with a Notice of Discontinuance as to defendants, Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg and Jon Shevell. In return, we have agreed to file a responsive pleading as to defendants, Richard Wells and New England Motor Freight, Inc., waiving personal jurisdiction as to these defendants.

To that end, we enclose herewith a proposed Notice of Discontinuance, which we ask that you sign and return to our office. Also enclosed is a Stipulation memorializing our agreement as to defendants, Richard Wells and New England Motor Freight, Inc., which we also request that you sign and return to our office as well. Once we are in receipt of the Notice of

---

# ROBERT M. BLAKEMAN & ASSOCIATES

ATTORNEYS AT LAW

108 SOUTH FRANKLIN AVENUE - SUITE 1
VALLEY STREAM, L.I., NEW YORK 11580
(516) 825-7575
TELEFAX: (516) 825-7249

ROBERT M. BLAKEMAN +
BRUCE A. BLAKEMAN °
———
TODD C. RUBENSTEIN °

COUNSEL
ROYAL E. BLAKEMAN +

+ ADMITTED IN NY & CA
° ADMITTED IN NY & NJ

NEW JERSEY OFFICE:
1-71 NORTH AVE. EAST
ELIZABETH, NEW JERSEY 07201
(908) 965-2258

February 5, 2007

Discontinuance, we shall forward a fully executed Stipulation to your office.

    Thank you for your anticipated cooperation.

                            Very truly yours,

TCR/kmo                         Todd C. Rubenstein
Enc.

Discontinuance, we shall forward a fully executed Stipulation to your office.

    Thank you for your anticipated cooperation.

                            Very truly yours,

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------X    Index No.: 24736/06
HECTOR LOPEZ,

                        Plaintiff,          NOTICE OF
                                            DISCONTINUANCE
        -against-                           AS TO DEFENDANTS
                                            MYRON P. SHEVELL,
RICHARD WELLS, NEW ENGLAND MOTOR            JOHN KARLBERG,
FREIGHT, INC., MYRON P. SHEVELL,           NANCY BLAKEMAN,
JOHN KARLBERG, NANCY BLAKEMAN,             CRAIG EISENBERG and
CRAIG EISENBERG and JON SHEVELL,           JON SHEVELL

                        Defendant(s).
------------------------------------X

SIRS:

    **PLEASE TAKE NOTICE**, that pursuant to CPLR 3217(a)(1) the

attorneys for the plaintiff, Hector Lopez, hereby discontinue

the above-entitled action as to defendants, Myron P. Shevell,

John Karlberg, Nancy Blakeman, Craig Eisenberg and Jon Shevell,

without costs or fees as to either party against each other.


Dated:    Bronx, New York
          February 5, 2007


                        By: James L. Hyer, Esq.
                        Paga Savino, LLP
                        Attorneys for Plaintiff
                        1200 Waters Place
                        Suite 301
                        Bronx, New York 10461

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------X    Index No.: 24736/06
HECTOR LOPEZ,

                        Plaintiff,          NOTICE OF
                                            DISCONTINUANCE
        -against-                           AS TO DEFENDANTS
                                            MYRON P. SHEVELL,
RICHARD WELLS, NEW ENGLAND MOTOR            JOHN KARLBERG,
FREIGHT, INC., MYRON P. SHEVELL,           NANCY BLAKEMAN,
JOHN KARLBERG, NANCY BLAKEMAN,             CRAIG EISENBERG and

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------X    Index No.: 24736/06
HECTOR LOPEZ,

                                   **NOTICE OF APPEARANCE AND**
                        Plaintiff,     **VERIFIED ANSWER WITH**
                                   **AFFIRMATIVE DEFENSES**

    -against-

RICHARD WELLS, NEW ENGLAND MOTOR
FREIGHT, INC., MYRON P. SHEVELL,
JOHN KARLBERG, NANCY BLAKEMAN,
CRAIG EISENBERG and JON SHEVELL,

                        Defendant(s).
------------------------------------X

     **PLEASE TAKE NOTICE,** that the above-named defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., hereby appear in this action and that the undersigned have been retained as attorneys for said defendants and demand that you serve all papers in this proceeding upon them at the address stated below.

     **PLEASE TAKE FURTHER NOTICE,** that said answering defendants hereby interpose the following answer to the plaintiff's Verified Complaint:

           **AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION**

     1.    Answering defendants deny information and/or knowledge sufficient to form a belief as to the allegations contained in paragraphs marked "2", "21", "22", "23", "24", "25" and "29" of plaintiff's Complaint, and therefore deny same.

     2.    Answering defendants deny each and every allegation contained in paragraphs marked "7", "8", "9", "10", "11", "13",

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------X    Index No.: 24736/06
HECTOR LOPEZ,

                                     **NOTICE OF APPEARANCE AND**
                        Plaintiff,     **VERIFIED ANSWER WITH**
                                   **AFFIRMATIVE DEFENSES**

    -against-

RICHARD WELLS, NEW ENGLAND MOTOR
FREIGHT, INC., MYRON P. SHEVELL,

"14", "16, "17", "19", "20", "27", "28", "30", "31", "32", "33"
and "34" of plaintiff's Complaint.

    3.  Answering defendants deny each and every allegation
contained in paragraph marked "3" of plaintiff's Complaint,
except admit defendant, RICHARD WELLS, is an individual residing
in Meriden, Connecticut.

    4.  Answering defendants deny each and every allegation
contained in paragraph marked "4" of plaintiff's Complaint,
except admit defendant, NEW ENGLAND MOTOR FREIGHT, INC., is a
New Jersey corporation.

    5.  Answering defendants deny each and every allegation
contained in paragraph marked "5" of plaintiff's Complaint,
except admit that on September 22, 2006, defendant, RICHARD
WELLS, was employed by NEW ENGLAND MOTOR FREIGHT, INC.

    6.  Answering defendants deny each and every allegation
contained in paragraph marked "6" of plaintiff's Complaint,
except admit that Myron P. Shevell is the Chief Executive
Officer of NEW ENGLAND MOTOR FREIGHT, INC.

    7.  Answering defendants deny each and every allegation
contained in paragraph marked "12" of plaintiff's Complaint,
except admit that Nancy Blakeman is a Vice President of NEW
ENGLAND MOTOR FREIGHT, INC.

    8.  Answering defendants deny each and every allegation
contained in paragraph marked "15" of plaintiff's Complaint,

2

"14", "16, "17", "19", "20", "27", "28", "30", "31", "32", "33"
and "34" of plaintiff's Complaint.

    3.  Answering defendants deny each and every allegation
contained in paragraph marked "3" of plaintiff's Complaint,
except admit defendant, RICHARD WELLS, is an individual residing

except admit that Craig Eisenberg is a Vice President of NEW ENGLAND MOTOR FREIGHT, INC.

9. Answering defendants deny each and every allegation contained in paragraph marked "18" of plaintiff's Complaint, except admit that Jon Shevell is a Vice President of NEW ENGLAND MOTOR FREIGHT, INC.

10. Answering defendants deny each and every allegation contained in paragraph marked "26" of plaintiff's Complaint, except admit that on September 22, 2006, defendant, RICHARD WELLS, was employed by NEW ENGLAND MOTOR FREIGHT, INC.

### AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

11. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" in the First Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

12. Answering defendants deny each and every allegation contained in paragraphs marked "36", "37", "38", "39", "40", "41" and "42" of plaintiff's Complaint.

### AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

3

except admit that Craig Eisenberg is a Vice President of NEW ENGLAND MOTOR FREIGHT, INC.

9. Answering defendants deny each and every allegation contained in paragraph marked "18" of plaintiff's Complaint, except admit that Jon Shevell is a Vice President of NEW ENGLAND

13. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action and paragraphs "35" through "42" of the Second Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

14. Answering defendants deny each and every allegation contained in paragraphs marked "44", "45", "46", "47", "48", "49" and "50" of plaintiff's Complaint.

## AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION

15. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action, paragraphs "35" through "42" of the Second Cause of Action and paragraphs "43" through "50" of the Third Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

13. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" th

16.  Answering defendants deny each and every allegation contained in paragraphs marked "52", "53", "54", "55", "56", "57" and "58" of plaintiff's Complaint.

### AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION

17.  Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action, paragraphs "35" through "42" of the Second Cause of Action, paragraphs "43" through "50" of the Third Cause of Action and paragraphs "51" through "58" of the Fourth Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

18.  Answering defendants deny each and every allegation contained in paragraphs marked "60", "61", "62", "63", "64", "65" and "66" of plaintiff's Complaint.

### AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION

19.  Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action,

5

16.  Answering defendants deny each and every allegation contained in paragraphs marked "52", "53", "54", "55", "56", "57" and "58" of plaintiff's Complaint.

### AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION

17.  Answering defendants repeat, reiterate and reallege

paragraphs "35" through "42" of the Second Cause of Action, paragraphs "43" through "50" of the Third Cause of Action, paragraphs "51" through "58" of the Fourth Cause of Action and paragraphs "59" through "66" of the Fifth Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

20. Answering defendants deny each and every allegation contained in paragraphs marked "68", "69", "70", "71", "72", "73" and "74" of plaintiff's Complaint.

## AS AND FOR A RESPONSE TO THE SEVENTH CAUSE OF ACTION

21. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action, paragraphs "35" through "42" of the Second Cause of Action, paragraphs "43" through "50" of the Third Cause of Action, paragraphs "51" through "58" of the Fourth Cause of Action, paragraphs "59" through "66" of the Fifth Cause of Action and "67" through "74" of the Sixth Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

6

paragraphs "35" through "42" of the Second Cause of Action, paragraphs "43" through "50" of the Third Cause of Action, paragraphs "51" through "58" of the Fourth Cause of Action and paragraphs "59" through "66" of the Fifth Cause of Action inclusive with the same force and effect as though more fully

22.  Answering defendants deny each and every allegation contained in paragraphs marked "76", "77", "78", "79", "80", "81" and "82" of plaintiff's Complaint.

<u>AND AS FOR A FIRST AFFIRMATIVE DEFENSE</u>

23.  The plaintiff's claims are barred, or in the alternative, the damages to which the plaintiff may be entitled are limited as may be applicable by the Doctrine of Sudden Emergency and/or Avoidable Consequences and/or Unavoidable Accident and/or Assumption of Risk.

<u>AND AS FOR A SECOND AFFIRMATIVE DEFENSE</u>

24.  The Complaint filed herein fails to state a cause of action as against these answering defendants upon which relief can be granted.

<u>AND AS FOR A THIRD AFFIRMATIVE DEFENSE</u>

25.  That any verdict in the within action, for past, present, and future medical care, dental care, custodial care, or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part of or from collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

7

22.  Answering defendants deny each and every allegation contained in paragraphs marked "76", "77", "78", "79", "80", "81" and "82" of plaintiff's Complaint.

<u>AND AS FOR A FIRST AFFIRMATIVE DEFENSE</u>

23.  The plaintiff's claims are barred, or in the

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

26.    The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

The plaintiff did not sustain serious injury as defined by §5102 of the Insurance Law of the State of New York, and her exclusive remedy therefore, is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

The plaintiff's cause of action is barred by Article 15, §5104 of the Insurance Law of the State of New York.

## AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

27.    The plaintiff has failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in his complaint.

## AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

28.    Although the defendants deny the allegations as to injuries and damages alleged, these injuries and damages, if any, were caused by intervening, preceding or superceding acts, conduct or negligence or third persons, parties, corporate entities and/or independent agencies over whom these answering defendants had no control or responsibility.

8

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

26.    The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

The plaintiff did not sustain serious injury as defined by

## AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

29.  Plaintiff's Complaint must be dismissed or transferred for forum non-conveniens and/or improper venue.

## AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

30.  That  any  injuries  and/or  damages  sustained  by plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of plaintiff and not as a result of any contributory negligence  and/or  culpable  conduct  on  the  part  of  these answering defendants.

## AND AS FOR A NINTH AFFIRMATIVE DEFENSE

31.  The  liability  of  these  defendants,  if  any,  to  the plaintiff  for  non-economic  loss  is  limited  to  its  equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AND AS FOR AN TENTH AFFIRMATIVE DEFENSE

32.  Plaintiff's Complaint does not comply with C.P.L.R. §3017(c)  and  must  be  dismissed  and/or  stricken  as  to  the improper paragraphs and content.

## AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

29.  Plaintiff's Complaint must be dismissed or transferred for forum non-conveniens and/or improper venue.

## AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

**WHEREFORE**, defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., demand judgment against plaintiff dismissing the Verified Complaint against these answering defendants, together with all costs and disbursements of this action.

Dated:      Valley Stream, New York
            February 23, 2007

                        Yours, etc.

                        _____
                        By: Todd C. Rubenstein
                        ROBERT M. BLAKEMAN & ASSOCIATES
                        Attorneys for Defendants
                        RICHARD WELLS and NEW ENGLAND
                        MOTOR FREIGHT, INC.
                        108 South Franklin Avenue, Suite 1
                        Valley Stream, NY  11580
                        (516) 825-7575

TO:   James L. Hyer, Esq.
      Faga Savino, LLP
      Attorneys for Plaintiff
      1200 Waters Place, Suite 301
      Bronx, New York 10461
      (718) 931-6000

10

**WHEREFORE**, defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., demand judgment against plaintiff dismissing the Verified Complaint against these answering defendants, together with all costs and disbursements of this action.

Dated:      Valley Stream, New York
            February 23, 2007

**VERIFICATION**

State of New York
                              ss.:
County of Nassau


    I, Todd C. Rubenstein, Esq., being duly sworn, state:

    I am the attorney for defendants in this action.    The foregoing Verified Answer is true to my knowledge, except as to matters therein stated on information and belief and as to those matters I believe it to be true.  The grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by defendants and interviews with officers and employees of defendant corporation.    This verification is not made by defendant corporation because it is a foreign corporation.

                             _____
                             Todd C. Rubenstein

Dated: February 23, 2007

---

**VERIFICATION**

State of New York
                              ss.:
County of Nassau

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

HECTOR LOPEZ,

        Plaintiff,

   -against-

RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

        Defendants.
-------------------------------------------------------------X

**07 CV 10707**

NOTICE OF REMOVAL

Civil Action No.:

RECEIVED
NOV 3 2007
U.S.D.C. S.D.N.Y.
CASHIERS

To:  THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

   This Notice of Removal on behalf of defendants RICHARD WELLS and NEW

ENGLAND MOTOR FREIGHT, INC. respectfully shows:

   1.  The above described action is one in which this Court has original

jurisdiction under the provisions of 28 U.S.C.§1332 and is one which may be removed to

this Court by petitioner, pursuant to the provisions of 28 U.S.C.§1441 in that the matter

in controversy allegedly exceeds the sum or value of $75,000.00 exclusive of interest and

costs.

   2.  On or about December 29, 2006 an action was commenced against

defendants RICHARD WELLS, NEW ENGLAND MOTOR FREIGHT, INC., MYRON

P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and

JON SHEVELL, in the Supreme Court of the State of New York, Bronx County seeking

Fifty Million ($50,000,000.00) Dollars. *Copies of the Summons and Complaint are*

*attached hereto and marked as Exhibit "A".*

   3  On or about February 23, 2007 defendants RICHARD WELLS and NEW

ENGLAND MOTOR FREIGHT, INC served their Notice of Appearance, Verified



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

HECTOR LOPEZ,

        Plaintiff,

   -against-

RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

        Defendants.
-------------------------------------------------------------X

**07 CV 10707**

NOTICE OF REMOVAL

Civil Action No.:

RECEIVED
NOV 3 2007
U.S.D.C. S.D.N.Y.

Answer and Affirmative defenses to the Complaint[1]. *Copies of the Verified Answer and Defenses are attached hereto and marked as Exhibit "B".*

4.    On or about November 5, 2007 the Bronx County Clerk entered a Stipulation and Order amending the caption so that only RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC remain as named defendants, and striking all causes of action and allegations of negligence as to the discontinued defendants. The Stipulation and Order further required plaintiff to file an amended complaint to reflect the contents of the Order[2]. *Stipulation and Order is attached hereto as Exhibit "C".*

5.    On or about November 16, 2007 plaintiff served his amended complaint upon defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC, making this case eligible for Removal to this Court[3]. *Amended Complaint annexed hereto as Exhibit "D"*

6.    As set forth in the amended complaint, plaintiff is a citizen of New York and resident of Bronx County, specifically 2145 Chatterton Avenue, Bronx, New York 10453, defendant RICHARD WELLS is a citizen of Connecticut, specifically 58 Wells Terrace, Meriden, Connecticut 06450, and defendant NEW ENGLAND MOTOR FREIGHT, INC. was, and at the time this action was commenced, and still is, a

[1] The responsive pleading was filed by Robert M., Blakeman & Associates. On March 8, 2007 Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP filed and served a Consent to Change Attorney on behalf of moving defendants, and has represented moving defendants going forward.

[2] On or about February 13, 2007 plaintiff filed a Notice of Discontinuance with the Bronx County Clerk as to defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL[2]. Upon information and belief the Notice was never served upon the discontinued defendants as required by CPLR § 3217(a)(1) and no affidavits of service are on file with the Bronx County Clerk. The Notice did not alter the caption in any way and did not serve to dismiss the paragraphs asserting the causes of action and allegations of wrongdoing as to the said defendants. The Stipulation and Order was the result of a Motion filed by defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. seeking the relief reflected in same.

[3] Plaintiff's Complaint asserted damages of $50 million. The Amended Complaint was not permitted to include a specific claim for damages as mandated by CPLR § 3017(c).

Answer and Affirmative defenses to the Complaint[1]. *Copies of the Verified Answer and Defenses are attached hereto and marked as Exhibit "B".*

4.    On or about November 5, 2007 the Bronx County Clerk entered a Stipulation and Order amending the caption so that only RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC remain as named defendants, and striking all causes of action and allegations of negligence as to the discontinued defendants. The

corporation organized under the laws of the State of New Jersey, having its principal

office at 1-71 North Avenue East, Elizabeth, New Jersey 07201[4].

7.        There have been no proceedings held in the Supreme Court of the State of

New York-Bronx County with regard to this matter, except for a Preliminary Conference

on discovery resulting in an order and the Motion seeking the relief that was ultimately

granted by Stipulation and Order referenced above.

**WHEREFORE,** defendants RICHARD WELLS and NEW ENGLAND MOTOR

FREIGHT, INC. request that this action now pending against it in the Supreme Court of

the State of New York, Bronx County, be removed therefrom to this Court.

Dated:  Lake Success, New York
        November 29, 2007

                                        Yours etc.,

                                        ABRAMS, FENSTERMAN,
                                        FENSTERMAN, EISMAN, GREENBERG,
                                        FORMATO & EINIGER, LLP
                                        Attorneys for Defendants
                                        RICHARD WELLS and NEW ENGLAND
                                        MOTOR FREIGHT, INC.

                                        BY: _____
                                        TODD C. RUBENSTEIN (TR-8884)
                                        1111 Marcus Avenue
                                        Suite 107
                                        Lake Success, New York 141042
                                        516-328-2300

---

[4] Prior to the Stipulation and Order, and Amended Complaint whereby the caption removed other defendants and dismissed all causes of action relating to them there was not complete diversity, and this case was not ripe for removal.

corporation organized under the laws of the State of New Jersey, having its principal

office at 1-71 North Avenue East, Elizabeth, New Jersey 07201[4].

7.        There have been no proceedings held in the Supreme Court of the State of

New York-Bronx County with regard to this matter, except for a Preliminary Conference

on discovery resulting in an order and the Motion seeking the relief that was ultimately

granted by Stipulation and Order referenced above.