# EXHIBIT F

COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---X

HECTOR LOPEZ,

Plaintiff,

-against-

RICHARD WELLS, NEW ENGLAND MOTOR FREIGHT, INC.,

Defendants.
---X

AMENDED COMPLAINT

Index No.: 24736-06

1. The Plaintiff above named by KEVIN B. FAGA, ESQ., attorney, complaining of the Defendants respectfully shows to the Court and alleges:

<u>AS AND FOR THE FIRST CAUSE OF ACTION</u>

2. That at all times hereinafter mentioned, the Plaintiff, HECTOR LOPEZ, was and still is an individual residing in the State of New York, County of Bronx, at 2145 Chatterton Avenue, Apt. 2R, Bronx, New York 10472.

3. That upon information and belief, at all times hereinafter mentioned, the Defendant, RICHARD WELLS, (hereinafter referred to as "WELLS"), was and still is an individual residing at 58 Wells Terrace, Meriden, Connecticut 06450.

4. That upon information and belief, at all times hereinafter mentioned, the Defendant, NEW ENGLAND MOTOR FREIGHT, INC., (hereinafter referred to

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---X

HECTOR LOPEZ,

Plaintiff,

-against-

AMENDED COMPLAINT

Index No.: 24736-06

as "NEW ENGLAND"), was and still is a foreign corporation, a domestic profit corporation of the State of New Jersey, doing business within the State of New York, with principal offices located at 1-71 North Avenue East, Elizabeth, New Jersey 07201 and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

5. That upon information and belief, at the time of impact with the Plaintiff, Defendant WELLS was an agent, officer, employee, contractor, subcontractor or otherwise employed by Defendant NEW ENGLAND.

6. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND owned and continues to own a certain 1998 Volvo, bearing New Jersey state Plate Number AE849B, (hereinafter referred to as the "Vehicle").

7. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND insured and continues to insure the Vehicle.

8. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND controlled and continues to control the Vehicle.

9. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND maintained and repaired and continues to maintain and repair the Vehicle.

as "NEW ENGLAND"), was and still is a foreign corporation, a domestic profit corporation of the State of New Jersey, doing business within the State of New York, with principal offices located at 1-71 North Avenue East, Elizabeth, New Jersey 07201 and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

10. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND managed and supervised and continues to manage and supervise the Vehicle.

11. That upon information and belief, on or about September 22, 2006 the Defendant, RICHARD WELLS, was acting as an agent, officer, employee, contractor, or sub-contractor of Defendant NEW ENGLAND.

12. That upon information and belief, on or about September 22, 2006 the Defendant, RICHARD WELLS, was driving Northbound on Interstate 87 and collided into the Plaintiff.

13. That upon information and belief, Defendant WELLS operated the Vehicle in a dangerous, unreasonable and reckless manner, in that the vehicle was operated in a manner that the Vehicle caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

14. That upon information and belief, Defendant WELLS was at all times hereinafter mentioned in possession and control of the vehicle.

15. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87 in the County of Orange, State of New York, without any negligence on his part he was caused to be impacted by Defendant WELLS causing him to sustain the injuries hereinafter alleged.

10. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND managed and supervised and continues to manage and supervise the Vehicle.

11. That upon information and belief, on or about September 22, 2006 the Defendant,

16. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence of the Defendant, WELLS, and without any contributory negligence on the part of the Plaintiff, by reason that the vehicle was negligently not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and maintained by the Defendant in a unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and repaired by the Defendant in a unsafe, unreasonable, reckless and negligent manner; that the Defendant operated, controlled, maintained and repaired the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

17. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant WELLS and by the Defendant's operation, control, maintenance and repair of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

18. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to

16. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence of the Defendant, WELLS, and without any contributory negligence on the part of the Plaintiff, by reason that the vehicle was negligently not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent

suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

19. That by reason of the aforesaid, this Plaintiff has been damaged in a sum of exceeding the jurisdictional limits of all lower courts in an amount to be determined at trial.

**AS AND FOR THE SECOND CAUSE OF ACTION**

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 34 with the same force and effect as if fully set forth herein.

21. That upon information and belief, Defendant NEW ENGLAND operated the Vehicle in a dangerous, unreasonable and reckless manner in that the Vehicle was operated in a manner that the Vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

22. That upon information and belief, Defendant NEW ENGLAND was at all times hereinafter mentioned in possession and control of the Vehicle.

23. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87 in the County of Orange, State of New

suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

York, without any negligence on his part he was caused to be impacted by the Vehicle owned, operated and controlled by the Defendant NEW ENGLAND causing him and sustain the injuries hereinafter alleged.

24. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant NEW ENGLAND and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the Vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the Vehicle in an unsafe, unreasonable, reckless and negligent manner; that the Defendant operated the Vehicle in an unsafe, unreasonable, reckless and negligent manner; that the Vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the Vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the Vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the Vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the Vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the Vehicle in violation of the

York, without any negligence on his part he was caused to be impacted by the Vehicle owned, operated and controlled by the Defendant NEW ENGLAND causing him and sustain the injuries hereinafter alleged.

24. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant NEW ENGLAND and

statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

25. That the Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant NEW ENGLAND and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the Vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

26. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

27. That by reason of the aforesaid, this Plaintiff has been damaged in a sum of exceeding the jurisdictional limits of all lower courts in an amount to be determined at trial.

statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

25. That the Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant NEW ENGLAND and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the

**WHEREFORE,** Plaintiff demands judgment against the Defendants on the first cause of action in a sum exceeding the jurisdictional limits of all lower courts to be determined at trial, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the second cause of action in a sum exceeding the jurisdictional limits of all lower courts to be determined at trial, together with the interest, cost and disbursements of this action, and all other such relief that this Court may deem just and proper.

**Dated:** **Bronx, New York**
**October 19, 2007**

**FAGA SAVINO, LLP.**

**By:** ______________________
**KEVIN B. FAGA, ESQ.**
***Attorneys for the Plaintiff***
**1200 Waters Place, Suite 301**
**Bronx, New York 10461**
**(718) 931-6000**

**TO:** **Todd C. Rubenstein, Esq.**
**Abrams, Fensternam, Fensterman, Eisman,**
**Greenburg, Formato & Einiger LLP.**
***Attorneys for the Defendants***
**1111 Marcus Avenue, Suite 107**
**Lake Success, New York 11042**

**WHEREFORE,** Plaintiff demands judgment against the Defendants on the first cause of action in a sum exceeding the jurisdictional limits of all lower courts to be determined at trial, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the second cause of action in a sum exceeding the jurisdictional limits of all lower courts to be determined at trial, together with the interest, cost and disbursements of this action, and all other such relief

# EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------- x

HECTOR LOPEZ,

Plaintiff,

-against-

RICHARD WELLS, NEW ENGLAND MOTOR, FREIGHT, INC., MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL,

Defendants.

---------------------------------------- x

Index No. 24736/06

NOTICE OF MOTION TO AMEND CAPTION AND STRIKE CAUSES OF ACTION AND <u>PRAYER FOR DAMAGES</u>

MOTION BY: Defendants, RICHARD WELLS AND NEW ENGLAND MOTOR FREIGHT, INC.

DATE, TIME AND PLACE OF HEARING: October 26, 2007, 9:30 a.m. at the Bronx Supreme Court, located at 851 Grand Concourse, Bronx, New York 10451.

SUPPORTING PAPERS: Affirmation in Support of Todd C. Rubenstein, Esq., sworn to on September 27, 2007, with Exhibits "A" through "C".

RELIEF DEMANDED: An order pursuant to at least CPLR § 3025(b) to Amend the Caption to remove discontinued defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg and Jon Shevell;

An order pursuant to at least CPLR § 3024(b) to Strike all Causes of Action and paragraphs as they relate to the discontinued defendants from the Complaint, to wit: paragraph # 6 through 20 and 43 through

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------- x

HECTOR LOPEZ,

Plaintiff,

-against-

Index No. 24736/06

NOTICE OF MOTION
TO AMEND CAPTION
AND STRIKE CAUSES

82, inclusive of the Third, Fourth, Fifth, Sixth and Seventh Causes of Action; and

An order pursuant to at least CPLR §3017(c) to Strike the "Wherefore Clause" and all paragraphs of the Complaint relating to any specific dollar amount of damages in the Complaint, to wit: paragraphs #32, 42, 50, 58, 66, 74 and 82.

NATURE OF ACTION: The complaint is for an alleged personal injury claim resulting from an accident.

OPPOSING PAPERS: Pursuant to CPLR §2214(b), answering papers, if any, must be served at least seven days before the return date of this motion.

Dated: September 27, 2007

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, GREENBERG, FORMATO & EINIGER, LLP

By_______________________________
Todd C. Rubenstein, Esq.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300
Attorneys for Defendants
RICHARD WELLS & NEW ENGLAND MOTOR FREIGHT, INC.

To: James L. Hyer, Esq.
Faga Savino, LLP
Attorneys for Plaintiff
1200 Waters Place
Suite 301
Bronx, New York 10461

82, inclusive of the Third, Fourth, Fifth, Sixth and Seventh Causes of Action; and

An order pursuant to at least CPLR §3017(c) to Strike the "Wherefore Clause" and all paragraphs of the Complaint relating to any specific dollar amount of damages in the Complaint, to wit: paragraphs #32, 42, 50, 58, 66, 74 and 82.

NATURE OF ACTION: The complaint is for an alleged personal injury claim resulting from an accident.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------- x

**HECTOR LOPEZ,** :

Plaintiff, : Index No. 24736/06

-against- : **AFFIRMATION IN** **<u>SUPPORT OF MOTION</u>**

**RICHARD WELLS, NEW ENGLAND MOTOR, FREIGHT, INC., MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL,** :

Defendants. :

---------------------------------------- x

TODD C. RUBENSTEIN, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following under penalties of perjury:

(1) I am an attorney associated with the law firm of ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, GREENBERG, FORMATO, & EINIGER, LLP, attorneys for the Defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., in the above entitled action, and as such, I am fully familiar with all of the facts and circumstances set forth herein.

(2) I submit this affirmation in support of the Plaintiff's Motion to Amend Caption pursuant to at least CPLR § 3025(b) to remove discontinued defendants Myron P. Shevell, John Karlberg, Nancy Balkeman, Craig Eisenberg and Jon Shevell, to Strike Causes of Action and paragraphs from the Complaint as they relate to the discontinued defendants, pursuant to at least CPLR § 3024(b), and to Strike the "Wherefore Clause" and all paragraphs of the Complaint relating to any specific dollar amount of damages in the Complaint, pursuant to at least CPLR § 3017(c).

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------- x

**HECTOR LOPEZ,** :

Plaintiff, : Index No. 24736/06

-against- : **AFFIRMATION IN** **<u>SUPPORT OF MOTION</u>**

(3) On or about December 29, 2006, the Plaintiff, Hector Lopez, filed a Complaint against the above-captioned Defendants, in connection with an automobile accident involving the Plaintiff and Defendant, Richard Wells. A copy of the original Complaint is attached hereto and made a part hereof as **Exhibit "A"**.

(4) On February 13, 2007, the Plaintiff, by and through his counsel, James L. Hyer, Esq. of Faga Savino, LLP, filed a Notice of Discontinuance as to Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell. A copy of the Notice of Discontinuance is attached hereto and made a part hereof as **Exhibit "B"**.

(5) On February 23, 2007, Defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. served their Answer to Plaintiff's Complaint. A copy of the Answer by Defendants, RICHARD WELLS AND NEW ENGLAND MOTOR FREIGHT, INC. is attached hereto and made a part hereof as **Exhibit "C"**.

**AS TO MOTION TO AMEND CAPTION**

(6) Where the Plaintiff has filed a Notice of Discontinuance as to Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell, those Defendants are no longer parties to this action.

(7) Accordingly, the Caption to the Plaintiff's Complaint should be amended to reflect the dismissal of Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell as Defendants. See CPLR § 3025(b); Einheber v. Bodenheimer, et al., 12 Misc.3d 1177(A), 820 N.Y.S.2d 842 (Table), 2006 WL 1835019 (N.Y.Sup.), 2006 N.Y. Slip Op. 51264(u). The Caption, as it is currently stated, reads as follows:

(3) On or about December 29, 2006, the Plaintiff, Hector Lopez, filed a Complaint against the above-captioned Defendants, in connection with an automobile accident involving the Plaintiff and Defendant, Richard Wells. A copy of the original Complaint is attached hereto and made a part hereof as **Exhibit "A"**.

(4) On February 13, 2007, the Plaintiff, by and through his counsel, James L. Hyer, Esq. of Faga Savino, LLP, filed a Notice of Discontinuance as to Defendants Myron P. Shevell, John

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

---------------------------------------- x

**HECTOR LOPEZ,** :

**Plaintiff,** : **Index No. 24736/06**

**-against-** :
:

**RICHARD WELLS, NEW ENGLAND MOTOR, FREIGHT, INC., MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL,** :
:
:

**Defendants.** :

---------------------------------------- x

The Caption, after it is amended pursuant to CPLR § 3025(b) to reflect the discontinuance of the Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell, should read as follows:

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

---------------------------------------- x

**HECTOR LOPEZ,** :

**Plaintiff,** : **Index No. 24736/06**

**-against-** :
:

**RICHARD WELLS and NEW ENGLAND MOTOR, FREIGHT, INC.,** :
:

**Defendants.** :

---------------------------------------- x

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

---------------------------------------- x

**HECTOR LOPEZ,** :

**Plaintiff,** : **Index No. 24736/06**

**-against-** :
:

**AS TO MOTION TO STRIKE CAUSES OF ACTION RELATING TO THE DISCONTINUED DEFENDANTS**

(8) Where the Plaintiff filed a Notice of Discontinuance with the Court on February 13, 2007, concerning Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell, those Defendants are no longer parties to this action.

(9) Since Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell are no longer parties to this action and the Complaint should be amended to reflect the dismissal of those defendants, the Court should strike the Plaintiff's Causes of Action relating to those Defendants from the Complaint. See CPLR § 3024(b); Einheber v. Bodenheimer, et al., 12 Misc.3d 1177(A), 820 N.Y.S.2d 842 (Table), 2006 WL 1835019 (N.Y.Sup.), 2006 N.Y. Slip Op. 51264(u).

(10) Specifically, the Defendants, RICHARD WELLS AND NEW ENGLAND MOTOR FREIGHT, INC., request the Court to **strike paragraphs #6 though and to include #20** of the **Plaintiff's First Cause of Action** of the Complaint, as they relate solely to the discontinued Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell.

(11) Additionally, the Defendants, RICHARD WELLS AND NEW ENGLAND MOTOR FREIGHT, INC., request the Court to strike the following: **Plaintiff's Third Cause of Action (paragraphs #43 though and to include #50** of the Plaintiff' Complaint); **Plaintiff's Fourth Cause of Action (paragraphs #51 through and to include #58** of the Plaintiff's Complaint); **Plaintiff's Fifth Cause of Action (paragraph # 59 through and to include #66** of the Plaintiff's Complaint); **Plaintiff's Sixth Cause of Action (paragraph # 67 through and to include # 74** of the Plaintiff's Complaint); and **Plaintiff's Seventh Cause of Action (paragraph # 75 through and to include #82** of the Plaintiff's Complaint). These Causes of Action and paragraphs relate solely to the

**AS TO MOTION TO STRIKE CAUSES OF ACTION RELATING TO THE DISCONTINUED DEFENDANTS**

(8) Where the Plaintiff filed a Notice of Discontinuance with the Court on February 13, 2007, concerning Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell, those Defendants are no longer parties to this action.

discontinued Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell.

**AS TO MOTION TO STRIKE THE PLAINTIFF'S PRAYER FOR DAMAGES**

(12) CPLR § 3017 states in pertinent part that in an action to recover damages for personal injuries or wrongful death, "a complaint shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled.(Emphasis added). If the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction."

(13) The Plaintiff, in the final paragraph of each cause of action, and again in the "WHEREFORE" clause of his Complaint, alleges damages in the amount of Fifty Million ($50,000,000.00) Dollars.

(14) The nature of the Plaintiff's Complaint is that of an alleged personal injury sustained by the Plaintiff in an vehicular accident with the Defendants.

(15) The Court has held in personal injury or wrongful death actions that a pleading may contain only a general prayer for relief. State Farm Mutual Automobile Insurance Company v. City of White Plains, 8 Misc.3d 916, 798 N.Y.S.2d 650, 2005 N.Y. Slip. Op. 25256.

(16) Furthermore, a complaint must contain a clause alleging that the relief sought by the Plaintiff meets the jurisdictional requirement of the court. Streit v. Parker, 94 Misc.2d 295, 404 N.Y.S.2d 308 (1978).

(17) In the instant case, the Plaintiff has failed to include a clause in his Complaint stating that the relief he seeks meets the jurisdictional requirement of the court. Plaintiff, by alleging damages of Fifty Million ($50,000,000.00) Dollars, has alleged damages other than a general prayer

discontinued Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell.

**AS TO MOTION TO STRIKE THE PLAINTIFF'S PRAYER FOR DAMAGES**

(12) CPLR § 3017 states in pertinent part that in an action to recover damages for personal

for relief in violation of CPLR § 3017.

(18) Specifically, the Defendants, RICHARD WELLS AND DEFENDANT NEW ENGLAND MOTOR FREIGHT, INC., request the Court to **strike paragraph #34, 42, 50, 58, 66, 74, and 82**, as these numbered paragraphs allege damages of Fifty Million ($50,000,000.00) Dollars and requests relief other than a general prayer for relief in violation of CPLR § 3017.

(19) Therefore, the Court must strike the Plaintiff's prayer for damages in each and every cause of action of the Plaintiff's Complaint. Additionally, the Court must strike the Plaintiff's prayer for damages in the Plaintiff's "WHEREFORE" clause of his Complaint, as it alleges damages of Fifty Million ($50,000,000.00) Dollars for each cause of action, and seeks relief other than a general prayer for relief in violation of CPLR § 3017.

**WHEREFORE**, your affiant respectfully requests that the Defendants' Motion to Amend the Caption to reflect only the two remaining Defendants, to Strike the Causes of Action and paragraphs relating to the discontinued Defendants, and to Strike the Prayer for Damages, be granted in its entirety together with such other and further relief as this Court may deem just, proper and equitable under the circumstances.

Dated: Lake Success, New York
September 27, 2007

TODD C. RUBENSTEIN, ESQ.

for relief in violation of CPLR § 3017.

(18) Specifically, the Defendants, RICHARD WELLS AND DEFENDANT NEW ENGLAND MOTOR FREIGHT, INC., request the Court to **strike paragraph #34, 42, 50, 58, 66, 74, and 82**, as these numbered paragraphs allege damages of Fifty Million ($50,000,000.00) Dollars and requests relief other than a general prayer for relief in violation of CPLR § 3017.

(19) Therefore, the Court must strike the Plaintiff's prayer for damages in each and every