UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HECTOR LOPEZ,

                                       Plaintiff,

    -against-

RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

                                       Defendant.
------------------------------------------------------------------X

**Civil Action No.:**

07-CV-10707 (PKL)
Date Filed: 11/30/07

**NOTICE OF MOTION TO REMAND**

      **PLEASE TAKE NOTICE** that upon the annexed declaration of KEVIN B. FAGA, declared on December 26, 2007, and upon all papers, exhibits and the memorandum of law annexed hereto, together with all the pleadings and proceedings heretofore had herein, the plaintiff HECTOR LOPEZ, by and through his counsel, FAGA SAVINO, LLP, will move this Court at the United States Courthouse located at 500 Pearl St., Courtroom 18-B, before the Honorable Peter K. Leisure, U.S.D.J., on a day and time to be determined by the Court, for an Order:

(a)    Remanding the matter to State Court as the removal by defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. was defective and untimely pursuant to 28 U.S.C.S. § 1446(b);

(b)    Awarding plaintiff HECTOR LOPEZ payment of just costs, expenses and attorneys fees incurred as a result of the removal pursuant to 28 U.S.C.S. § 1447(c);

(c)    granting plaintiff, HECTOR LOPEZ, such other and further relief, as may be just, proper and equitable under the circumstances.

      **PLEASE TAKE FURTHER NOTICE** that answering affidavits, if any, must be filed within 14 days of service of the within motion, and Reply affidavits must be filed within 7 days thereof.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HECTOR LOPEZ,

                                       Plaintiff,

    -against-

RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

**Civil Action No.:**

07-CV-10707 (PKL)
Date Filed: 11/30/07

**NOTICE OF MOTION TO REMAND**

Dated:      New York, New York
            December 26, 2007

                                        **FAGA SAVINO, LLP.**

                                        By: _____
                                        Kevin B. Faga, Esq. (KF 5829)
                                        Attorneys for Plaintiff
                                        1200 Waters Place, Suite 301
                                        Bronx, New York 10461
                                        (718) 931-6000

TO:   ABRAMS, FENSTERMAN, FENSTERMAN,
      EISMAN, GREEMBERG, FORMATO & EINIGER, LLP.
      Attorneys for the Defendants
      1111 Marcus Avenue, Suite 107
      Lake Success, New York 11042
      Attn: Todd C. Rubenstein, Esq.
      (516) 328-2300

Dated:      New York, New York
            December 26, 2007

                                        **FAGA SAVINO, LLP.**

                                        By: _____
                                        Kevin B. Faga, Esq. (KF 5829)
                                        Attorneys for Plaintiff
                                        1200 Waters Place, Suite 301
                                        Bronx, New York 10461
                                        (718) 931-6000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HECTOR LOPEZ,                                              07-CIV-10707 (PKL)

                    Plaintiff,                     **DECLARATION IN SUPPORT**
    -against-                                       **OF PLAINTIFF'S MOTION TO**
                                                                                    **REMAND**

RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

                    Defendant.
------------------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF BRONX      )

       **KEVIN B. FAGA**, an attorney duly admitted to practice before the bar of this Court hereby declares under penalties of perjury pursuant to 28 U.S.C. §1746 that the following statements are true:

       1.    I am a member of the law firm of FAGA SAVINO, LLP, attorneys for the plaintiff, HECTOR LOPEZ, in the above entitled action and as such I am fully familiar with all facts and proceedings heretofore had herein.

       2.    I submit this declaration in support of the instant motion to remand this matter to State Court as the removal by defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. was defective and untimely pursuant to 28 U.S.C.S. § 1446(b).

### FACTUAL BACKGROUND

       3.    This case arises from a motor vehicle accident that occurred on September 22, 2006. Plaintiff was seriously injured when a truck that was being operated by defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HECTOR LOPEZ,                                              07-CIV-10707 (PKL)

                    Plaintiff,                     **DECLARATION IN SUPPORT**
    -against-                                       **OF PLAINTIFF'S MOTION TO**
                                                                   **REMAND**

RICHARD WELLS and NEW ENGLAND MOTOR

RICHARD WELLS collided with the rear of a vehicle that was lawfully stopped on the right shoulder of Interstate 87 in Orange County, New York. As a result of the impact Plaintiff, HECTOR LOPEZ, was forcefully thrown from the parked vehicle. HECTOR LOPEZ suffered serious injuries, including a comminuted fracture of the distal third fibula, a non-displaced fracture of the medial malleolus and fractures of the fourth and fifth metatarsal heads requiring right great toe amputation and right ankle surgery.

## PROCEDURAL HISTORY

4. The instant matter was commenced or about December 28, 2006 with the filing of a complaint in the Supreme Court of the State of New York, Bronx County against defendants RICHARD WELLS, NEW ENGLAND MOTOR FREIGHT, INC. MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL. A copy the Summons and Complaint is annexed hereto as **Exhibit "A"**.

5. On February 5, 2007, this office received correspondence from Todd C. Rubenstein, Esq. which memorialized a telephone conference held with our office. The letter, which was signed by Mr. Rubenstein, indicated that he had been retained to represent all of the defendants in the above referenced matter. However, as per Mr. Rubenstein, who continues to serve as defense counsel in this action, defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL were not proper parties in the action. A copy of said correspondence is annexed hereto as **Exhibit "B"**.

6. At the specific request of and based upon information provided by Mr. Rubenstein, the plaintiff agreed to discontinue all claims against defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON

4

RICHARD WELLS collided with the rear of a vehicle that was lawfully stopped on the right shoulder of Interstate 87 in Orange County, New York. As a result of the impact Plaintiff, HECTOR LOPEZ, was forcefully thrown from the parked vehicle. HECTOR LOPEZ suffered serious injuries, including a comminuted fracture of the distal third fibula, a non-displaced fracture of the medial malleolus and fractures of the fourth and fifth metatarsal heads requiring right great toe amputation and right ankle surgery.

SHEVELL. As detailed in said correspondence, in exchange for the discontinuance, Mr. Rubenstein agreed to file a responsive pleading as to defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., the current defendants in this action. (See **Exhibit "B"**).

7. Mr. Rubenstein's office went so far as to draft a proposed Notice of Discontinuance as to defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL and forwarded a copy to this office. Plaintiff was satisfied with the proposed Notice, executed same on February 5, 2007 and forwarded a signed copy to defense counsel. A copy of the signed Notice of Discontinuance is annexed hereto as **Exhibit "C"**. As the Court can see the executed Notice of Discontinuance was stamped as received by the County Clerk, Bronx County on February 13, 2007.

8. As agreed, Mr. Rubenstein then served an Answer on behalf of defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. A copy of the aforementioned pleading, which is dated February 23, 2007, is annexed hereto as **Exhibit "D"**.

9. Notwithstanding the above, defendants' Notice of Removal was not filed with the United States District Court until November 30, 2007. A copy of the Notice of Removal is annexed hereto without attachments as **Exhibit "E"**.

10. Defendant incorrectly argues that the matter first became removable with the filing of an Amended Complaint on October 19, 2007. The Amended Complaint, however, merely served as matter of housekeeping, removing the names of and all claims against the previously discontinued defendants, MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL. A copy of the plaintiff's Amended Complaint is annexed hereto as **Exhibit "F"**.

SHEVELL. As detailed in said correspondence, in exchange for the discontinuance, Mr. Rubenstein agreed to file a responsive pleading as to defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., the current defendants in this action. (See **Exhibit "B"**).

7. Mr. Rubenstein's office went so far as to draft a proposed Notice of Discontinuance as to defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL and forwarded a copy to this office.

11. Of note, the Amended Complaint was only filed in response to a motion by the defense counsel demanding same. A copy of defendants' Notice of Motion and Affirmation in Support dated September 27, 2007 are annexed hereto, without attachments, as **Exhibit "G"**. A copy of the aforementioned Notice of Discontinuance was attached as an exhibit. In his Affirmation in Support, Mr. Rubenstein repeatedly refers to MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL as the "discontinued defendants" (See Exhibit "G").

12. Yet, in an effort to mislead the Court, defendants are now conveniently suggesting that the claims against the previously self-described "discontinued defendants" had not actually been discontinued at all. Defendants' attempt to manufacture a scenario, where they believe the untimely removal would be overlooked, should be rejected by the Court.

### POINT I

### THE MATTER MUST BE REMANDED TO STATE COURT AS DEFENDANTS' NOTICE OF REMOVAL IS DEFECTIVE AND UNTIMELY PURSUANT TO 28 U.S.C.S. § 1446(b).

13. As the Court is well aware, where the case stated by an initial pleading is removable, the Federal statute establishes a strict thirty day time limit for the filing of a Notice of Removal. If the case is not removable based upon the initial pleading, a notice of removal may be filed within thirty days after receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C.S. § 1446(b).

14. As more fully detailed in the accompanying Memorandum of Law, defendants' Notice of Removal is defective and untimely. The prevailing case law is clear that the party

11. Of note, the Amended Complaint was only filed in response to a motion by the defense counsel demanding same. A copy of defendants' Notice of Motion and Affirmation in Support dated September 27, 2007 are annexed hereto, without attachments, as **Exhibit "G"**. A copy of the aforementioned Notice of Discontinuance was attached as an exhibit. In his Affirmation in Support, Mr. Rubenstein repeatedly refers to MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL as the

seeking to remove an action bears the burden of demonstrating that the removal of the action was proper and timely. Mr. Rubenstein, who has represented all defendants in this matter since its inception, failed to demonstrate why the matter was not removable upon receipt of the initial pleading on or about December 28, 2006. Naturally, if the matter was removable at that time, the strict thirty day time period by which defendants would have had to file a Notice of Removal would have expired long ago on or about January 28, 2007.

15. More importantly, the defendants' claim that the matter suddenly became removable in October of 2007, based upon the filing of an Amended Complaint, is completely disingenuous and a thinly veiled attempt to circumvent the strict statutory time constraints consistently adhered to by the Courts. The Amended Complaint merely struck the names of the "discontinued defendants" from the caption and removed all claims against them. (See Exhibit "F").

16. Opposing counsel was well aware that all claims had been discontinued against those defendants in February of 2007, as they were withdrawn at his request. As noted previously, counsel's office even drafted the Notice of Discontinuance that was ultimately executed by counsel for the parties and filed with the Clerk of the court. Therefore, assuming, *arguendo*, that the matter only became removable when the claims against some of the defendants were discontinued on February 5, 2007, the Notice of Removal, at the very latest, must then have been filed by March 5, 2007.

## CONCLUSION

17. As outlined above and more fully detailed in the accompanying Memorandum of Law, defendants' Notice of Removal is defective and untimely. As such, the matter must be

seeking to remove an action bears the burden of demonstrating that the removal of the action was proper and timely. Mr. Rubenstein, who has represented all defendants in this matter since its inception, failed to demonstrate why the matter was not removable upon receipt of the initial pleading on or about December 28, 2006. Naturally, if the matter was removable at that time, the strict thirty day time period by which defendants would have had to file a Notice of Removal would have expired long ago on or about January 28, 2007.

remanded to State Court. Furthermore, plaintiff respectfully requests that the Court award plaintiff, HECTOR LOPEZ, payment of just costs, expenses and attorneys fees incurred as a result of the defendants' defective and untimely removal pursuant to 28 U.S.C.S. § 1447(c).

      **WHEREFORE** it is respectfully requested that the motion be granted in its entirety.

I declare under penalty of perjury that the foregoing
is true and correct.
Executed at Bronx, New York, on December 26, 2007

                                                Kevin B. Faga (KF 5829)

8

remanded to State Court. Furthermore, plaintiff respectfully requests that the Court award plaintiff, HECTOR LOPEZ, payment of just costs, expenses and attorneys fees incurred as a result of the defendants' defective and untimely removal pursuant to 28 U.S.C.S. § 1447(c).

      **WHEREFORE** it is respectfully requested that the motion be granted in its entirety.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          INDEX NO.: 07-CIV-10707 (PKL)
-----------------------------------------------------------------X

HECTOR LOPEZ,

                                  **Plaintiff,**

                               -against-
                                                                      **CERTIFICATION OF SERVICE**

**RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC.**

                                  **Defendants.**
-----------------------------------------------------------------X

      Kevin B. Faga, Esq., an attorney duly admitted to practice law before the courts of the State of New York, under penalty of perjury affirms the following to be true:

I am not a party to the above-captioned action.

On December 27, 2007, I served the within Motion to Remand and Supporting Papers on the following persons:

      TODD RUBENSTEIN, ESQ.
      ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, GREENBERG,
      1111 Marcus Avenue, Suite 107
      Lake Success, New York 11042

By placing same in a pre-paid post wrapper and depositing same into a mail box maintained exclusively by the United States Postal Service at 1200 Waters Place, Bronx, New York.

**Dated: Bronx, New York**
        **December 27, 2007**

                                                             KEVIN B. FAGA, ESQ.  KF 5829

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          INDEX NO.: 07-CIV-10707 (PKL)
-----------------------------------------------------------------X

HECTOR LOPEZ,

                                  **Plaintiff,**

                               -against-
                                                                       **CERTIFICATION OF SERVICE**

RICHARD WELLS and NEW ENGLAND MOTOR