UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

HECTOR LOPEZ,

**Civil Action No.:**

**07-CV-10707 (PKL)**
**Date Filed: 11/30/07**

Plaintiff,

-against-

**NOTICE OF MOTION TO**
**REMAND**

RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

Defendant.

------------------------------------------------------------------------X

  **PLEASE TAKE NOTICE** that upon the annexed declaration of KEVIN B. FAGA,

declared on December 26, 2007, and upon all papers, exhibits and the memorandum of law annexed

hereto, together with all the pleadings and proceedings heretofore had herein, the plaintiff HECTOR

LOPEZ, by and through his counsel, FAGA SAVINO, LLP, will move this Court at the United

States Courthouse located at 500 Pearl St., Courtroom 18-B, before the Honorable Peter K. Leisure,

U.S.D.J., on a day and time to be determined by the Court, for an Order:

  (a) Remanding the matter to State Court as the removal by defendants RICHARD
    WELLS and NEW ENGLAND MOTOR FREIGHT, INC. was defective and
    untimely pursuant to 28 U.S.C.S. § 1446(b);

  (b) Awarding plaintiff HECTOR LOPEZ payment of just costs, expenses and
    attorneys fees incurred as a result of the removal pursuant to 28 U.S.C.S. §
    1447(c);

  (c) granting plaintiff, HECTOR LOPEZ, such other and further relief, as may be just,
    proper and equitable under the circumstances.

  **PLEASE TAKE FURTHER NOTICE** that answering affidavits, if any, must be

filed within 14 days of service of the within motion, and Reply affidavits must be filed within 7

days thereof.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

HECTOR LOPEZ,

**Civil Action No.:**

**07-CV-10707 (PKL)**
**Date Filed: 11/30/07**

Plaintiff,

-against-

**NOTICE OF MOTION TO**
**REMAND**

RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

Dated:        New York, New York
              December 26, 2007

                              FAGA SAVINO, LLP.

                              By: _____
                              Kevin B. Faga, Esq. (KF 5829)
                              Attorneys for Plaintiff
                              1200 Waters Place, Suite 301
                              Bronx, New York 10461
                              (718) 931-6000


TO:    ABRAMS, FENSTERMAN, FENSTERMAN,
       EISMAN, GREEMBERG, FORMATO & EINIGER, LLP.
       Attorneys for the Defendants
       1111 Marcus Avenue, Suite 107
       Lake Success, New York 11042
       Attn: Todd C. Rubenstein, Esq.
       (516) 328-2300

Dated:        New York, New York
              December 26, 2007

                              FAGA SAVINO, LLP.

                              By: _____
                              Kevin B. Faga, Esq. (KF 5829)
                              Attorneys for Plaintiff
                              1200 Waters Place, Suite 301
                              Bronx, New York 10461
                              (718) 931-6000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HECTOR LOPEZ,                                         07-CIV-10707 (PKL)

                              Plaintiff,

        -against-                                     **DECLARATION IN SUPPORT
                                                     OF PLAINTIFF'S MOTION TO
                                                     REMAND**

RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

                              Defendant.
-------------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF BRONX        )

        **KEVIN B. FAGA**, an attorney duly admitted to practice before the bar of this

Court hereby declares under penalties of perjury pursuant to 28 U.S.C. §1746 that the following

statements are true:

        1.      I am a member of the law firm of FAGA SAVINO, LLP, attorneys for the plaintiff,

HECTOR LOPEZ, in the above entitled action and as such I am fully familiar with all facts and

proceedings heretofore had herein.

        2.      I submit this declaration in support of the instant motion to remand this matter to

State Court as the removal by defendants RICHARD WELLS and NEW ENGLAND MOTOR

FREIGHT, INC. was defective and untimely pursuant to 28 U.S.C.S. § 1446(b).


                              **FACTUAL BACKGROUND**

        3.      This case arises from a motor vehicle accident that occurred on September 22,

2006.   Plaintiff was seriously injured when a truck that was being operated by defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HECTOR LOPEZ,                                         07-CIV-10707 (PKL)

                              Plaintiff,

        -against-                                     **DECLARATION IN SUPPORT
                                                     OF PLAINTIFF'S MOTION TO
                                                     REMAND**

RICHARD WELLS and NEW ENGLAND MOTOR

RICHARD WELLS collided with the rear of a vehicle that was lawfully stopped on the right shoulder of Interstate 87 in Orange County, New York. As a result of the impact Plaintiff, HECTOR LOPEZ, was forcefully thrown from the parked vehicle. HECTOR LOPEZ suffered serious injuries, including a comminuted fracture of the distal third fibula, a non-displaced fracture of the medial malleolus and fractures of the fourth and fifth metatarsal heads requiring right great toe amputation and right ankle surgery.

## PROCEDURAL HISTORY

4.     The instant matter was commenced or about December 28, 2006 with the filing of a complaint in the Supreme Court of the State of New York, Bronx County against defendants RICHARD WELLS, NEW ENGLAND MOTOR FREIGHT, INC. MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL. A copy the Summons and Complaint is annexed hereto as **Exhibit "A"**.

5.     On February 5, 2007, this office received correspondence from Todd C. Rubenstein, Esq. which memorialized a telephone conference held with our office. The letter, which was signed by Mr. Rubenstein, indicated that he had been retained to represent all of the defendants in the above referenced matter. However, as per Mr. Rubenstein, who continues to serve as defense counsel in this action, defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL were not proper parties in the action. A copy of said correspondence is annexed hereto as **Exhibit "B"**.

6.     At the specific request of and based upon information provided by Mr. Rubenstein, the plaintiff agreed to discontinue all claims against defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON

RICHARD WELLS collided with the rear of a vehicle that was lawfully stopped on the right shoulder of Interstate 87 in Orange County, New York. As a result of the impact Plaintiff, HECTOR LOPEZ, was forcefully thrown from the parked vehicle. HECTOR LOPEZ suffered serious injuries, including a comminuted fracture of the distal third fibula, a non-displaced fracture of the medial malleolus and fractures of the fourth and fifth metatarsal heads requiring right great toe amputation and right ankle surgery.

SHEVELL. As detailed in said correspondence, in exchange for the discontinuance, Mr. Rubenstein agreed to file a responsive pleading as to defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., the current defendants in this action. (See **Exhibit "B"**).

7.    Mr. Rubenstein's office went so far as to draft a proposed Notice of Discontinuance as to defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL and forwarded a copy to this office. Plaintiff was satisfied with the proposed Notice, executed same on February 5, 2007 and forwarded a signed copy to defense counsel. A copy of the signed Notice of Discontinuance is annexed hereto as **Exhibit "C"**. As the Court can see the executed Notice of Discontinuance was stamped as received by the County Clerk, Bronx County on February 13, 2007.

8.    As agreed, Mr. Rubenstein then served an Answer on behalf of defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. A copy of the aforementioned pleading, which is dated February 23, 2007, is annexed hereto as **Exhibit "D"**.

9.    Notwithstanding the above, defendants' Notice of Removal was not filed with the United States District Court until November 30, 2007. A copy of the Notice of Removal is annexed hereto without attachments as **Exhibit "E"**.

10.    Defendant incorrectly argues that the matter first became removable with the filing of an Amended Complaint on October 19, 2007. The Amended Complaint, however, merely served as matter of housekeeping, removing the names of and all claims against the previously discontinued defendants, MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL. A copy of the plaintiff's Amended Complaint is annexed hereto as **Exhibit "F"**.

SHEVELL. As detailed in said correspondence, in exchange for the discontinuance, Mr. Rubenstein agreed to file a responsive pleading as to defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., the current defendants in this action. (See **Exhibit "B"**).

7.    Mr. Rubenstein's office went so far as to draft a proposed Notice of Discontinuance as to defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL and forwarded a copy to this office.

11.    Of note, the Amended Complaint was only filed in response to a motion by the defense counsel demanding same.  A copy of defendants' Notice of Motion and Affirmation in Support dated September 27, 2007 are annexed hereto, without attachments, as **Exhibit "G"**.  A copy of the aforementioned Notice of Discontinuance was attached as an exhibit.  In his Affirmation in Support, Mr. Rubenstein repeatedly refers to MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL as the "discontinued defendants" (See Exhibit "G").

12.    Yet, in an effort to mislead the Court, defendants are now conveniently suggesting that the claims against the previously self-described "discontinued defendants" had not actually been discontinued at all.  Defendants' attempt to manufacture a scenario, where they believe the untimely removal would be overlooked, should be rejected by the Court.

## POINT I

**THE MATTER MUST BE REMANDED TO STATE COURT
AS DEFENDANTS' NOTICE OF REMOVAL IS DEFECTIVE
AND UNTIMELY PURSUANT TO 28 U.S.C.S. § 1446(b).**

13.    As the Court is well aware, where the case stated by an initial pleading is removable, the Federal statute establishes a strict thirty day time limit for the filing of a Notice of Removal.  If the case is not removable based upon the initial pleading, a notice of removal may be filed within thirty days after receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C.S. § 1446(b).

14.    As more fully detailed in the accompanying Memorandum of Law, defendants' Notice of Removal is defective and untimely.  The prevailing case law is clear that the party

11.    Of note, the Amended Complaint was only filed in response to a motion by the defense counsel demanding same.  A copy of defendants' Notice of Motion and Affirmation in Support dated September 27, 2007 are annexed hereto, without attachments, as **Exhibit "G"**.  A copy of the aforementioned Notice of Discontinuance was attached as an exhibit.  In his Affirmation in Support, Mr. Rubenstein repeatedly refers to MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL as the

seeking to remove an action bears the burden of demonstrating that the removal of the action was proper and timely. Mr. Rubenstein, who has represented all defendants in this matter since its inception, failed to demonstrate why the matter was not removable upon receipt of the initial pleading on or about December 28, 2006. Naturally, if the matter was removable at that time, the strict thirty day time period by which defendants would have had to file a Notice of Removal would have expired long ago on or about January 28, 2007.

15. More importantly, the defendants' claim that the matter suddenly became removable in October of 2007, based upon the filing of an Amended Complaint, is completely disingenuous and a thinly veiled attempt to circumvent the strict statutory time constraints consistently adhered to by the Courts. The Amended Complaint merely struck the names of the "discontinued defendants" from the caption and removed all claims against them. (See Exhibit "F").

16. Opposing counsel was well aware that all claims had been discontinued against those defendants in February of 2007, as they were withdrawn at his request. As noted previously, counsel's office even drafted the Notice of Discontinuance that was ultimately executed by counsel for the parties and filed with the Clerk of the court. Therefore, assuming, *arguendo*, that the matter only became removable when the claims against some of the defendants were discontinued on February 5, 2007, the Notice of Removal, at the very latest, must then have been filed by March 5, 2007.


## CONCLUSION

17. As outlined above and more fully detailed in the accompanying Memorandum of Law, defendants' Notice of Removal is defective and untimely. As such, the matter must be

7

seeking to remove an action bears the burden of demonstrating that the removal of the action was proper and timely. Mr. Rubenstein, who has represented all defendants in this matter since its inception, failed to demonstrate why the matter was not removable upon receipt of the initial pleading on or about December 28, 2006. Naturally, if the matter was removable at that time, the strict thirty day time period by which defendants would have had to file a Notice of Removal would have expired long ago on or about January 28, 2007.

remanded to State Court.  Furthermore, plaintiff respectfully requests that the Court award plaintiff,

HECTOR LOPEZ, payment of just costs, expenses and attorneys fees incurred as a result of the

defendants' defective and untimely removal pursuant to 28 U.S.C.S. § 1447(c).


**WHEREFORE** it is respectfully requested that the motion be granted in its entirety.


I declare under penalty of perjury that the foregoing
is true and correct.
Executed at Bronx, New York, on December 26, 2007

_____
Kevin B. Faga (KF 5829)

8

remanded to State Court.  Furthermore, plaintiff respectfully requests that the Court award plaintiff,

HECTOR LOPEZ, payment of just costs, expenses and attorneys fees incurred as a result of the

defendants' defective and untimely removal pursuant to 28 U.S.C.S. § 1447(c).


**WHEREFORE** it is respectfully requested that the motion be granted in its entirety.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK        INDEX NO.: 07-CIV-10707 (PKL)
---------------------------------------------------------------------X

HECTOR LOPEZ,

                              Plaintiff,

                        -against-
                                                    CERTIFICATION OF
                                                    SERVICE
RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

                              Defendants.
---------------------------------------------------------------------X

    Kevin B. Faga, Esq., an attorney duly admitted to practice law before the courts of the State of New York, under penalty of perjury affirms the following to be true:

    I am not a party to the above-captioned action.

    On December 27, 2007, I served the within Motion to Remand and Supporting Papers on the following persons:

        TODD RUBENSTEIN, ESQ.
        ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, GREENBERG,
        1111 Marcus Avenue, Suite 107
        Lake Success, New York 11042

    By placing same in a pre-paid post wrapper and depositing same into a mail box maintained exclusively by the United States Postal Service at 1200 Waters Place, Bronx, New York.

Dated: Bronx, New York
       December 27, 2007

                       KEVIN B. FAGA, ESQ.  *KF 5829*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK        INDEX NO.: 07-CIV-10707 (PKL)
---------------------------------------------------------------------X

HECTOR LOPEZ,

                              Plaintiff,

                        -against-
                                                    CERTIFICATION OF
                                                    SERVICE
RICHARD WELLS and NEW ENGLAND MOTOR

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:
Date Filed:

-------------------------------------------------------------X

HECTOR LOPEZ,

                                        Plaintiff,

24736-06

SUMMONS

                    -against-

RICHARD WELLS, NEW ENGLAND MOTOR
FREIGHT, INC., MYRON P. SHEVELL,
JOHN KARLBERG, NANCY BLAKEMAN,
CRAIG EISENBERG, and JON SHEVELL,

                                        Defendants.

-------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED to answer the Complaint in this Action and

to serve a copy of your Answer on the plaintiff's attorneys within 20 days after service of

the summons (or within 30 days after service is complete if the summons is not

personally delivered to you within the State of New York), and, in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded

in the Complaint.

Dated:        December 28, 2006
              Bronx, New York

                                        FAGA SAVINO, LLP

                                        By:
                                        JAMES L. HYER, ESQ.
                                        *Attorneys for Plaintiff*
                                        1200 Waters Place, Suite 301
                                        Bronx, NY 10461
                                        (718) 931-6000

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:
Date Filed:

-------------------------------------------------------------X

HECTOR LOPEZ,

                                        Plaintiff,

24736-06

SUMMONS

                    -against-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:
Date Filed:

----------------------------------------------------------------X

HECTOR LOPEZ,

                        Plaintiff,

                                                COMPLAINT

            -against-

RICHARD WELLS, NEW ENGLAND MOTOR
FREIGHT, INC., MYRON P. SHEVELL,
JOHN KARLBERG, NANCY BLAKEMAN,
CRAIG EISENBERG, and JON SHEVELL,

                        Defendants.

----------------------------------------------------------------X

1. The Plaintiff above named by JAMES L. HYER, ESQ., attorney, complaining of

    the Defendants respectfully shows to the Court and alleges:


### AS AND FOR THE FIRST CAUSE OF ACTION


2. That at all times hereinafter mentioned, the Plaintiff, HECTOR LOPEZ, was and

    still is an individual residing in the State of New York, County of Bronx, at 2145

    Chatterton Avenue, Apt. 2R, Bronx, New York 10472.


3. That upon information and belief, at all times hereinafter mentioned, the

    Defendant, RICHARD WELLS, (hereinafter referred to as "WELLS"), was and

    still is an individual residing at 58 Wells Terrace, Meriden, Connecticut 06450.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No.:
Date Filed:

----------------------------------------------------------------X

HECTOR LOPEZ,

                        Plaintiff,

                                                COMPLAINT

            -against-

4.   That upon information and belief, at all times hereinafter mentioned, the Defendant, NEW ENGLAND MOTOR FREIGHT, INC., (hereinafter referred to as "NEW ENGLAND"), was and still is a foreign corporation, a domestic profit corporation of the State of New Jersey, doing business within the State of New York, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

.That upon information and belief, at the time of impact with the Plaintiff, Defendant WELLS was an agent, officer, employee, contractor, subcontractor or otherwise employed by Defendant NEW ENGLAND.

6.   That upon information and belief, at all times hereinafter mentioned, the Defendant, MYRON P. SHEVELL, was and still is the Chief Executive Officer of Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

7.   That upon information and belief, at all times hereinafter mentioned, the Defendant, MYRON P. SHEVELL, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees, contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

4.   That upon information and belief, at all times hereinafter mentioned, the Defendant, NEW ENGLAND MOTOR FREIGHT, INC., (hereinafter referred to as "NEW ENGLAND"), was and still is a foreign corporation, a domestic profit corporation of the State of New Jersey, doing business within the State of New York, with principal offices located at 1-71 North Avenue East and a mailing

8. That upon information and belief, at all times hereinafter mentioned, the Defendant, MYRON P. SHEVELL, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

9. That upon information and belief, at all times hereinafter mentioned, the Defendant, JOHN KARLBERG, was and still is President of Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

10. That upon information and belief, at all times hereinafter mentioned, the Defendant, JOHN KARLBERG, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees, contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

11. That upon information and belief, at all times hereinafter mentioned, the Defendant, JOHN KARLBERG, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

12. That upon information and belief, at all times hereinafter mentioned, the Defendant, NANCY BLAKEMAN, was and still is a Vice President of

8. That upon information and belief, at all times hereinafter mentioned, the Defendant, MYRON P. SHEVELL, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

13. That upon information and belief, at all times hereinafter mentioned, the Defendant, NANCY BLAKEMAN, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees, contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

14. That upon information and belief, at all times hereinafter mentioned, the Defendant, NANCY BLAKEMAN, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

15. That upon information and belief, at all times hereinafter mentioned, the Defendant, CRAIG EISENBERG, was and still is a Vice President of Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

16. That upon information and belief, at all times hereinafter mentioned, the Defendant, CRAIG EISENBERG, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees,

contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

17. That upon information and belief, at all times hereinafter mentioned, the Defendant, CRAIG EISENBERG, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

18. That upon information and belief, at all times hereinafter mentioned, the Defendant, JON SHEVELL, was and still is a Vice President of Defendant, NEW ENGLAND, with principal offices located at 1-71 North Avenue East and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

19. That upon information and belief, at all times hereinafter mentioned, the Defendant, JON SHEVELL, was and still is responsible for the hiring, training, management, supervision and control of agents, officers, employees, contractors, subcontractors or parties otherwise employed by Defendant NEW ENGLAND.

20. That upon information and belief, at all times hereinafter mentioned, the Defendant, JON SHEVELL, was and still is responsible for the purchase, operation, control, maintenance, repair, management, and supervision of vehicles owned by Defendant NEW ENGLAND.

21. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND owned and continues to own the vehicle.

22. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND insured and continues to insure the vehicle.

23. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND controlled and continues to control the vehicle.

24. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND maintained and repaired and continues to maintain and repair the vehicle.

25. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND managed and supervised and continues to manage and supervise the vehicle.

26. That upon information and belief, on or about September 22, 2006 the Defendant, RICHARD WELLS, was acting as an agent, officer, employee, contractor, or sub-contractor of Defendant NEW ENGLAND.

21. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND owned and continues to own the vehicle.

22. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND insured and continues to insure the vehicle.

27. That upon information and belief, on or about September 22, 2006 the Defendant, RICHARD WELLS, was driving Northbound on Interstate 87 and collided into the Plaintiff.

28. That upon information and belief, Defendant WELLS operated the vehicle in a dangerous, unreasonable and reckless manner, in that the vehicle was operated in a manner that the vehicle caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

29. That upon information and belief, Defendant WELLS was at all times hereinafter mentioned in possession and control of the vehicle.

30. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant WELLS causing him and sustain the injuries hereinafter alleged.

31. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence of the Defendant WELLS and without any contributory negligence on the part of the Plaintiff, by reason that the vehicle was negligently not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and maintained by the Defendant in a unsafe,

27. That upon information and belief, on or about September 22, 2006 the Defendant, RICHARD WELLS, was driving Northbound on Interstate 87 and collided into the Plaintiff.

28. That upon information and belief, Defendant WELLS operated the vehicle in a

unreasonable, reckless and negligent manner; that the vehicle was kept and repaired by the Defendant in a unsafe, unreasonable, reckless and negligent manner; that the Defendant operated, controlled, maintained and repaired the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

32. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant WELLS and by the Defendant's operation, control, maintenance and repair of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

33. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

unreasonable, reckless and negligent manner; that the vehicle was kept and repaired by the Defendant in a unsafe, unreasonable, reckless and negligent manner; that the Defendant operated, controlled, maintained and repaired the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to

34. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE SECOND CAUSE OF ACTION

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 34 with the same force and effect as if fully set forth herein.

36. That upon information and belief, Defendant NEW ENGLAND operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

37. That upon information and belief, Defendant NEW ENGLAND was at all times hereinafter mentioned in possession and control of the vehicle.

38. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on her part he was caused to be impacted by Defendant NEW ENGLAND causing him and sustain the injuries hereinafter alleged.

39. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant NEW ENGLAND and

34. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE SECOND CAUSE OF ACTION

without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ    agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

40. That the Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant NEW ENGLAND and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the

without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the Defendant operated the vehicle in an

vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

41. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

42. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE THRID CAUSE OF ACTION

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 42 with the same force and effect as if fully set forth herein.

vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

44. That upon information and belief, Defendant MYRON P. SHEVELL operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

45. That upon information and belief, Defendant MYRON SHEVELL was at all times hereinafter mentioned in possession and control of the vehicle.

46. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant MYRON SHEVELL causing him and sustain the injuries hereinafter alleged.

47. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant MYRON SHEVELL and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition;

44. That upon information and belief, Defendant MYRON P. SHEVELL operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ  agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

48. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant MYRON SHEVELL and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ  agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the

49. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

50. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE FORTH CAUSE OF ACTION

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 50 with the same force and effect as if fully set forth herein.

52. That upon information and belief, Defendant JOHN KARLBERG operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

49. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or

53. That upon information and belief, Defendant JOHN KARLBERG was at all times hereinafter mentioned in possession and control of the vehicle.

54. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant JOHN KARLBERG causing him and sustain the injuries hereinafter alleged.

55. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant JOHN KARLBERG and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ    agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train

53. That upon information and belief, Defendant JOHN KARLBERG was at all times hereinafter mentioned in possession and control of the vehicle.

54. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he

its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

56. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant JOHN KARLBERG and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

57. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all

58. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE FIFTH CAUSE OF ACTION

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 58 with the same force and effect as if fully set forth herein.

60. That upon information and belief, Defendant NANCY BLAKEMAN operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

61. That upon information and belief, Defendant NANCY BLAKEMAN was at all times hereinafter mentioned in possession and control of the vehicle.

62. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant NANCY BLAKEMAN causing him and sustain the injuries hereinafter alleged.

58. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE FIFTH CAUSE OF ACTION

63. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant NANCY BLAKEMAN and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ    agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

63. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant NANCY BLAKEMAN and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the

64. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant NANCY BLAKEMAN and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

65. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

66. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

64. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant NANCY BLAKEMAN and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff

## AS AND FOR THE SIXTH CAUSE OF ACTION

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 67 with the same force and effect as if fully set forth herein.

68. That upon information and belief, Defendant CRAIG EISENBERG operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

69. That upon information and belief, Defendant CRAIG EISENBERG was at all times hereinafter mentioned in possession and control of the vehicle.

70. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant CRAIG EISENBERG causing him and sustain the injuries hereinafter alleged.

71. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant CRAIG EISENBERG and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the

## AS AND FOR THE SIXTH CAUSE OF ACTION

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 67 with the same force and effect as if fully set forth herein.

Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ  agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

72. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant CRAIG EISENBERG and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff

Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous

contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

73. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

74. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 74 with the same force and effect as if fully set forth herein.

76. That upon information and belief, Defendant JON SHEVELL operated the vehicle in a dangerous, unreasonable and reckless manner in that the vehicle was

contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

73. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their

operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

77. That upon information and belief, Defendant JON SHEVELL was at all times hereinafter mentioned in possession and control of the vehicle.

78. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87, without any negligence on his part he was caused to be impacted by Defendant JOHN SHEVELL causing him and sustain the injuries hereinafter alleged.

79. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant JOHN SHEVELL and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the

operated in a manner that the vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

77. That upon information and belief, Defendant JON SHEVELL was at all times hereinafter mentioned in possession and control of the vehicle.

Defendant failed to employ agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

80. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant JON SHEVELL and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

81. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or

Defendant failed to employ agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the vehicle in a

alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

82. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

WHEREFORE, Plaintiff demands judgment against the Defendants on the first cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the second cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the third cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the forth cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the fifth cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the sixth cause of action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the seventh cause of

alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

82. That by reason of the aforesaid, this Plaintiff has been damaged in the sum of

action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the

interest, cost and disbursements of this action, and any and all other such relief that this

Court may deem just and proper.

Dated:        Bronx, New York
              December 28, 2006


                                        FAGA SAVINO, LLP.

                                        By: _____
                                        JAMES L. HYER, ESQ.
                                        *Attorneys for the Plaintiff*
                                        1200 Waters Place, Suite 301
                                        Bronx, New York 10461
                                        (718) 931-6000


TO:

        RICHARD WELLS
        58 Wells Terrace
        Meriden, Connecticut 06450

        NEW ENGLAND MOTOR FREIGHT, INC.
        1-71 North Avenue East
        Elizabeth, New Jersey 07201

        NEW ENGLAND MOTOR FREIGHT, INC.
        P.O. Box 1305
        Paramus, New Jersey 07653

        MYRON SHEVELL.
        1-71 North Avenue East
        Elizabeth, New Jersey 07201

        MYRON SHEVELL
        P.O. Box 1305
        Paramus, New Jersey 07653

action in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the

interest, cost and disbursements of this action, and any and all other such relief that this

Court may deem just and proper.

Dated:        Bronx, New York
              December 28, 2006

JOHN KARLBERG
1-71 North Avenue East
Elizabeth, New Jersey 07201

JOHN KARLBERG
P.O. Box 1305
Paramus, New Jersey 07653

NANCY BLAKEMAN
1-71 North Avenue East
Elizabeth, New Jersey 07201

NANCY BLAKEMAN
P.O. Box 1305
Paramus, New Jersey 07653

CRAIG EISENBERG
1-71 North Avenue East
Elizabeth, New Jersey 07201

CRAIG EISENBERG
P.O. Box 1305
Paramus, New Jersey 07653

JON SHEVELL
1-71 North Avenue East
Elizabeth, New Jersey 07201

JON SHEVELL
P.O. Box 1305
Paramus, New Jersey 07653

JOHN KARLBERG
1-71 North Avenue East
Elizabeth, New Jersey 07201

JOHN KARLBERG
P.O. Box 1305
Paramus, New Jersey 07653

NANCY BLAKEMAN
1-71 North Avenue East

# EXHIBIT B

# ROBERT M. BLAKEMAN & ASSOCIATES

### ATTORNEYS AT LAW

108 SOUTH FRANKLIN AVENUE - SUITE 1
VALLEY STREAM, L.I., NEW YORK 11580
(516) 825-7575
TELEFAX: (516) 825-7249

ROBERT M. BLAKEMAN +
BRUCE A. BLAKEMAN °
—
TODD C. RUBENSTEIN °

COUNSEL
ROYAL E. BLAKEMAN +

+ ADMITTED IN NY & CA
° ADMITTED IN NY & NJ

NEW JERSEY OFFICE:
1-71 NORTH AVE. EAST
ELIZABETH, NEW JERSEY 07201
(908) 965-2258

February 5, 2007

VIA FACSIMILE 718-931-6056
AND FIRST CLASS MAIL

James L. Hyer, Esq.
Faga Savino, LLP
1200 Waters Place
Suite 301
Bronx, New York 10461

          Re:  *Hector Lopez v. Richard Wells, New England Motor*
               *Freight, Inc., Myron P. Shevell, John Karlberg, Nancy*
               *Blakeman, Craig Eisenberg and Jon Shevell*
               Supreme/Bronx
               Index No.: 24736/06

Dear Mr. Hyer:

     As we discussed last week, we have been retained to
represent defendants in the above matter.  This shall confirm
our conversation wherein you agreed to immediately provide our
office with a Notice of Discontinuance as to defendants, Myron
P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg and
Jon Shevell.  In return, we have agreed to file a responsive
pleading as to defendants, Richard Wells and New England Motor
Freight, Inc., waiving personal jurisdiction as to these
defendants.

     To that end, we enclose herewith a proposed Notice of
Discontinuance, which we ask that you sign and return to our
office.  Also enclosed is a Stipulation memorializing our
agreement as to defendants, Richard Wells and New England Motor
Freight, Inc., which we also request that you sign and return to
our office as well.  Once we are in receipt of the Notice of

# ROBERT M. BLAKEMAN & ASSOCIATES

### ATTORNEYS AT LAW

108 SOUTH FRANKLIN AVENUE - SUITE 1
VALLEY STREAM, L.I., NEW YORK 11580
(516) 825-7575
TELEFAX: (516) 825-7249

ROBERT M. BLAKEMAN +
BRUCE A. BLAKEMAN °
—
TODD C. RUBENSTEIN °

COUNSEL
ROYAL E. BLAKEMAN +

+ ADMITTED IN NY & CA
° ADMITTED IN NY & NJ

NEW JERSEY OFFICE:
1-71 NORTH AVE. EAST
ELIZABETH, NEW JERSEY 07201
(908) 965-2258

February 5, 2007

Discontinuance, we shall forward a fully executed Stipulation to your office.

Thank you for your anticipated cooperation.

Very truly yours,

TCR/kmo
Enc.

Todd C. Rubenstein

Discontinuance, we shall forward a fully executed Stipulation to your office.

Thank you for your anticipated cooperation.

Very truly yours,

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------X  Index No.: 24736/06
HECTOR LOPEZ,

                        Plaintiff,        NOTICE OF
                                          DISCONTINUANCE
                                          AS TO DEFENDANTS
        -against-                         MYRON P. SHEVELL,
                                          JOHN KARLBERG,
RICHARD WELLS, NEW ENGLAND MOTOR          NANCY BLAKEMAN,
FREIGHT, INC., MYRON P. SHEVELL,          CRAIG EISENBERG and
JOHN KARLBERG, NANCY BLAKEMAN,            JON SHEVELL
CRAIG EISENBERG and JON SHEVELL,

                        Defendant(s).
--------------------------------------X

SIRS:

    PLEASE TAKE NOTICE, that pursuant to CPLR 3217(a)(1) the

attorneys for the plaintiff, Hector Lopez, hereby discontinue

the above-entitled action as to defendants, Myron P. Shevell,

John Karlberg, Nancy Blakeman, Craig Eisenberg and Jon Shevell,

without costs or fees as to either party against each other.


Dated:     Bronx, New York
           February 5, 2007


                              By: James L. Hyer, Esq.
                              Paga Savino, LLP
                              Attorneys for Plaintiff
                              1200 Waters Place
                              Suite 301
                              Bronx, New York 10461


SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------X  Index No.: 24736/06
HECTOR LOPEZ,

                        Plaintiff,        NOTICE OF
                                          DISCONTINUANCE
                                          AS TO DEFENDANTS
        -against-                         MYRON P. SHEVELL,
                                          JOHN KARLBERG,
RICHARD WELLS, NEW ENGLAND MOTOR          NANCY BLAKEMAN,
FREIGHT, INC., MYRON P. SHEVELL,          CRAIG EISENBERG and
JOHN KARLBERG, NANCY BLAKEMAN,

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------X   Index No.: 24736/06
HECTOR LOPEZ,

                            **NOTICE OF APPEARANCE AND**
                Plaintiff,     **VERIFIED ANSWER WITH**
                            **AFFIRMATIVE DEFENSES**

    -against-

RICHARD WELLS, NEW ENGLAND MOTOR
FREIGHT, INC., MYRON P. SHEVELL,
JOHN KARLBERG, NANCY BLAKEMAN,
CRAIG EISENBERG and JON SHEVELL,

                      Defendant(s).
-------------------------------------X

    **PLEASE TAKE NOTICE,** that the above-named defendants, RICHARD
WELLS and NEW ENGLAND MOTOR FREIGHT, INC., hereby appear in this
action and that the undersigned have been retained as attorneys
for said defendants and demand that you serve all papers in this
proceeding upon them at the address stated below.

    **PLEASE TAKE FURTHER NOTICE,** that said answering defendants
hereby interpose the following answer to the plaintiff's Verified
Complaint:

            **AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION**

    1.    Answering defendants deny information and/or knowledge
sufficient to form a belief as to the allegations contained in
paragraphs marked "2", "21", "22", "23", "24", "25" and "29" of
plaintiff's Complaint, and therefore deny same.

    2.    Answering defendants deny each and every allegation
contained in paragraphs marked "7", "8", "9", "10", "11", "13",

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------X   Index No.: 24736/06
HECTOR LOPEZ,

                            **NOTICE OF APPEARANCE AND**
                Plaintiff,     **VERIFIED ANSWER WITH**
                            **AFFIRMATIVE DEFENSES**

    -against-

RICHARD WELLS, NEW ENGLAND MOTOR
FREIGHT, INC., MYRON P. SHEVELL,

"14", "16, "17", "19", "20", "27", "28", "30", "31", "32", "33"
and "34" of plaintiff's Complaint.

    3.    Answering defendants deny each and every allegation
contained in paragraph marked "3" of plaintiff's Complaint,
except admit defendant, RICHARD WELLS, is an individual residing
in Meriden, Connecticut.

    4.    Answering defendants deny each and every allegation
contained in paragraph marked "4" of plaintiff's Complaint,
except admit defendant, NEW ENGLAND MOTOR FREIGHT, INC., is a
New Jersey corporation.

    5.    Answering defendants deny each and every allegation
contained in paragraph marked "5" of plaintiff's Complaint,
except admit that on September 22, 2006, defendant, RICHARD
WELLS, was employed by NEW ENGLAND MOTOR FREIGHT, INC.

    6.    Answering defendants deny each and every allegation
contained in paragraph marked "6" of plaintiff's Complaint,
except admit that Myron P. Shevell is the Chief Executive
Officer of NEW ENGLAND MOTOR FREIGHT, INC.

    7.    Answering defendants deny each and every allegation
contained in paragraph marked "12" of plaintiff's Complaint,
except admit that Nancy Blakeman is a Vice President of NEW
ENGLAND MOTOR FREIGHT, INC.

    8.    Answering defendants deny each and every allegation
contained in paragraph marked "15" of plaintiff's Complaint,

2

"14", "16, "17", "19", "20", "27", "28", "30", "31", "32", "33"
and "34" of plaintiff's Complaint.

    3.    Answering defendants deny each and every allegation
contained in paragraph marked "3" of plaintiff's Complaint,
except admit defendant, RICHARD WELLS, is an individual residing

except admit that Craig Eisenberg is a Vice President of NEW ENGLAND MOTOR FREIGHT, INC.

9.  Answering defendants deny each and every allegation contained in paragraph marked "18" of plaintiff's Complaint, except admit that Jon Shevell is a Vice President of NEW ENGLAND MOTOR FREIGHT, INC.

10.  Answering defendants deny each and every allegation contained in paragraph marked "26" of plaintiff's Complaint, except admit that on September 22, 2006, defendant, RICHARD WELLS, was employed by NEW ENGLAND MOTOR FREIGHT, INC.

### AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

11.  Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" in the First Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

12.  Answering defendants deny each and every allegation contained in paragraphs marked "36", "37", "38", "39", "40", "41" and "42" of plaintiff's Complaint.

### AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

3

except admit that Craig Eisenberg is a Vice President of NEW ENGLAND MOTOR FREIGHT, INC.

9.  Answering defendants deny each and every allegation contained in paragraph marked "18" of plaintiff's Complaint, except admit that Jon Shevell is a Vice President of NEW ENGLAND

13. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action and paragraphs "35" through "42" of the Second Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

14. Answering defendants deny each and every allegation contained in paragraphs marked "44", "45", "46", "47", "48", "49" and "50" of plaintiff's Complaint.

## AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION

15. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action, paragraphs "35" through "42" of the Second Cause of Action and paragraphs "43" through "50" of the Third Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

13. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" th...

16. Answering defendants deny each and every allegation contained in paragraphs marked "52", "53", "54", "55", "56", "57" and "58" of plaintiff's Complaint.

### AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION

17. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action, paragraphs "35" through "42" of the Second Cause of Action, paragraphs "43" through "50" of the Third Cause of Action and paragraphs "51" through "58" of the Fourth Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

18. Answering defendants deny each and every allegation contained in paragraphs marked "60", "61", "62", "63", "64", "65" and "66" of plaintiff's Complaint.

### AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION

19. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action,

5

16. Answering defendants deny each and every allegation contained in paragraphs marked "52", "53", "54", "55", "56", "57" and "58" of plaintiff's Complaint.

### AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION

17. Answering defendants repeat, reiterate and reallege

paragraphs "35" through "42" of the Second Cause of Action, paragraphs "43" through "50" of the Third Cause of Action, paragraphs "51" through "58" of the Fourth Cause of Action and paragraphs "59" through "66" of the Fifth Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

20. Answering defendants deny each and every allegation contained in paragraphs marked "68", "69", "70", "71", "72", "73" and "74" of plaintiff's Complaint.

### AS AND FOR A RESPONSE TO THE SEVENTH CAUSE OF ACTION

21. Answering defendants repeat, reiterate and reallege each and every denial and denial of knowledge or information sufficient to form a belief heretofore made in regard to each and every paragraph of plaintiff's Complaint designated as paragraphs "1" through "34" of the First Cause of Action, paragraphs "35" through "42" of the Second Cause of Action, paragraphs "43" through "50" of the Third Cause of Action, paragraphs "51" through "58" of the Fourth Cause of Action, paragraphs "59" through "66" of the Fifth Cause of Action and "67" through "74" of the Sixth Cause of Action inclusive with the same force and effect as though more fully set forth at length herein.

6

paragraphs "35" through "42" of the Second Cause of Action, paragraphs "43" through "50" of the Third Cause of Action, paragraphs "51" through "58" of the Fourth Cause of Action and paragraphs "59" through "66" of the Fifth Cause of Action inclusive with the same force and effect as though more fully

22.   Answering defendants deny each and every allegation contained in paragraphs marked "76", "77", "78", "79", "80", "81" and "82" of plaintiff's Complaint.

### AND AS FOR A FIRST AFFIRMATIVE DEFENSE

23.   The plaintiff's claims are barred, or in the alternative, the damages to which the plaintiff may be entitled are limited as may be applicable by the Doctrine of Sudden Emergency and/or Avoidable Consequences and/or Unavoidable Accident and/or Assumption of Risk.

### AND AS FOR A SECOND AFFIRMATIVE DEFENSE

24.   The Complaint filed herein fails to state a cause of action as against these answering defendants upon which relief can be granted.

### AND AS FOR A THIRD AFFIRMATIVE DEFENSE

25.   That any verdict in the within action, for past, present, and future medical care, dental care, custodial care, or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part of or from collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

7

22.   Answering defendants deny each and every allegation contained in paragraphs marked "76", "77", "78", "79", "80", "81" and "82" of plaintiff's Complaint.

### AND AS FOR A FIRST AFFIRMATIVE DEFENSE

23.   The plaintiff's claims are barred, or in the

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

26.   The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

The plaintiff did not sustain serious injury as defined by §5102 of the Insurance Law of the State of New York, and her exclusive remedy therefore, is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

The plaintiff's cause of action is barred by Article 15, §5104 of the Insurance Law of the State of New York.

## AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

27.   The plaintiff has failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in his complaint.

## AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

28.   Although the defendants deny the allegations as to injuries and damages alleged, these injuries and damages, if any, were caused by intervening, preceding or superceding acts, conduct or negligence or third persons, parties, corporate entities and/or independent agencies over whom these answering defendants had no control or responsibility.

8

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

26.   The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

The plaintiff did not sustain serious injury as defined by

### AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

29.   Plaintiff's Complaint must be dismissed or transferred for forum non-conveniens and/or improper venue.

### AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

30.   That  any  injuries  and/or  damages  sustained  by plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of plaintiff and not as a result of any contributory negligence  and/or  culpable  conduct  on  the  part  of  these answering defendants.

### AND AS FOR A NINTH AFFIRMATIVE DEFENSE

31.  The  liability  of  these  defendants,  if  any,  to  the plaintiff for  non-economic  loss  is  limited  to  its  equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

### AND AS FOR AN TENTH AFFIRMATIVE DEFENSE

32.   Plaintiff's Complaint does not comply with C.P.L.R. §3017(c)  and  must  be  dismissed  and/or  stricken  as  to  the improper paragraphs and content.

### AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

29.   Plaintiff's Complaint must be dismissed or transferred for forum non-conveniens and/or improper venue.

### AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

WHEREFORE, defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., demand judgment against plaintiff dismissing the Verified Complaint against these answering defendants, together with all costs and disbursements of this action.

Dated:     Valley Stream, New York
           February 23, 2007

                         Yours, etc.

                         _____
                         By: Todd C. Rubenstein
                         ROBERT M. BLAKEMAN & ASSOCIATES
                         Attorneys for Defendants
                         RICHARD WELLS and NEW ENGLAND
                         MOTOR FREIGHT, INC.
                         108 South Franklin Avenue, Suite 1
                         Valley Stream, NY  11580
                         (516) 825-7575

TO:   James L. Hyer, Esq.
      Faga Savino, LLP
      Attorneys for Plaintiff
      1200 Waters Place, Suite 301
      Bronx, New York 10461
      (718) 931-6000

                                                        10

WHEREFORE, defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., demand judgment against plaintiff dismissing the Verified Complaint against these answering defendants, together with all costs and disbursements of this action.

Dated:     Valley Stream, New York
           February 23, 2007

**VERIFICATION**

State of New York
                        ss.:
County of Nassau


    I, Todd C. Rubenstein, Esq., being duly sworn, state:

    I am the attorney for defendants in this action.    The foregoing Verified Answer is true to my knowledge, except as to matters therein stated on information and belief and as to those matters I believe it to be true.    The grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by defendants and interviews with officers and employees of defendant corporation.    This verification is not made by defendant corporation because it is a foreign corporation.

                                     _____
                                     Todd C. Rubenstein

Dated: February 23, 2007


---


**VERIFICATION**

State of New York
                        ss.:
County of Nassau

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

HECTOR LOPEZ,

                          Plaintiff,

          -against-                                              **NOTICE OF REMOVAL**

RICHARD WELLS and NEW ENGLAND MOTOR          Civil Action No.:
FREIGHT, INC.

                          Defendants.

----------------------------------------------------------------X

07 CV 10707

RECEIVED
NOV 3 2007
U.S.D.C. S.D. N.Y.
CASHIERS

To:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
       SOUTHERN DISTRICT OF NEW YORK

       This Notice of Removal on behalf of defendants RICHARD WELLS and NEW

ENGLAND MOTOR FREIGHT, INC. respectfully shows:

       1.     The above described action is one in which this Court has original

jurisdiction under the provisions of 28 U.S.C.§1332 and is one which may be removed to

this Court by petitioner, pursuant to the provisions of 28 U.S.C.§1441 in that the matter

in controversy allegedly exceeds the sum or value of $75,000.00 exclusive of interest and

costs.

       2.     On or about December 29, 2006 an action was commenced against

defendants RICHARD WELLS, NEW ENGLAND MOTOR FREIGHT, INC., MYRON

P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and

JON SHEVELL, in the Supreme Court of the State of New York, Bronx County seeking

Fifty Million ($50,000,000.00) Dollars.   *Copies of the Summons and Complaint are*

*attached hereto and marked as Exhibit "A".*

       3      On or about February 23, 2007 defendants RICHARD WELLS and NEW

ENGLAND MOTOR FREIGHT, INC served their Notice of Appearance, Verified



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

HECTOR LOPEZ,

                          Plaintiff,

          -against-                                              **NOTICE OF REMOVAL**

RICHARD WELLS and NEW ENGLAND MOTOR          Civil Action No.:
FREIGHT, INC.

                          Defendants.

----------------------------------------------------------------X

07 CV 10707

RECEIVED
NOV 3 2007
U.S.D.C. S.D. N.Y.

Answer and Affirmative defenses to the Complaint[1]. *Copies of the Verified Answer and Defenses are attached hereto and marked as Exhibit "B".*

4.    On or about November 5, 2007 the Bronx County Clerk entered a Stipulation and Order amending the caption so that only RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC remain as named defendants, and striking all causes of action and allegations of negligence as to the discontinued defendants. The Stipulation and Order further required plaintiff to file an amended complaint to reflect the contents of the Order[2]. *Stipulation and Order is attached hereto as Exhibit "C".*

5.    On or about November 16, 2007 plaintiff served his amended complaint upon defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC, making this case eligible for Removal to this Court[3]. *Amended Complaint annexed hereto as Exhibit "D"*

6.    As set forth in the amended complaint, plaintiff is a citizen of New York and resident of Bronx County, specifically 2145 Chatterton Avenue, Bronx, New York 10453, defendant RICHARD WELLS is a citizen of Connecticut, specifically 58 Wells Terrace, Meriden, Connecticut 06450, and defendant NEW ENGLAND MOTOR FREIGHT, INC. was, and at the time this action was commenced, and still is, a

---

[1] The responsive pleading was filed by Robert M., Blakeman & Associates. On March 8, 2007 Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP filed and served a Consent to Change Attorney on behalf of moving defendants, and has represented moving defendants going forward.

[2] On or about February 13, 2007 plaintiff filed a Notice of Discontinuance with the Bronx County Clerk as to defendants MYRON P. SHEVELL, JOHN KARLBERG, NANCY BLAKEMAN, CRAIG EISENBERG and JON SHEVELL[2]. Upon information and belief the Notice was never served upon the discontinued defendants as required by CPLR § 3217(a)(1) and no affidavits of service are on file with the Bronx County Clerk. The Notice did not alter the caption in any way and did not serve to dismiss the paragraphs asserting the causes of action and allegations of wrongdoing as to the said defendants. The Stipulation and Order was the result of a Motion filed by defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. seeking the relief reflected in same.

[3] Plaintiff's Complaint asserted damages of $50 million. The Amended Complaint was not permitted to include a specific claim for damages as mandated by CPLR § 3017(c).

Answer and Affirmative defenses to the Complaint[1]. *Copies of the Verified Answer and Defenses are attached hereto and marked as Exhibit "B".*

4.    On or about November 5, 2007 the Bronx County Clerk entered a Stipulation and Order amending the caption so that only RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC remain as named defendants, and striking all causes of action and allegations of negligence as to the discontinued defendants. The

corporation organized under the laws of the State of New Jersey, having its principal office at 1-71 North Avenue East, Elizabeth, New Jersey 07201[4].

7.    There have been no proceedings held in the Supreme Court of the State of New York-Bronx County with regard to this matter, except for a Preliminary Conference on discovery resulting in an order and the Motion seeking the relief that was ultimately granted by Stipulation and Order referenced above.

**WHEREFORE**, defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. request that this action now pending against it in the Supreme Court of the State of New York, Bronx County, be removed therefrom to this Court.

Dated:  Lake Success, New York
          November 29, 2007

Yours etc.,

ABRAMS, FENSTERMAN,
FENSTERMAN, EISMAN, GREENBERG,
FORMATO & EINIGER, LLP
Attorneys for Defendants
RICHARD WELLS and NEW ENGLAND
MOTOR FREIGHT, INC.

BY: _____
TODD C. RUBENSTEIN (TR-8884)
1111 Marcus Avenue
Suite 107
Lake Success, New York 141042
516-328-2300

---

[4] Prior to the Stipulation and Order, and Amended Complaint whereby the caption removed other defendants and dismissed all causes of action relating to them there was not complete diversity, and this case was not ripe for removal.

corporation organized under the laws of the State of New Jersey, having its principal office at 1-71 North Avenue East, Elizabeth, New Jersey 07201[4].

7.    There have been no proceedings held in the Supreme Court of the State of New York-Bronx County with regard to this matter, except for a Preliminary Conference on discovery resulting in an order and the Motion seeking the relief that was ultimately granted by Stipulation and Order referenced above.

# EXHIBIT F



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

HECTOR LOPEZ,

                                        **AMENDED**
                    Plaintiff,          **COMPLAINT**

          -against-                     Index No.: 24736-06


RICHARD WELLS, NEW ENGLAND MOTOR
FREIGHT, INC.,

                         **Defendants.**
------------------------------------------------------------------X

1.  The Plaintiff above named by KEVIN B. FAGA, ESQ., attorney, complaining of

    the Defendants respectfully shows to the Court and alleges:


          <u>**AS AND FOR THE FIRST CAUSE OF ACTION**</u>


2.  That at all times hereinafter mentioned, the Plaintiff, HECTOR LOPEZ, was and

    still is an individual residing in the State of New York, County of Bronx, at 2145

    Chatterton Avenue, Apt. 2R, Bronx, New York 10472.


3.  That upon information and belief, at all times hereinafter mentioned, the

    Defendant, RICHARD WELLS, (hereinafter referred to as "WELLS"), was and

    still is an individual residing at 58 Wells Terrace, Meriden, Connecticut 06450.


4.  That upon information and belief, at all times hereinafter mentioned, the

    Defendant, NEW ENGLAND MOTOR FREIGHT, INC., (hereinafter referred to

**COPY**


SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

HECTOR LOPEZ,

                                        **AMENDED**
                    Plaintiff,          **COMPLAINT**

          -against-                     Index No.: 24736-06

as "NEW ENGLAND"), was and still is a foreign corporation, a domestic profit corporation of the State of New Jersey, doing business within the State of New York, with principal offices located at 1-71 North Avenue East, Elizabeth, New Jersey 07201 and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

5.  That upon information and belief, at the time of impact with the Plaintiff, Defendant WELLS was an agent, officer, employee, contractor, subcontractor or otherwise employed by Defendant NEW ENGLAND.

6.  That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND owned and continues to own a certain 1998 Volvo, bearing New Jersey state Plate Number AE849B, (hereinafter referred to as the "Vehicle").

7.  That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND insured and continues to insure the Vehicle.

8.  That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND controlled and continues to control the Vehicle.

9.  That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND maintained and repaired and continues to maintain and repair the Vehicle.

as "NEW ENGLAND"), was and still is a foreign corporation, a domestic profit corporation of the State of New Jersey, doing business within the State of New York, with principal offices located at 1-71 North Avenue East, Elizabeth, New Jersey 07201 and a mailing address at P.O. Box 1305, Paramus, New Jersey 07653.

10. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND managed and supervised and continues to manage and supervise the Vehicle.

11. That upon information and belief, on or about September 22, 2006 the Defendant, RICHARD WELLS, was acting as an agent, officer, employee, contractor, or sub-contractor of Defendant NEW ENGLAND.

12. That upon information and belief, on or about September 22, 2006 the Defendant, RICHARD WELLS, was driving Northbound on Interstate 87 and collided into the Plaintiff.

13. That upon information and belief, Defendant WELLS operated the Vehicle in a dangerous, unreasonable and reckless manner, in that the vehicle was operated in a manner that the Vehicle caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

14. That upon information and belief, Defendant WELLS was at all times hereinafter mentioned in possession and control of the vehicle.

15. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87 in the County of Orange, State of New York, without any negligence on his part he was caused to be impacted by Defendant WELLS causing him to sustain the injuries hereinafter alleged.

10. That upon information and belief, at all times hereinafter mentioned, Defendant NEW ENGLAND managed and supervised and continues to manage and supervise the Vehicle.

11. That upon information and belief, on or about September 22, 2006 the Defendant,

16. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence of the Defendant, WELLS, and without any contributory negligence on the part of the Plaintiff, by reason that the vehicle was negligently not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and maintained by the Defendant in a unsafe, unreasonable, reckless and negligent manner; that the vehicle was kept and repaired by the Defendant in a unsafe, unreasonable, reckless and negligent manner; that the Defendant operated, controlled, maintained and repaired the vehicle in violation of the statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

17. The Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant WELLS and by the Defendant's operation, control, maintenance and repair of the vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

18. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to

16. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence of the Defendant, WELLS, and without any contributory negligence on the part of the Plaintiff, by reason that the vehicle was negligently not kept under reasonable control by the Defendant; that the Defendant operated the vehicle in an unsafe, unreasonable, reckless and negligent

suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

19. That by reason of the aforesaid, this Plaintiff has been damaged in a sum of exceeding the jurisdictional limits of all lower courts in an amount to be determined at trial.

## AS AND FOR THE SECOND CAUSE OF ACTION

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraph 1 through 34 with the same force and effect as if fully set forth herein.

21. That upon information and belief, Defendant NEW ENGLAND operated the Vehicle in a dangerous, unreasonable and reckless manner in that the Vehicle was operated in a manner that the Vehicle, caused injury to the Plaintiff, by colliding with Plaintiff and causing the Plaintiff injuries.

22. That upon information and belief, Defendant NEW ENGLAND was at all times hereinafter mentioned in possession and control of the Vehicle.

23. That on or about September 22, 2006, while the Plaintiff was lawfully was situated on the shoulder of Interstate 87 in the County of Orange, State of New

suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

York, without any negligence on his part he was caused to be impacted by the Vehicle owned, operated and controlled by the Defendant NEW ENGLAND causing him and sustain the injuries hereinafter alleged.

24. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant NEW ENGLAND and without any contributory negligence on the part of the Plaintiff, by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the Vehicle was not kept under reasonable control by the Defendant; that the Defendant operated the Vehicle in an unsafe, unreasonable, reckless and negligent manner; that the Defendant operated the Vehicle in an unsafe, unreasonable, reckless and negligent manner; that the Vehicle was kept and maintained by the Defendant in a negligent, dangerous and unsafe condition; that the Vehicle was kept and repaired by the Defendant in a negligent, dangerous and unsafe condition; that the Defendant managed and supervised the operation the Vehicle in an unsafe, unreasonable, reckless and dangerous manner; that the Defendant failed to employ     agents, officers, employees, contractors, subcontractors qualified and able to operate, control, maintain and repair the Vehicle in a safe, reasonable and lawful manner; that the Defendant failed to train its agents, officers, employees, contractors, subcontractors to instruct enable them to be qualified and able to operate, control, maintain and repair the Vehicle in a safe, reasonable and lawful manner; that the Defendant operated, controlled, maintained, repaired, managed and supervised the Vehicle in violation of the

York, without any negligence on his part he was caused to be impacted by the Vehicle owned, operated and controlled by the Defendant NEW ENGLAND causing him and sustain the injuries hereinafter alleged.

24. That said accident and the injuries to Plaintiff resulting therefrom were caused wholly and solely through the negligence Defendant NEW ENGLAND and

statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

25. That the Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant NEW ENGLAND and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the Vehicle, in violation of the statutes of the State of New York and other applicable rules and/or regulations, without any fault or negligence of the Plaintiff contributing thereto in any manner, and said injuries are serious, severe and permanent as hereinafter set forth.

26. That by reason of the aforesaid, the Plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and will in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure and/or alleviate the said injuries; was caused to be incapacitated from his usual duties, activities and/or employment and will in the future continue to be so incapacitated.

27. That by reason of the aforesaid, this Plaintiff has been damaged in a sum of exceeding the jurisdictional limits of all lower courts in an amount to be determined at trial.

statutes of the State of New York and other applicable rules and/or regulations; all of which was known or should have been known to the Defendant.

25. That the Plaintiff's injuries and damages were caused solely and wholly by the negligence of Defendant NEW ENGLAND and by the Defendant's ownership, operation, control, maintenance, repair, management, and supervision of the

WHEREFORE, Plaintiff demands judgment against the Defendants on the first cause of action in a sum exceeding the jurisdictional limits of all lower courts to be determined at trial, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the second cause of action in a sum exceeding the jurisdictional limits of all lower courts to be determined at trial, together with the interest, cost and disbursements of this action, and all other such relief that this Court may deem just and proper.

Dated:      Bronx, New York
            October 19, 2007

                                        FAGA SAVINO, LLP.

                                        By: _____
                                        KEVIN B. FAGA, ESQ.
                                        *Attorneys for the Plaintiff*
                                        1200 Waters Place, Suite 301
                                        Bronx, New York 10461
                                        (718) 931-6000

TO:    Todd C. Rubenstein, Esq.
       Abrams, Fensternam, Fensterman, Eisman,
       Greenburg, Formato & Einiger LLP.
       *Attorneys for the Defendants*
       1111 Marcus Avenue, Suite 107
       Lake Success, New York 11042

WHEREFORE, Plaintiff demands judgment against the Defendants on the first cause of action in a sum exceeding the jurisdictional limits of all lower courts to be determined at trial, together with the interest, cost and disbursements of this action, and Plaintiff demands judgment against the Defendants on the second cause of action in a sum exceeding the jurisdictional limits of all lower courts to be determined at trial, together with the interest, cost and disbursements of this action, and all other such relief

# EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HECTOR LOPEZ,                                                  :

                      Plaintiff,                    :        Index No. 24736/06

            -against-                         :        NOTICE OF MOTION
                                          TO AMEND CAPTION
                               :        AND STRIKE CAUSES
                                          OF ACTION AND
RICHARD WELLS, NEW ENGLAND MOTOR,             :        <u>PRAYER FOR DAMAGES</u>
FREIGHT, INC., MYRON P. SHEVELL,
JOHN KARLBERG, NANCY BLAKEMAN,
CRAIG EISENBERG and JON SHEVELL,              :

                      Defendants.                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MOTION BY: | Defendants, RICHARD WELLS AND NEW ENGLAND MOTOR FREIGHT, INC. |
| DATE, TIME AND PLACE OF HEARING: | October 26, 2007, 9:30 a.m. at the Bronx Supreme Court, located at 851 Grand Concourse, Bronx, New York 10451. |
| SUPPORTING PAPERS: | Affirmation in Support of Todd C. Rubenstein, Esq., sworn to on September 27, 2007, with Exhibits "A" through "C". |
| RELIEF DEMANDED: | An order pursuant to at least CPLR § 3025(b) to Amend the Caption to remove discontinued defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg and Jon Shevell; |
| | An order pursuant to at least CPLR § 3024(b) to Strike all Causes of Action and paragraphs as they relate to the discontinued defendants from the Complaint, to wit:  paragraph # 6 through 20 and 43 through |

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HECTOR LOPEZ,                                                  :

                      Plaintiff,                    :        Index No. 24736/06

            -against-                         :        NOTICE OF MOTION
                                          TO AMEND CAPTION
                               :        AND STRIKE CAUSES

82, inclusive of the Third, Fourth, Fifth, Sixth and Seventh Causes of Action; and

An order pursuant to at least CPLR §3017(c) to Strike the "Wherefore Clause" and all paragraphs of the Complaint relating to any specific dollar amount of damages in the Complaint, to wit: paragraphs #32, 42, 50, 58, 66, 74 and 82.

NATURE OF ACTION:          The complaint is for an alleged personal injury claim resulting from an accident.

OPPOSING PAPERS:          Pursuant to CPLR §2214(b), answering papers, if any, must be served at least seven days before the return date of this motion.

Dated:          September 27, 2007

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, GREENBERG, FORMATO & EINIGER, LLP

By_____
Todd C. Rubenstein, Esq.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300
Attorneys for Defendants
RICHARD WELLS & NEW ENGLAND MOTOR FREIGHT, INC.

To:     James L. Hyer, Esq.
        Faga Savino, LLP
        Attorneys for Plaintiff
        1200 Waters Place
        Suite 301
        Bronx, New York 10461

82, inclusive of the Third, Fourth, Fifth, Sixth and Seventh Causes of Action; and

An order pursuant to at least CPLR §3017(c) to Strike the "Wherefore Clause" and all paragraphs of the Complaint relating to any specific dollar amount of damages in the Complaint, to wit: paragraphs #32, 42, 50, 58, 66, 74 and 82.

NATURE OF ACTION:          The complaint is for an alleged personal injury claim resulting from an accident.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HECTOR LOPEZ,                                    :

                          Plaintiff,    :    Index No. 24736/06

            -against-                 :    **AFFIRMATION IN**
                                       **SUPPORT OF MOTION**

                                        :

**RICHARD WELLS, NEW ENGLAND MOTOR,**    :
**FREIGHT, INC., MYRON P. SHEVELL,**
**JOHN KARLBERG, NANCY BLAKEMAN,**
**CRAIG EISENBERG and JON SHEVELL,**

                                   :
                      Defendants.

                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       TODD C. RUBENSTEIN, ESQ., an attorney duly admitted to practice law before the Courts

of the State of New York, affirms the following under penalties of perjury:

       (1) I am an attorney associated with the law firm of ABRAMS, FENSTERMAN,

FENSTERMAN, EISMAN, GREENBERG, FORMATO, & EINIGER, LLP, attorneys for the

Defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC., in the above

entitled action, and as such, I am fully familiar with all of the facts and circumstances set forth

herein.

       (2) I submit this affirmation in support of the Plaintiff's Motion to Amend Caption pursuant

to at least CPLR § 3025(b) to remove discontinued defendants Myron P. Shevell, John Karlberg,

Nancy Balkeman, Craig Eisenberg and Jon Shevell, to Strike Causes of Action and paragraphs from

the Complaint as they relate to the discontinued defendants, pursuant to at least CPLR § 3024(b), and

to Strike the "Wherefore Clause" and all paragraphs of the Complaint relating to any specific dollar

amount of damages in the Complaint, pursuant to at least CPLR § 3017(c).

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HECTOR LOPEZ,                                    :

                          Plaintiff,    :    Index No. 24736/06

            -against-                 :    **AFFIRMATION IN**
                                         **SUPPORT OF MOTION**

(3)    On or about December 29, 2006, the Plaintiff, Hector Lopez, filed a Complaint against the above-captioned Defendants, in connection with an automobile accident involving the Plaintiff and Defendant, Richard Wells.  A copy of the original Complaint is attached hereto and made a part hereof as **Exhibit "A"**.

(4)    On February 13, 2007, the Plaintiff, by and through his counsel, James L. Hyer, Esq. of Faga Savino, LLP, filed a Notice of Discontinuance as to Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell.   A copy of the Notice of Discontinuance is attached hereto and made a part hereof as **Exhibit "B"**.

(5)    On February 23, 2007, Defendants, RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. served their Answer to Plaintiff's Complaint.  A copy of the Answer by Defendants, RICHARD WELLS AND NEW ENGLAND MOTOR FREIGHT, INC. is attached hereto and made a part hereof as **Exhibit "C"**.

## AS TO MOTION TO AMEND CAPTION

(6)    Where the Plaintiff has filed a Notice of Discontinuance as to Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell, those Defendants are no longer parties to this action.

(7)    Accordingly, the Caption to the Plaintiff's Complaint should be amended to reflect the dismissal of Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell as Defendants.  See CPLR § 3025(b); Einheber v. Bodenheimer, et al., 12 Misc.3d 1177(A), 820 N.Y.S.2d 842 (Table), 2006 WL 1835019 (N.Y.Sup.), 2006 N.Y. Slip Op. 51264(u).  The Caption, as it is currently stated, reads as follows:

(3)    On or about December 29, 2006, the Plaintiff, Hector Lopez, filed a Complaint against the above-captioned Defendants, in connection with an automobile accident involving the Plaintiff and Defendant, Richard Wells.  A copy of the original Complaint is attached hereto and made a part hereof as **Exhibit "A"**.

(4)    On February 13, 2007, the Plaintiff, by and through his counsel, James L. Hyer, Esq. of Faga Savino, LLP, filed a Notice of Discontinuance as to Defendants Myron P. Shevell, John

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
------------------------------------------- x

HECTOR LOPEZ,                                      :

               Plaintiff,        :        Index No. 24736/06

       -against-                             :
                                   :

RICHARD WELLS, NEW ENGLAND MOTOR,       :
FREIGHT, INC., MYRON P. SHEVELL,
JOHN KARLBERG, NANCY BLAKEMAN,          :
CRAIG EISENBERG and JON SHEVELL,

                                  :
               Defendants.       :
------------------------------------------- x

     The Caption, after it is amended pursuant to CPLR § 3025(b) to reflect the discontinuance of

the Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon

Shevell, should read as follows:


**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
------------------------------------------- x

HECTOR LOPEZ,                                      :

               Plaintiff,        :        Index No. 24736/06

       -against-                             :
                                 :

RICHARD WELLS  and NEW ENGLAND MOTOR,   :
FREIGHT, INC.,

                                  :
               Defendants.       :
------------------------------------------- x


**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
------------------------------------------- x

HECTOR LOPEZ,                                      :

               Plaintiff,        :        Index No. 24736/06

       -against-                             :

**AS TO MOTION TO STRIKE CAUSES OF ACTION RELATING TO THE DISCONTINUED DEFENDANTS**

(8)    Where the Plaintiff filed a Notice of Discontinuance with the Court on February 13, 2007, concerning Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell, those Defendants are no longer parties to this action.

(9)    Since Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell are no longer parties to this action and the Complaint should be amended to reflect the dismissal of those defendants, the Court should strike the Plaintiff's Causes of Action relating to those Defendants from the Complaint. See CPLR § 3024(b); Einheber v. Bodenheimer, et al., 12 Misc.3d 1177(A), 820 N.Y.S.2d 842 (Table), 2006 WL 1835019 (N.Y.Sup.), 2006 N.Y. Slip Op. 51264(u).

(10)    Specifically, the Defendants, RICHARD WELLS AND NEW ENGLAND MOTOR FREIGHT, INC., request the Court to **strike paragraphs #6 though and to include #20** of the **Plaintiff's First Cause of Action** of the Complaint, as they relate solely to the discontinued Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell.

(11)    Additionally, the Defendants, RICHARD WELLS AND NEW ENGLAND MOTOR FREIGHT, INC., request the Court to strike the following:    **Plaintiff's Third Cause of Action (paragraphs #43 though and to include #50** of the Plaintiff' Complaint); **Plaintiff's Fourth Cause of Action (paragraphs #51 through and to include #58** of the Plaintiff's Complaint); **Plaintiff's Fifth Cause of Action (paragraph # 59 through and to include #66** of the Plaintiff's Complaint); **Plaintiff's Sixth Cause of Action (paragraph # 67 through and to include # 74** of the Plaintiff's Complaint); and **Plaintiff's Seventh Cause of Action (paragraph # 75 through and to include #82** of the Plaintiff's Complaint).    These Causes of Action and paragraphs relate solely to the

**AS TO MOTION TO STRIKE CAUSES OF ACTION RELATING TO THE DISCONTINUED DEFENDANTS**

(8)    Where the Plaintiff filed a Notice of Discontinuance with the Court on February 13, 2007, concerning Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell, those Defendants are no longer parties to this action.

discontinued Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell.

## AS TO MOTION TO STRIKE THE PLAINTIFF'S PRAYER FOR DAMAGES

(12)    CPLR § 3017 states in pertinent part that in an action to recover damages for personal injuries or wrongful death, "a <u>complaint shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled.</u>(Emphasis added).  If the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction."

(13)    The Plaintiff, in the final paragraph of each cause of action, and again in the "WHEREFORE" clause of his Complaint, alleges damages in the amount of Fifty Million ($50,000,000.00) Dollars.

(14)    The nature of the Plaintiff's Complaint is that of an alleged personal injury sustained by the Plaintiff in an vehicular accident with the Defendants.

(15)    The Court has held in personal injury or wrongful death actions that a pleading may contain only a general prayer for relief. <u>State Farm Mutual Automobile Insurance Company v. City of White Plains</u>, 8 Misc.3d 916, 798 N.Y.S.2d 650, 2005 N.Y. Slip. Op. 25256.

(16)    Furthermore, a complaint must contain a clause alleging that the relief sought by the Plaintiff meets the jurisdictional requirement of the court. <u>Streit v. Parker</u>, 94 Misc.2d 295, 404 N.Y.S.2d 308 (1978).

(17)    In the instant case, the Plaintiff has failed to include a clause in his Complaint stating that the relief he seeks meets the jurisdictional requirement of the court.  Plaintiff, by alleging damages of Fifty Million ($50,000,000.00) Dollars, has alleged damages other than a general prayer

discontinued Defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg, and Jon Shevell.

## AS TO MOTION TO STRIKE THE PLAINTIFF'S PRAYER FOR DAMAGES

(12)    CPLR § 3017 states in pertinent part that in an action to recover damages for personal

for relief in violation of CPLR § 3017.

(18)    Specifically, the Defendants, RICHARD WELLS AND DEFENDANT NEW

ENGLAND MOTOR FREIGHT, INC., request the Court to **strike paragraph #34, 42, 50, 58, 66,**

**74, and 82,** as these numbered paragraphs allege damages of Fifty Million ($50,000,000.00) Dollars

and requests relief other than a general prayer for relief in violation of CPLR § 3017.

(19)    Therefore, the Court must strike the Plaintiff's prayer for damages in each and every

cause of action of the Plaintiff's Complaint.  Additionally, the Court must strike the Plaintiff's prayer

for damages in the Plaintiff's "WHEREFORE" clause of his Complaint, as it alleges damages of

Fifty Million ($50,000,000.00) Dollars for each cause of action, and seeks relief other than a general

prayer for relief in violation of CPLR § 3017.


**WHEREFORE,** your affiant respectfully requests that the Defendants' Motion to Amend the

Caption to reflect only the two remaining Defendants, to Strike the Causes of Action and paragraphs

relating to the discontinued Defendants, and to Strike the Prayer for Damages, be granted in its

entirety together with such other and further relief as this Court may deem just, proper and equitable

under the circumstances.


Dated: Lake Success, New York
       September 27, 2007

_____
TODD C. RUBENSTEIN, ESQ.

for relief in violation of CPLR § 3017.

(18)    Specifically, the Defendants, RICHARD WELLS AND DEFENDANT NEW

ENGLAND MOTOR FREIGHT, INC., request the Court to **strike paragraph #34, 42, 50, 58, 66,**

**74, and 82,** as these numbered paragraphs allege damages of Fifty Million ($50,000,000.00) Dollars

and requests relief other than a general prayer for relief in violation of CPLR § 3017.

(19)    Therefore, the Court must strike the Plaintiff's prayer for damages in each and every