UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HECTOR LOPEZ,

                                                          **Case No.: 07 cv 10707(PKL)**

                                   Plaintiff,

    -against-

RICHARD WELLS, NEW ENGLAND MOTOR
FREIGHT, INC.,

                                  Defendants.
------------------------------------------------------------X


## RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND


                                  Todd C. Rubenstein (TCR 8884)
                                  Abrams, Fensterman, Fensterman, Eisman,
                                  Greenberg, Formato & Einiger, LLP
                                  Attorneys for Defendants
                                  RICHARD WELLS and NEW ENGLAND
                                  MOTOR FREIGHT, INC.
                                  1111 Marcus Avenue, Suite 107
                                  Lake Success, New York 141042
                                  516-328-2300

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**............................................................................. ii

**PRELIMINARY STATEMENT/STATEMENT OF FACTS**......................1

**POINT I**..............................................................................................6

>  REMOVAL WAS TIMELY AND PROPER AS IT WAS MADE WITHIN 30 DAYS OF A CONSENT ORDER STRIKING ALL ALLEGATIONS AND CAUSES OF ACTION WITH PREJUDICE AGAINST THE NON-DIVERSE DEFENDANTS

**POINT II**............................................................................................13

>  THERE WAS AN OBJECTIVELY REASONABLE BASIS FOR REMOVAL AND FEES/COSTS ARE NOT WARRANTED EVEN IF THE CASE, WHICH DEFENDANTS STRENOUSLY OPPOSE, IS REMANDED

**CONCLUSION**.................................................................................. 15

# TABLE OF AUTHORITIES

**CASES**

*Arseneault v. Congoleum*, No. 01 Civ. 10657 (LMM), 2002 WL 472256, (S.D.N.Y. March 26, 2002)......................................................................................12

*Aydell v. Sterns*, 677 F.Supp 877 (M.D.La.1988)...................................................7

*Crompton v. Park Ward Motors, Inc.*, 447 F.Supp. 699, 701 (E.D.Pa.1979)...............11

*Dowd v. Alliance Mortgage Co.*, 339 F. Supp. 2d 452 (E.D.N.Y. 2004).....................8

*Felice v. St Agnes Hospital*, 411 N.Y.S. 2d 901, 904 (2nd Dept 1978)........................9

*Fred Olsen & Co. v. Moore*, 162 F.Supp. 82, 84 (N.D.Cal.1958)............................11

*Gottlieb v. Firestone Steel Products*, 524 F. Supp. 1137 (ED Pa 1981).....................11

*Graphic Scanning Corp. v. Yampol*, 677 F.Supp. 256, 259 (D.Del.1988)...................13

*Hamilton v. Hertz Corp.*, 607 F. Supp. 1371, 1373 (S.D.N.Y.1985).....................6, 13

*Henderson v. City of Chattanooga*, No. 02-045, 2002 WL 32060139, *4, 2002 U.S. Dist. LEXIS 26339, *15 (E.D.Tenn. June 11, 2002)...........................7

*Higgins v. Pittsburgh-Des Moines Co.*, 635 F.Supp 1182 at 1184 (S.D.Tex.1986).........................................................................................7

*Insinga v. LaBella*, 845 F.2d 249, 252-53 (11th Cir.1988).........................................7

*Kelly v. Danek Medical, Inc.*, 1994 WL 321074 (E.D.La.)......................................11

*LGP Gem Ltd. v. Cohen*, 636 F.Supp. 881, 882 (S.D.N.Y.1986).........................8, 12

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)....................................13, 14

*McLin v. Surgitex, Inc.*, 1992 WL 67801 (E.D.La.,1992).........................................7

*Pepsico, Inc. v. Wendy's Int'l, Inc.*, 118 F.R.D. 38, 40 (S.D.N.Y.1987)...................12

*Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71-2 (7th Cir.1992)..................................7

*Quinn v. Aetna Life & Casualty Co.*, 616 F.2d 38 (2d Cir.1980) (*per curiam*)..............8

*Schachter v. Massachusetts Protective Ass'n*, 30 A.D.2d 540, 291 N.Y.S.2d
128 (2nd Dept. 1968)..................................................................................10

*Scott v. Communications Services, Inc.*, 762 F.Supp 147 at 151
(S.D.Tex.1991).............................................................................................7

*Stan Winston Creatures Inc. v. Toys R Us, Inc.*, 314 F. Supp2d 177
(S.D.N.Y. 2003)............................................................................................4

*Stone v Williams*, 792 F Supp 749, (1992, MD Ala) later proceeding
792 F. Supp. 755 (MD Ala), affd without op 987 F2d 774 (CA11 Ala).....................12

*S.W.S. Erectors, Inc. v. Infax Inc.*, 72 F.3d 489, 494 (5th Cir.1996)..........................7

*Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2nd Cir. 2001).......................4

**FEDERAL STATUTES**

28 U.S.C.S. § 1446(b)...................................................1, 5, 6, 7, 9, 13, 15

28 U.S.C.S. § 1447(c)..............................................................................13

**STATE STATUTES**

CPLR §3017(c)..........................................................................................2

CPLR § 3217...........................................................................................8, 9

CPLR § 214.............................................................................................10

CPLR § 3024...........................................................................................10

## **PRELIMINARY STATEMENT/STATEMENT OF FACTS**

Defendants Richard Wells and New England Motor Freight, Inc. (hereinafter "Wells and NEMF") respectfully submit this Memorandum of Law in strenuous opposition to plaintiff's Motion to Remand this action, made after consenting to a Case Management Plan, to the Supreme Court of the State of New York, Bronx County (hereinafter "State Court") pursuant to 28 U.S.C.S. § 1446(b). Plaintiff seeks remand based <u>entirety and solely</u> on its assertion that the 30 day window for removal upon diversity jurisdiction had expired prior to the removal date. Plaintiff argues that removal should have been made upon initial filing or, in the alternative, no later than in or around February, 2007 when plaintiff filed a Notice of Discontinuance without prejudice against all non-diverse defendants.

Wells and NEMF dispute that contention and assert that removal on November 30, 2007 was timely as an Order, on the consent of plaintiff's counsel, was entered in State Court on November 5, 2007 striking all causes of action against the non-diverse defendants and removing them from the caption, bringing absolute finality and certainty that plaintiff is forever precluded from pursuing such claims. (the "Consent Order"). *Exhibit "C" to Notice of Removal.* In order to remove on diversity there must be a voluntary dismissal by plaintiff with prejudice of all claims against the non-diverse defendants, which took place in November 2007, not February 2007. Moreover, plaintiff filed an amended complaint in State Court on November 29, 2007, one (1) day prior to removal, which undertook the mandates of the Consent Order, leaving only Richard Wells and New England Motor Freight, Inc., each of whom are diverse to plaintiff, and not residents of New York, the forum state, as defendants. *Exhibit "A" to accompanying Rubenstein Declaration.*

1

In this case, plaintiff, Hector Lopez, who professes to be a Bronx County, New York resident in his complaint, and now amended complaint, alleges that on September 22, 2006 he was injured in a two vehicle accident on Interstate 87-Northbound in Orange County, New York[1]. *Exhibit "A" to Notice of Removal and Rubenstein Declaration.* Plaintiff filed his lawsuit in State Court on December 29, 2006, less than one year prior to removal, in which he makes allegations of negligence and asserted improperly that he was seeking <u>Fifty Million Dollars</u> ($50,000,000.00) in damages.[2] The Complaint named defendants Richard Wells, the alleged driver of the vehicle and New England Motor Freight, Inc., the alleged owner of the vehicle. Oddly, the complaint further named defendants Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg and Jon Shevell, (collectively the "non-diverse defendants") all of whom are alleged executives of New England Motor Freight, Inc. As indicated in the Notice of Removal, and at length in the affidavit of Nancy Blakeman accompanying these opposition papers, Nancy Blakeman at all times relevant, and continuously from the date of the complaint, has been a New York resident, which, until the most recent Consent Order and amended complaint, destroyed complete diversity[3]. *Blakeman Affidavit.*

On or about February 23, 2007, an answer to the complaint denying assertions of negligence and defenses were served by defendants Richard Wells and New England Motor

---

[1] Plaintiff argues in his Motion to Remand that he "was lawfully stopped on the right shoulder of Interstate 87 in Orange County New York" when he was rear ended by defendants' vehicle. Defendants dispute these allegations, asserting comparative negligence on plaintiff's part for the subject accident, among other defenses, although such arguments on negligence are not relevant or probative as to the issue of Removal, and the pending Motion to Remand.

[2] The assertion was improper because CPLR §3017(c) precludes any assertion of a specific claim for damages in personal injury cases such as the instant case.

[3] The residence of the other four defendants Myron P Shevell, John Karlberg, Craig Eisenberg and Jon Shevell is not addressed herein as their status is irrelevant since Nancy Blakeman is a New York resident, and they were discontinued, and ultimately dismissed with prejudice as a group.

2

Freight, Inc.[4] In their answer, Richard Wells and New England Motor Freight, Inc. admit the allegations by plaintiff that they are residents (as that term is defined for purposes of diversity) of Connecticut and New Jersey, respectively. Prior to that time, on or about February 13, 2007, plaintiff voluntarily filed, but, upon information and belief, failed to serve a Notice of Discontinuance, which by operation of law and on its face was <u>without prejudice</u>, as to the non-diverse defendants, the result of which left them exposed to potential further liability in that the three year statute of limitations for claims of personal injury had not and would not have expired until September 2009.[5] *Exhibit "C" to Plaintiff's Motion to Remand.*

On November 29, 2007, plaintiff, adhering to the directives of the Consent Order entered in the Bronx County Clerk's Office on November 5, 2007, which plaintiff voluntarily consented to, and approved, filed an amended complaint removing the non-diverse defendants from the caption and all allegations and causes of action against them. That Consent Order, struck from the initial complaint, and forever precluded, something the initial Notice of Discontinuance did not, all allegations and causes of action against the non-diverse defendants including Nancy Blakeman, a New York resident, who previously destroyed complete diversity. The Order further removed the non-diverse defendants, including Nancy Blakeman, from the caption of plaintiff's complaint. Prior to the Order there was no protection against plaintiff pursuing claims

---

[4] The Answer was served and a Notice of Appearance entered by Robert M. Blakeman & Associates. Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP substituted as counsel on March 8, 2007 although your author's handling of the matter has been continuous, having previously been associated with Robert M. Blakeman & Associates.

[5] Plaintiff contends in support of remand that Robert M. Blakeman & Associates, previous counsel for defendants Wells and NEMF also represented the non-diverse defendants. At no time did Robert M. Blakeman & Associates represent Myron P. Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg and Jon Shevell in this matter, and the letter dated February 5, 2007 annexed to plaintiff's moving papers makes no such representation, or that the firm would accept service on behalf of such individuals. Regardless, defendants Wells and NEMF assert that such issues are irrelevant as to whether Removal was timely as Wells and NEMF do not dispute that they were aware of the Notice of Discontinuance. However, it is evident that the Notice of Discontinuance was never served upon any of the purportedly discontinued defendants.

against Nancy Blakeman since the Notice of Discontinuance was without prejudice, and the procedures for its enforcement were not followed by plaintiff[6].

Plaintiff mistakenly argues in support of his motion that his failed attempt to discontinue against the non-diverse defendants by filing a Notice of Discontinuance, without prejudice, in February 2007 commenced the clock for removal. In February 2007, plaintiff failed to adhere to the statutory requirements for dismissal, failed to remove the non-diverse defendants, including Nancy Blakeman, from the lawsuit's caption **and failed to dismiss the allegations and causes of action set forth in his complaint against these non-diverse defendants with prejudice**. In short, there was no finality to the Notice of Discontinuance without prejudice, an absolute requirement and precursor to removal, as plaintiff could have subsequently pursued such claims. By its definition, it was the Consent Order, entered on November 5, 2007 that struck with finality, with plaintiff's blessing, also an absolute requirement for removal, the allegations and causes of action against these non-diverse defendants. By its definition, it was also the Consent Order that removed Nancy Blakeman, and the four other defendants, from the caption of the lawsuit. Plaintiff characterizes the Consent Order and Amended Complaint as mere

---

[6] Noticeably absent from plaintiff's moving papers is any explanation for asserting causes of action against Myron P Shevell, John Karlberg, Nancy Blakeman, Craig Eisenberg and Jon Shevell who, as executives, are not routinely named in a personal injury action between two vehicles, especially when the corporate owner itself, New England Motor Freight, Inc. is a party. Moreover, just as glaringly absent, is any explanation why plaintiff saw fit, prior to the discovery process, to attempt discontinuance without prejudice against them Defendants gave thought to removing prior to the dismissal with prejudice of the non-diverse defendants on the basis of fraudulent joinder, although the case law in the Southern District of New York is clear that it is not enough to show that plaintiff's causes of action against the non-diverse defendants would not survive a motion to dismiss. <u>Stan Winston Creatures Inc. v. Toys R Us, Inc</u>. 314 F. Supp2d 177 (S.D.N.Y. 2003) (A 'defendant may not use removal proceedings as an occasion to adjudicate the substantive issues of a case') Rather, to remove by arguing that there was fraudulent joinder of the non diverse defendants to defeat diversity jurisdiction defendants would have had to proffer clear and convincing evidence that there is no possibility, based on the pleadings, that plaintiff can state a cause of action against the non-diverse defendant. <u>Whitaker v. Am. Telecasting, Inc</u>. 261 F.3d 196, 207 (2nd Cir. 2001). Given this high, almost impossible burden which could not be met at this stage, removal under such an argument was not made, given that plaintiff rightfully could have sought sanctions for such action. Similarly, dismissal of the non-diverse defendants had to come voluntarily from plaintiff, which it did, both with the Notice of Discontinuance without prejudice, and subsequently by consent order to strike the causes of action against the non-diverse defendants, so as to properly permit removal.

"housekeeping" when in reality such voluntary acts by plaintiff, whereby plaintiff agreed to forever waive his claims against the non-diverse defendants, is the foundation for Removal.

Plaintiff's arguments for Remand are not supported by the facts and interpretation of 28 U.S.C.S. § 1446(b), and must fail. As set forth herein, irrespective of whether the clock began to run on the entry date of the Consent Order, November 5, 2007, the filing date of the amended complaint, November 29, 2007, or anytime in between, removal on November 30, 2007 was timely.

**POINT I**

**REMOVAL WAS TIMELY AND PROPER AS IT WAS MADE WITHIN 30 DAYS OF A CONSENT ORDER STRIKING ALL ALLEGATIONS AND CAUSES OF ACTION WITH PREJUDICE AGAINST THE NON-DIVERSE DEFENDANTS**

There is no dispute that the remaining defendants, Richard Wells and New England Motor Freight, Inc. became aware, through counsel, that a Notice of Discontinuance, without prejudice, was filed on February 13, 2007 as to the non-diverse defendants[7]. Indeed, that fact was set forth in the body of the Notice of Removal. Nonetheless, at that time, and until the amended complaint was filed, or at worst case scenario, when such Consent Order striking the causes of action, at least as to Nancy Blakeman, and modifying the caption accordingly, was entered with the clerk in State Court, defendants Wells and NEMF had no avenue for removal.

Under Section 1446(b), where a case is not originally removable, the time for removal begins only after defendant receives a copy of a pleading, motion, or other paper which shows that the action has become removable. Therefore, the time period to remove an action cannot depend on defendant's actual knowledge, because the statute expressly allows a defendant to rely on papers presented to it. *Bonnell v. Seaboard Airline R. R.*, 203 F.Supp. 53 (N.D.Fla.1962); *Hamilton v. Hayes Freight Lines*, 102 F.Supp. 594 (E.D.Ky.1952); *Camden Indus. Co. v. Carpenters Local No.* 1688, 246 F.Supp. 252 (D.N.H.1965) aff'd on other grounds, 353 F.2d 178 (1st Cir. 1965); and *Jong v. General Motors Corp.*, 359 F. Supp. 223 (D.C. Cal. 1973). 28 U.S.C.S. § 1446(b) states in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

---

[7] It is further conceded that plaintiff's counsel requested and that this author prepared the Notice of Discontinuance, which plaintiff insisted be without prejudice. The lack of prejudice with regard to this Notice precluded Removal at that time. The issue of who prepared the Notice is utterly irrelevant to the argument at hand, which is the legal finality of that Notice, not its existence.

6

>removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C.S. § 1446(b).

It is only where plaintiff, <u>by his voluntary act</u>, definitely and clearly indicates his intention to abandon or discontinue the action against a non-diverse defendant that the action becomes removable. <u>Aydell v. Sterns, 677 F.Supp 877 (M.D.La.1988)</u>; <u>McLin v. Surgitex, **Inc.**, 1992 WL 67801 (E.D.La.,1992)</u> (plaintiffs' voluntary dismissal without prejudice was not the final action against the Louisiana doctor and was in no way indicative of an intention to abandon or discontinue their action against the non-diverse party); See also <u>Higgins v. Pittsburgh-Des Moines Co., 635 F.Supp 1182 at 1184 (S.D.Tex.1986)</u> ["A case that is non-removable at the onset may become removable only by the plaintiff's 'voluntary' act, resulting in the <u>'final' dismissal</u> of those defendants whose presence precludes removal."]; <u>Scott v. Communications Services, Inc., 762 F.Supp 147 at 151 (S.D.Tex.1991)</u> [A suit against both a non-diverse defendant and a diverse defendant may become removable by the diverse defendant if the plaintiff voluntarily dismisses the action against the non-diverse defendant **with prejudice**, because there is no risk that diversity will later be destroyed. <u>Henderson v. City of Chattanooga, No. 02-045, 2002 WL 32060139, *4, 2002 U.S. Dist. LEXIS 26339, *15 (E.D.Tenn. June 11, 2002)</u> ("A state court case that initially is non-removable cannot subsequently become removable or be transformed into a removable case unless a change occurs that makes it removable as a result of the plaintiff's voluntary act"); <u>S.W.S. Erectors, Inc. v. Infax Inc., 72 F.3d 489, 494 (5th Cir.1996)</u>; <u>Poulos v. Naas Foods, Inc., 959 F.2d 69, 71-2 (7th Cir.1992)</u>; <u>Insinga v. LaBella,, 845 F.2d 249, 252-53 (11th Cir.1988)</u>; <u>Dowd v. Alliance Mortgage Co., 339 F. Supp. 2d 452 (E.D.N.Y. 2004)</u>.

In *Quinn v. Aetna Life & Casualty Co.*, 616 F.2d 38 (2d Cir.1980) (*per curiam*), the court held that voluntary dismissal of a non-diverse party renders a case removable. The determinative factor in the decision, however, was not that the dismissal was voluntary, but rather that it was final. The non-diverse defendant had been dismissed from the case on its motion for summary judgment. The Court of Appeals upheld the district court's denial of a motion to remand because the plaintiffs had failed to appeal from the dismissal order. This failure to appeal "constituted the functional equivalent of a 'voluntary' dismissal." *Quinn*, 616 F.2d at 40 n.2.; *LGP Gem Ltd. V. Cohen*, 636 F. Supp. 881 (S.D.N.Y. 1986).

As stated in the Notice of Removal itself, in this case Plaintiff Hector Lopez, on February 13, 2007 sought to file his voluntary Notice of Discontinuance without prejudice as to the non-diverse defendants in accordance with CPLR § 3217 entitled Voluntary Discontinuance. It states in relevant part:

(a) <u>Without an order</u>. Any party asserting a claim may discontinue it without an order.

1. by serving upon all parties to the action a notice of discontinuance at any time before a responsive pleading is served or within twenty days after service of the pleading asserting the claim, whichever is earlier, and filing the notice with proof of service with the clerk of the court.

…

**(c) <u>Effect of discontinuance</u>. Unless otherwise stated in the notice, stipulation or order of discontinuance, the discontinuance is without prejudice… (emphasis added)**

CPLR § 3217.

Subsection (c) of CPLR § 3217 clearly and unequivocally states that a Notice of Discontinuance, such as the Notice filed by plaintiff Hector Lopez, is done so without prejudice unless stated otherwise in the document. There can be no dispute that the Notice filed by

plaintiff Hector Lopez fails to make any reference that the dismissal is with prejudice, thereby, by operation of law, is deemed a Notice of Discontinuance without prejudice. *Exhibit "C" to plaintiff's motion to remand.* As stated above, and held consistently in all Federal Districts, a discontinuance without prejudice as to the non-diverse defendants, such as the one filed by plaintiff, is not a final voluntary act that permits dismissal[8].

As set forth in the Notice of Removal, the Consent Order, the by-product of an application by defendants Richard Wells and New England Motor Freight, Inc., was the first time allegations of negligence and wrongdoing were struck as to the non-diverse defendants, and the caption modified to reflect their dismissal[9]. The Consent Order, which was a voluntary act of plaintiff's counsel, is the first "paper" upon which it can be properly ascertained that the case is removable. Indeed, the New York Supreme Court, Appellate Division, Second Department has concluded that a voluntary dismissal is not tantamount to removing the dismissed defendants from the case. *Felice v. St Agnes Hospital*, 411 N.Y.S. 2d 901, 904 (2nd Dept 1978).

That contention was further upheld when plaintiff filed his amended complaint so as to remove the non-diverse defendants from the caption and deleting all allegations of negligence and causes of action against them that were struck by the Consent Order. Indeed, had plaintiff truly believed that he had previously discontinued with prejudice against the non-diverse defendants, an inherent necessary step for removal, there would have been no reason for the Consent Order to have been issued by the State Court. In effect, plaintiff argues against the very

---

[8] A secondary argument can also be made that plaintiff's failure to abide by the requirements of CPLR § 3217 by not serving or filing proof of service of the Notice of Discontinuance without prejudice on the named defendants nullifies the Notice of Discontinuance altogether, and therefore these defendants were never dismissed in any capacity.

[9] The motion was brought by defendants Richard Wells and New England Motor Freight, Inc. for such relief because plaintiff made no overtures to do so, had expressed no indication that he was dismissing claims against Nancy Blakeman and the others with prejudice, and the one year period for seeking removal regardless of the circumstances, was quickly approaching. 28 USC §1446.

Order upon which he previously acknowledged and consented was necessary to affect the dismissal with prejudice of the non-diverse defendants.

Prior to the Order there was no protection against plaintiff pursuing claims against non-diverse defendant Nancy Blakeman or the other defendants since the Notice of Discontinuance was without prejudice, and the procedures for its enforcement were not followed by plaintiff. Wells and NEMF's receipt of the Notice of Discontinuance without prejudice in February 2007 does not satisfy the "other paper" requirement because the "other paper" was not of the type that the case became removable. Although voluntary, it was not with prejudice or finality. The finality did not come until plaintiff consented, also a voluntary act by plaintiff, and the Court entered its order striking the causes of action and paragraphs asserting negligence against the non-diverse defendants and amending the caption to remove them as named parties.[10] Otherwise, plaintiff certainly could have re-filed or pursued the existing matter against the non-diverse defendants given that the statute of limitations for personal injury/negligence actions of three years from date of accident would not have expired until September 22, 2009. See CPLR § 214.

In a similar case in which a plaintiff identified a particular trucking company by a John Doe destroying compete diversity only later to abandon claims against that trucking company, and have the case removed, the Court in denying a motion to remand aptly stated:

> Importantly, plaintiff's pleading initially created the questionable situation of whether diversity existed. Hence, he should not profit from the ensuing uncertainty. Fred Olsen & Co. v. Moore, 162 F.Supp. 82, 84 (N.D.Cal.1958). ...The removal statute is designed to provide a "uniform and definite time for a defendant to remove an action". Crompton v. Park Ward Motors, Inc., 447 F.Supp. 699, 701 (E.D.Pa.1979) (emphasis in original; quotation omitted). Defendants should not be required to "guess" when a case becomes removable. To hold otherwise would require

---

[10] To "strike" is a term of art in the legal profession and in New York, when a matter is stricken, it is with prejudice and finality. See CPLR 3024. Schachter v. Massachusetts Protective Ass'n, 30 A.D.2d 540, 291 N.Y.S.2d 128 (2nd Dept. 1968).

10

> defendants to resolve questions as to removability in favor of early, and perhaps unwarranted, removal. Such a situation would create havoc on the dockets of both state and federal courts...

*Gottlieb v. Firestone Steel Products*, 524 F. Supp. 1137 (ED Pa 1981).

In Gottlieb, plaintiffs attempted to argue that their failure to assert claims against the trucking company in their pre-trial memorandum and conversations with counsel should have started the clock on removal, even though plaintiff's Preacipe to Discontinue with prejudice had not been filed with the Court. The Court disagreed with plaintiff's argument and noted defendant's contention that the trucking company, through a "John Doe" remained in the caption, concluding that the removing party should not have the benefit of both worlds, finding that the formal act of dismissal with prejudice is all that matters. *Gottlieb v. Firestone Steel Products*, 524 F. Supp. 1137 (ED Pa 1981). Similarly, in *Kelly v. Danek Medical, Inc.*, 1994 WL 321074 (E.D.La.), the plaintiff sued the diverse manufacturer of spinal rods and did not name the non-diverse medical parties as defendants. She did, however, make sufficient allegations in her petition for damages to state a claim against the non-diverse defendants, even though they were not named. *Id.* Given the reality that such non-diverse defendants may rear their heads at a later date as defendants, the Court remanded the case to State Court since there was no assurance that such scenario would not occur.

If defendants Wells and NEMF had sought removal when the Notice of Discontinuance without prejudice was filed, it is a certainty that plaintiff would have sought remand at that time arguing that the discontinuance was not final and that claims against said non-diverse defendants may later be pursued, and the Court would have been apt to do so. Put another way, the amended complaint, or at worst case scenario, the Consent Order entered November 5, 2007 became the initial pleading or paper upon which defendants Wells and NEMF were given notice

that Removal was available under complete diversity, and proper. "Diversity is determined at the time of filing ...."); _Arseneault v. Congoleum_, No. 01 Civ. 10657(LMM), 2002 WL 472256, (S.D.N.Y. March 26, 2002) ("The general rule is that 'where removal is premised on diversity jurisdiction, ... complete diversity must exist both at the time the action is commenced and at the time of removal.' ") (citing _Pepsico, Inc. v. Wendy's Int'l, Inc._, 118 F.R.D. 38, 40 (S.D.N.Y.1987)); _LGP Gem Ltd. v. Cohen_, 636 F.Supp. 881, 882 (S.D.N.Y.1986) The court held in _Stone v Williams_ 792 F Supp 749, (1992, MD Ala) later proceeding 792 F Supp 755 (MD Ala), affd without op 987 F2d 774 (CA11 Ala) that, under the unique circumstances of that case, the plaintiff's amended complaint constituted the "initial pleading" for the purposes of § 1446(b), and the defendant's removal petition was timely filed. The court found that, because the plaintiff's initial third-party complaint against the representatives of the estate of a deceased had not named the defendant Williams and stated no claims against him, he was not a party to the original action, and that it was only upon the plaintiff's being ordered by the state court to file a complaint against Williams in order to give him notice of certain claims against him that Williams possessed the legal right and the necessary information to file his notice of removal. Thus, held the court, the amended complaint in this case constituted the initial pleading, from receipt of which the defendant had 30 days to file for removal.

    Moreover, Defendants Wells and NEMF could not have sought removal prior to entry of the signed Consent Order as plaintiff , until the Consent Order was entered, was not obligated to strike the causes of action and allegations against the non-diverse defendants, and had no obligation to amend the caption, or file an amended complaint. _Graphic Scanning Corp. v. Yampol_, 677 F.Supp. 256, 259 (D.Del.1988) ("[T]he commencement of the thirty-day period upon filing of the plaintiff's motion (or in this case the Consent Order) would force a defendant

12

to speculate as to the state court's ruling and require a defendant to file his removal petition before the grounds for removal actually exist."); Hamilton v. Hertz Corp., 607 F.Supp. 1371, 1373 (S.D.N.Y.1985) ("Generally, the time period [for removal] would start to run 'after receipt' by defendants of a copy of the order [granting the motion to amend]...."

Simply put, the Notice of Removal filed on November 30, 2007 was timely under 28 U.S.C.S. § 1446(b).

## POINT II

### THERE WAS AN OBJECTIVELY REASONABLE BASIS FOR REMOVAL AND FEES/COSTS ARE NOT WARRANTED EVEN IF THE CASE, WHICH DEFENDANTS STRENOUSLY OPPOSE, IS REMANDED

Although defendants Wells and NEMF argue strenuously that plaintiff's Motion to Remand is entirely without merit, it would be deficient on their part not to at least address herein plaintiff's application for fees and costs under. 28 U.S.C.S. § 1447(c).

Costs, expenses and fees are not warranted, nor required under 28 U.S.C.S. § 1447(c) when a case is remanded to State Court. The matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand. Certainly, in this case, defendants' removal was objectively reasonable. The U.S. Supreme Court issued guidance in Martin v. Franklin Capital Corp., 546 U.S. 132 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacking an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exits, fees should be denied... In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case... When a court exercises its discretion in this manner, however, its reasons for departing

13

> from the general rule should be "faithful to the purposes" of awarding fees under §1447(c).

*Martin*, 546 U.S. at 141 (citations omitted). *See, e.g.*, *Good Energy, L.P. v. Kosachuk*, 2006 WL 1096900 (S.D.N.Y. 2006) ("Here, it cannot be said that Defendant's assertion that complete diversity jurisdiction existed between the parties at the time of removal lacking an objectively reasonable basis."); *Houston v. Scheno*, 2007 WL 2230093, (E.D.N.Y. 2007) ("Although defendant did not meet his burden of establishing the amount in controversy to support diversity jurisdiction, he had an objectively reasonable basis to seek removal to this Court and no unusual circumstances exists which might otherwise warrant an award of costs and attorney's fees.")

For the reasons presented herein, removal was not only objectively reasonable, it was proper. If costs/fees are to be awarded, they should be against plaintiff, not defendants, for bringing his motion to remand without a reasonable legal or factual basis to do so.

14

## CONCLUSION

The Notice of Removal by defendants Richard Wells and New England Motor Freight, Inc. was timely and proper under 28 U.S.C.S. § 1446(b). Based upon the foregoing, the accompanying Nancy Blakeman Affidavit, Declaration, the Notice of Removal, and all papers, pleadings and exhibits filed in this matter, plaintiff's motion for remand and fees must, respectfully, be denied in all respects.

Dated: Lake Success, New York
January 24, 2008

Respectfully submitted

As to all factual matters declared under the penalties of perjury pursuant to 28 U.S.C. § 1746 to be true and correct:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato, & Einiger, LLP

_____
Todd C. Rubenstein, Esq. (TCR 8884)
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
Attorneys for Defendants, Richard Wells
and New England Motor Freight, Inc.