UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HECTOR LOPEZ,                                          07-CIV-10707 (PKL)

                                      Plaintiff,
   -against-                                          **REPLY DECLARATION IN
                                                                       FURTHER SUPPORT OF
                                                                       REMAND**

RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

                                        Defendant.
------------------------------------------------------------------X

STATE OF NEW YORK  )
                            ) ss.:
COUNTY OF BRONX   )

       **KEVIN B. FAGA**, an attorney duly admitted to practice before the bar of this Court hereby declares under penalties of perjury pursuant to 28 U.S.C. §1746 that the following statements are true:

       1.    I am a member of the law firm of FAGA SAVINO, LLP, attorneys for the plaintiff, HECTOR LOPEZ, in the above entitled action and as such I am fully familiar with all facts and proceedings heretofore had herein.

       2.    I submit this declaration in response to the Declaration in Opposition and Memorandum of Law by defendants RICHARD WELLS and NEW ENGLAND MOTOR FREIGHT, INC. (hereinafter "WELLS and NEW ENGLAND") and in further support of the instant motion to remand this matter to State Court as the Notice of Removal was defective and untimely pursuant to 28 U.S.C.S. § 1446(b).

       3.    Defendant have completely misapprehended 28 U.S.C.S. § 1446(b). Upon a change in parties, the statute gives time to the remaining parties to determine whether the case has become

removable, and if so, to remove. There is no dispute that the claims against the allegedly non-diverse defendants were discontinued in February 2007. The remaining defendants were clearly aware of such. For the remaining defendants to argue that service upon or knowledge of the discontinued parties has a bearing on removability, is simply unfounded and misguided.

4. In their opposition, defendants WELLS and NEW ENGLAND concede that a voluntary discontinuance, such as a Notice of Discontinuance, as to the purportedly non-diverse defendants would be sufficient to trigger the strict thirty day time limit for removal pursuant 28 U.S.C.S. § 1446(b). There is also no dispute that said defendants were well aware that the Notice of Discontinuance as to the allegedly non-diverse defendants was filed on February 13, 2007 (See Defendant's Memorandum of Law at pg 6). However, defendants WELLS and NEW ENGLAND argue that because the Notice of Discontinuance that was drafted by their attorney and executed on behalf of plaintiff on February 5, 2007 did not specifically indicate that it was "with prejudice" it should be ignored by this Court[1].

5. The arguments advanced by defendants WELLS and NEW ENGLAND are without merit. None of the cases cited in their opposition specifically require that a Notice of Discontinuance must state "with prejudice" in order for it to be considered a "paper from which it may first be ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C.S. § 1446(b). In fact, the overwhelming majority of the cases cited by defendants WELLS and NEW ENGLAND actually rule in favor of remand and essentially support the plaintiff's position.

---

[1] As a secondary argument, defendants WELLS and NEW ENGLAND mention in a footnote that the Notice of Discontinuance should also be ignored as proof of service was not filed in State Court. It is worth noting that C.P.L.R. § 3217(d) mandates that all notices, stipulations, or certificates pursuant to [Section 3217] shall be filed with the County Clerk by the defendant.

2

6. As the cases by relied on by defendants WELLS and NEW ENGLAND confirm, the Courts have consistently held that when a plaintiff, by a voluntary act, discontinues or abandons the claims against non-diverse defendants, the action becomes removable. <u>Aydell v. Sterns</u>, 677 F. Supp 877 (M.D.La1988). As such, this matter became removable with the execution of the Notice of Discontinuance on February 5, 2007 and the defendants' time to file a Notice of Removal expired long ago, on or about March 5, 2007[2].

7. None of the cases cited by defendants from the Second Circuit hold that a Notice of Discontinuance, which does not specifically state "with prejudice," should not be considered. Instead, the Courts have consistently focused on whether or not the termination of claims against non-diverse defendants was voluntary or involuntary.

8. Moreover, defendants WELLS and NEW ENGLAND's reliance on cases from outside the Second Circuit is misguided. For example, defendants would have this Court believe that the plaintiff's voluntary dismissal against non-diverse defendants in the case <u>McLin v. Surgirtex, Inc.</u>, 1992 WL 67801 (E.D.La, 1992), did not render the case removable because it was without prejudice (See Defendant's Memorandum of Law at pg 7). However, the Court in <u>McLin</u> actually concluded that the lawsuit against the defendant doctors "was procedurally barred by under Louisiana law . . . until the claim [had] been presented to a medical review panel [and] in that sense, the plaintiff's dismissal of the non-diverse doctor [was] involuntary." <u>McLin v. Surgirtex, Inc.</u>, 1992 WL 67801 (E.D.La, 1992). It was due to the involuntary nature of the discontinuance that it did not render the matter removable.

9. The implication by the defendants that support for their position can be found in State Court is equally unconvincing. For instance, defendants argue that the Court in <u>Felice v. St.</u>

---

[2] Although defendant claims that the Plaintiff may have intended to further pursue the discontinued claims, plaintiff would not have agreed to the Consent Order amending the complaint as requested by defendants if that in fact were true.

3

Agnes Hospital concluded that voluntary dismissal is not tantamount to removing the dismissed defendants from the case. (See Defendant's Memorandum of Law at pg 9). Yet, the decision in Felice did not concern Federal removal and merely stated that a voluntary dismissal by a plaintiff, even when with prejudice, did not necessarily preclude codefendants from asserting cross-complaints or other claims for affirmative relief. Felice v. St. Agnes Hospital, 411 N.Y.S.2d 901, 904 (2nd Dept 1978).

10. In sum, assuming that the matter was not removable upon the service of the initial pleading, the plaintiff's Notice of Discontinuance of February 5, 2007 certainly served to trigger the strict thirty day time period pursuant to 28 U.S.C.S. § 1446(b) in which the defendants must have filed their Notice to Removal. As such, the time for defendants' removal has long expired.

11. Moreover, nothing contained the opposition by defendants WELLS and NEW ENGLAND changes the fact that their Notice of Removal was defective, as it failed to set forth why the matter was not removable upon the initial pleading. This defect cannot now be cured by the self serving Affidavit of one of the discontinued defendants. It is clear, based on the correspondence of Mr. Rubenstein, which was attached as an exhibit to the instant motion, that opposing counsel has represented all of the defendants in this action since its inception. Therefore, such information could easily have been provided previously. In light of the above, defendants WELLS and NEW ENGLAND have failed to meet the requisite burden of establishing that the Notice of Removal was proper.

12. Defendants WELLS and NEW ENGLAND have also failed to show in the Notice of Removal that said defendants did not conduct sufficient business within New York State for them to be considered citizens of New York for diversity purposes.

13. Lastly, it is worth noting that several potentially negligent non-diverse parties remain as possible defendants in this action. The residence of the entities who performed maintenance work on the subject vehicles has yet to be determined. It is likewise unknown who loaded the materials contained inside the two trucks or the identities of the customers for whom the cargo inside the trucks was being transported.

## CONCLUSION

14.     In sum, defendants' Notice of Removal is defective and untimely.  As such, the matter must be remanded.  We further respectfully request that the Court award plaintiff HECTOR LOPEZ payment of just costs, expenses and attorneys fees incurred as a result of the improper removal pursuant to 28 U.S.C.S. § 1447(c).

**WHEREFORE** it is respectfully requested that the motion be granted in its entirety.

I declare under penalty of perjury that the foregoing is true and correct.
Executed at Bronx, New York, on February 11, 2008

_____
Kevin B. Faga (KF 5829)

**FAGA SAVINO, LLP.**
Attorneys for Plaintiff
1200 Waters Place, Suite 301
Bronx, New York 10461
(718) 931-6000


TO:   ABRAMS, FENSTERMAN, FENSTERMAN,
      EISMAN, GREENBERG, FORMATO & EINIGER, LLP.
      Attorneys for the Defendants
      1111 Marcus Avenue, Suite 107
      Lake Success, New York 11042
      Attn: Todd C. Rubenstein, Esq.
      (516) 328-2300

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   **Civil Action No.:**
HECTOR LOPEZ,

                            07-CV-10707
                            Date Filed: 11/30/07

                    Plaintiff,

      -against-


RICHARD WELLS and NEW ENGLAND MOTOR
FREIGHT, INC.

                    Defendant.
------------------------------------------------------------------X


**REPLY DECLARATION**