UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------

HECTOR LOPEZ,

    Plaintiff,

- against -

RICHARD WELLS and NEW ENGLAND
MOTOR FREIGHT, INC.,

    Defendants.

--------------------------------

**OPINION AND ORDER**

07 Civ. 10707 (PKL)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/7/08

**APPEARANCES**

FAGA SAVINO, LLP
Kevin B. Faga, Esq.
1200 Waters Place, Suite 301
New York, NY 10461

Attorneys for Plaintiff


ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
GREENGERG, FORMATO & EINIGTER, LLP
Todd C. Rubenstein, Esq.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

Attorneys for Defendants

**LEISURE, District Judge:**

Plaintiff Hector Lopez ("Lopez") filed this negligence action against defendants Richard Wells ("Wells") and New England Motor Freight, Inc. ("New England") in the Supreme Court for the State of New York, Bronx County. Defendants removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff now moves pursuant to 28 U.S.C. § 1447(c) to remand this action to state court on the grounds that removal was defective and untimely under 28 U.S.C. § 1446(b). For the reasons set forth below, plaintiff's motion to remand is DENIED.

## BACKGROUND

Plaintiff brought this action in the Supreme Court for the State of New York, Bronx County on December 29, 2006 against Wells, New England, Myron P. Shevell, John Karlberg, Nancy Blakeman ("Blakeman"), Craig Eisenberg, and Jon Shevell. (Pl.'s Memo. of Law at 4; Defs.' Opp. at 2.) Plaintiff's action arises out of a two-vehicle accident that occurred on September 22, 2006 in Orange County, New York. (Amended Complaint ¶¶ 12, 15-17.) Plaintiff claims that defendant Wells was negligently driving a vehicle owned and/or controlled by the other defendants. (Amended Complaint ¶¶ 6, 8, 13.) As a result of Wells's allegedly negligent driving, plaintiff contends that defendants' truck crashed into plaintiff's car without any

1

contributory negligence on the part of plaintiff. (Amended Complaint ¶¶ 16-17.) Defendants allege, however, that plaintiff was partially at fault. (Defs.' Opp. at 3 n.1.)

When this action was initiated, complete diversity did not exist because at least one defendant, Blakeman, was a resident of New York, which is also plaintiff's state of residence. (Pl.'s Memo. of Law at 3; Defs.' Opp. at 2.) On February 5, 2007,[1] plaintiff filed a Notice of Discontinuance with the New York Supreme Court dismissing the claims against all defendants except Wells and New England. (Pl.'s Memo. of Law at 4; Defs.' Opp. at 3.)

On November 5, 2007, a Consent Order was entered in the Bronx County Clerk's Office, to which plaintiff voluntarily agreed. (Defs.' Opp. at 3.) The Consent Order required plaintiff to file an amended complaint removing the discontinued defendants from the caption and allegations of the case. (Defs.' Opp. at 3.) Plaintiff filed the amended complaint on November 29, 2007. (Defs.' Opp. at 3.)

On December 7, 2007, defendants filed a Notice of Removal. On January 3, 2008, plaintiff filed the instant motion. Defendants filed their opposition papers on January 25, 2008, and plaintiff replied on February 15, 2008.

---

[1] Defendants assert that the Notice of Discontinuance was filed on February 13, 2007. Whether the Notice was filed on February 5th or 13th is inconsequential, however, because defendants did not file their Notice of Removal until approximately ten months later.

## DISCUSSION

In his motion, plaintiff asserts that following the discontinuance of Blakeman, complete diversity existed because Wells is a citizen of Connecticut and New England is a corporation created under the laws of New Jersey. (Amended Complaint ¶¶ 2-4.)  Plaintiff argues that defendants had thirty days under 28 U.S.C. § 1446(b) to file a Notice of Removal after the discontinuance and failed to meet this deadline.[2] (Pl.'s Memo. of Law at 4.)

Defendants argue that the thirty-day time period for filing a Notice of Removal did not start running until the final dismissal of the non-diverse defendants. (Defs.' Opp. at 4.) Defendants assert that although the Notice of Discontinuance was a voluntary dismissal by plaintiff, because it was not final, it did not eliminate the possibility of the dismissed defendants being sued in the future. (Defs.' Opp. at 4.)  Defendants claim that the thirty-day period began running after the November 5, 2007 filing of the Consent Order or the November 29, 2007 filing of the Amended Complaint, both of which dismissed the non-diverse parties with prejudice. (Defs.' Opp. at 11.)  Thus,

---

[2] Plaintiff also argues that the Notice of Removal was defective because defendants failed to show why the case was not removable upon the filing of the initial pleadings. (Pl.'s Memo. of Law at 1.)  Contrary to plaintiff's assertions, defendants demonstrated that complete diversity did not exist when the initial complaint was filed because plaintiff and Blakeman were both residents of New York. (Blakeman Aff. ¶ 5.)

3

defendants argue that their Notice of Removal was timely. (Defs.' Opp. at 5.)

I. Standard of Motion to Remand

When a party moves to remand an action to state court, the removing party bears the burden of proving that removal was appropriate. Gilman v. BHC Securities, Inc., 104 F.3d 1418, 1421 (2d Cir. 1997) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); see also Hill v. Delta Intern. Machinery Corp., 386 F. Supp. 2d 427, 429 (S.D.N.Y. 2005). "Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." In re NASDAQ Mkt. Makers Antitrust Litig., 929 F. Supp. 174, 178 (S.D.N.Y. 1996) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.")). Therefore, "removal statutes are to be 'strictly construed against removal and all doubts should be resolved in favor of remand.'" Berrios v. Our Lady of Mercy Med. Ctr., No. 99 Civ. 21, 1999 WL 92269, at *2 (S.D.N.Y. Feb. 19, 1999) (quoting Leslie v. Banctec Serv. Corp., 928 F. Supp. 341, 347 (S.D.N.Y. 1996)).

"If the removing party cannot demonstrate federal jurisdiction by 'competent proof,' the removal was in error and the district court must remand the case to the court in which it was filed." Hill, 386 F. Supp. 2d at 429 (citing Kings Choice Neckwear, Inc. v. DHL Airways, Inc., No. 02 Civ. 9580, 2003 WL 22283814, at *2 (S.D.N.Y. Oct. 2, 2003)). The court and the parties must look to "'the complaint as it existed at the time the petition for removal was filed.'" Id. (quoting Collins v. Dartmouth Plan, Inc., 646 F. Supp. 244, 245 (D.Conn. 1986)).

   A. Removal Standard

For a case to be removed from state to federal court, the federal court must have original jurisdiction when the Notice of Removal is filed. See 28 U.S.C. 1441(a). One way in which a federal court has original jurisdiction is when the parties involved in the lawsuit are citizens of different states. See 28 U.S.C. § 1332. Courts have held that complete diversity must be established, meaning each plaintiff is diverse in citizenship from each defendant. See Strawbridge v. Curtiss, 7 U.S. 267 (1806), overruled on other grounds, Louisville, Cincinnati & Charleston R.R. Co. v. Letson, 43 U.S. 497, 555 (1844); Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996); Sty-Lite Co. v. Eminent Sportswear Inc., 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000). If complete diversity exists at the inception of a lawsuit filed in state

5

court, the parties can remove the case to federal court. See 28 U.S.C. §§ 1441(a), 1446(b). A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b).

When a case is not removable based on the initial pleading, under § 1446(b):

> a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

Id. "This amendment merely provides a timetable for removal of cases that become removable subsequent to the intial pleading; it does nothing to define that class of cases." LGP Gem Ltd. v. Cohen, 636 F. Supp. 881, 883 (S.D.N.Y. 1986).

    B. The Voluntary-Involuntary Rule

To determine which cases are removable, the Second Circuit has adopted the voluntary-involuntary rule as it was interpreted in Weems v. Louis Dreyfus Corp., 380 F.2d 545, 546-48 (5th Cir. 1967). See Quinn v. Aetna Life & Cas. Co., 616 F.2d 38, 40 n.2 (2d Cir. 1980); LGP Gem Ltd., 636 F. Supp. at 883. Traditionally, under the voluntary-involuntary rule, if a plaintiff's dismissal of non-diverse parties was voluntary,

removal was permitted.[3] See Weems, 380 F.2d at 546. Expanding on this traditional rule, the court in Weems held that courts should focus on the finality of a dismissal of non-diverse defendants. See id.; LGP Gem Ltd., 636 F. Supp. at 883.

Courts in this Circuit also focus on the finality aspect of the voluntary-involuntary rule. LGP Gem Ltd., 636 F. Supp. at 883 (citing Quinn, 616 F.2d at 40 n.2); see also Atlanta Shipping Corp. v. Int'l Modular Hous., Inc., 547 F. Supp. 1356, 1360 n.8 (S.D.N.Y. 1982). In Quinn, the Court held that removal was appropriate despite the involuntary nature of the dismissal of non-diverse defendants. 616 F.2d at 40 n.2. The plaintiff opted not to challenge the involuntary dismissal of the non-diverse parties during the time period in which he was permitted to do so. Id. Thus, the dismissal was final and the removal decision could not be reversed.[4] Id.

---

[3] The voluntary-involuntary distinction "protect[s] against the possibility that a party might secure a reversal on appeal in state court of the non-diverse party's dismissal," which would lead to duplication and expense. Quinn, 616 F.2d at 40 n.2. "[T]hat danger does not arise where a plaintiff voluntarily drops a resident defendant since appeal then is not available, and the elimination of the resident defendant from the case is final." Weems, 380 F.2d at 546.

[4] Plaintiff cites to three cases in other circuits for the proposition that many forms of notice establish complete diversity for removal purposes. (Pl.'s Memo. of Law at 4 (citing Heniford v. American Motors Sales Corp., 471 F. Supp. 328, 333 (D.S.C. 1979); Ellis v. Logan Co., 543 F. Supp. 586, 589 (W.D. Ky. 1982); Brooks v. Soloman Co., 542 F. Supp. 1229, 1230 (N.D. Ala. 1982)).) This is not the Second Circuit's approach. In addition, contrary to plaintiff's assertion, the court in Heniford did focus on finality. See Heniford, 471 F. Supp. at 333 (holding that the plaintiff's closing arguments qualified as a dismissal because "the remarks of plaintiffs' counsel to the jury were not retractable.")

7

II. Plaintiff's Motion

Under New York law, it is well-established that a Notice of Discontinuance is without prejudice unless otherwise stated in the notice. See N.Y. C.P.L.R. § 3217(c) ("Unless otherwise stated in the notice, stipulation or order of discontinuance, the discontinuance is without prejudice. . . ."). The Notice in this case does not state that it was with prejudice. (Faga Decl., Ex. C.) As a Notice of Discontinuance without prejudice, the decision is not final because plaintiff could reinstate the claims against the non-diverse defendants and move for remand. See Weems, 380 F.2d at 546. Thus, this case did not become removable upon plaintiff's filing of the Notice of Discontinuance.

As discussed above, however, under § 1446(b), if an amended complaint creates federal jurisdiction, then the case becomes removable upon the filing of the amended complaint.[5] See Stack v. Strang, 191 F.2d 106, 108 (2d Cir. 1951) (noting that case became removable when amended complaint created federal jurisdiction); In re Consol. Welfare Fund "ERISA" Litig., No. 92 Civ. 1031, 1992 WL 111130, at *1 (S.D.N.Y. May 4, 1992) (stating that defendant's Notice of Removal should have been filed within

---

[5] The Court need not determine whether the Consent Order was final under the voluntary-involuntary rule because even if the Consent Order was deemed final under the rule, the Court's decision would be unchanged; defendants' Notice of Removal was timely.

8

thirty days of the Amended Complaint that created federal jurisdiction). In this case, after the Amended Complaint was filed on November 29, 2007, complete diversity existed and removal was possible. (Defs.' Opp. at 3.) Thereafter, defendants had thirty days to file their Notice of Removal. See 28 U.S.C. § 1446(b). The Notice of Removal was filed on November 30, 2007, which was within the thirty-day requirement; thus, removal was timely and appropriate.[6] (Defs.' Opp. at 5.)

---

[6] In light of the Court's decision, plaintiff's request for costs and expenses is hearby denied. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); Mortensen v. Wheel Horse Prods., Inc., 772 F. Supp. 85, 91 (N.D.N.Y. 1991) (denying payment of costs where motion to remand was denied).

## CONCLUSION

For the reasons set forth herein, plaintiff's motion to remand is hereby DENIED. Plaintiff's request for costs and expenses incurred as a result of the removal is DENIED. The parties are ORDERED to appear before the Court at 500 Pearl Street, Courtroom 18B, for a pre-trial status conference on July 30, 2008 at 11:30 a.m.

SO ORDERED.

New York, New York

July 7, 2008

*[signature]*
U.S.D.J.